UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Martin Smolowitz,<br>　　　　Plaintiff | ) ) ) ) | |
| v. | ) ) | C.A. No. 03-12613-RCL |
| IBIS Technology Corp., et al<br>　　　　Defendants | ) ) ) | |
| Fred Den,<br>　　　　Plaintiff | ) ) ) ) | |
| v. | ) ) | C.A. No. 04-10060-RCL |
| IBIS Technology Corp., et al<br>　　　　Defendants | ) ) ) | |
| Jeffrey Weinstein,<br>　　　　Plaintiff | ) ) ) ) | |
| v. | ) ) | C.A. No. 04-10088-RCL |
| IBIS Technology Corp., et al<br>　　　　Defendants | ) ) ) | |
| George Harrison,<br>　　　　Plaintiff | ) ) ) ) | |
| v. | ) ) | C.A. No. 04-10286-RCL |
| IBIS Technology Corp., et al<br>　　　　Defendants | ) ) ) | |

```
_____
                                            )
Eleanor Pitzer,                             )
                    Plaintiff               )
                                            )
v.                                          )          C.A. No. 04-10446-RCL
                                            )
IBIS Technology Corp., et al                )
                    Defendants              )
_____)
```

ORDER ON CONSOLIDATION, APPOINTMENT OF
LEAD PLAINTIFF AND LEAD COUNSEL AND RELATED MATTERS

In each of the cases captioned above, the plaintiffs, Martin Smolowitz, George Harrison, and Mark G. Forgue have filed an amended motion for consolidation of the cases; the appointment of themselves as co-lead plaintiffs and the appointment of the Law Offices of Bernard M. Gross, P.C. ("Gross Offices") and the law firm of Wolf Haldenstein Adler Freedman and Herz, LLP ("Wolf Haldenstein") and as co-lead counsel in this matter.  The motions also seek the court's approval of the Boston law firm of Shapiro, Haber & Urmy, LLP (the "Shapiro Firm") as liaison and local counsel.  Having considered these motions and the defendants' limited opposition to them, the court makes the following orders.

1.      The above-captioned cases are hereby consolidated for all purposes.  The consolidated cases shall be captioned "*In Re Ibis Technology Securities Litigation*" and bear the docket no. 04-10446 (the "Consolidation Action").  All of the above-captioned individual cases, expect the case bearing docket no. 04-10446, shall be closed and terminated on the court's docket.  All papers that otherwise would have been filed in the individual cases shall be filed in the Consolidated Action.  All securities actions filed in this court as related to the Consolidated

Action and asserting the same or similar claims with respect to the same or a similar period as asserted in the Consolidated Action shall be consolidated with the Consolidated Action.

2.  The Court's order dated April 29, 2004 in *Louis F. Matheson, Jr. v. Martin J. Reid, et al,* Docket No. 04-10341, granting an unopposed motion of the plaintiff in that case to administratively consolidate that case with the individual cases constituting the Consolidated Action is hereby vacated.

3.  Pursuant to 15 U.S.C. §78u-4(a)(3)(B), the court appoints Martin Smolowitz, George Harrison and Mark G. Forgue as interim co-lead plaintiffs, pending a determination of whether the Consolidated Action may proceed as a class action.

4.  Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v) and Fed. R. Civ. P. 23(g)(2)(A) the court appoints the Gross Offices as lead counsel, pending a determination of whether the Consolidated Action may proceed as a class action. The lead plaintiffs proposed that both the Gross Offices and Wolf Haldenstein be appointed co-lead counsel. The court, however, will appoint only one law firm as lead counsel. It appears from the court's records that no attorney, from either the Gross Offices or Wolf Haldenstein, whose name appears on papers filed in the individual cases constituting the Consolidated Action, is an active member of the bar of the District of Massachusetts. Robert Frutkin from the Gross Offices, however, has received permission of the court to appear pro hac vice in one of the individual cases. For that reason the court has determined the Gross Offices to be the one law firm from among the plaintiffs' choices of counsel that should act as lead counsel.

The court approves the selection of the Boston law firm of the Shapiro Firm as local counsel for the lead plaintiffs.

3

5. Lead counsel shall be responsible for the following matters on behalf of the plaintiffs: (a) the coordination of the preparation, filing and service of all pleadings; (b) the coordination of the briefing and arguing of any motions; (c) the coordination of discovery proceedings, including the examination of witnesses in depositions; (d) the selection of counsel to act as spokespersons at all pretrial conferences; (e) the coordination of all settlement negotiations with counsel for the defendants; (f) the coordination of the preparation for trial and the trial of this matter; and (g) the supervision of all other matters concerning the prosecution or resolution of the Consolidated Action. Lead counsel may delegate to other plaintiffs' counsel such parts of the foregoing responsibilities as lead counsel may deem appropriate.

No paper may be filed with the court or served on any defendant by a plaintiff without approval of lead counsel. No settlement negotiations shall be conducted by any plaintiff without the approval of lead counsel.

6. All counsel for plaintiffs in the Consolidated Action must submit to lead counsel detailed time reports reflecting hours of work expended by each attorney, his/her billing rate and the subject matter of the work. Time reports must be submitted on a quarterly basis, with the first report due not later than one month following entry of this order. Such reports must be made for each subsequent quarter thereafter on a schedule to be determined by lead counsel. The failure of counsel for any plaintiff to submit such reports in timely manner may result in the disallowance of such unreported time from reimbursement from any common fund which may be created in the Consolidated Action.

7. All papers filed with the court must be filed electronically in accordance with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

District of Massachusetts ("Local Rules") and the rules and procedures outlined in the Electronic Case Filing and Administrative Procedures pamphlet and the Electronic Case Filing ("ECF") User's Manual. In the case of the filing of any electronic document constituting, supporting or opposing a dispositive motion or a discovery motion, the filing party must also deliver to the office of the clerk of this court, by mail or otherwise, a paper, courtesy copy, of such document.[*] The courtesy copy of each such document must be stamped or otherwise prominently marked as follows: "Courtesy Copy - **Do Not Scan,**" and must be delivered to the office of the clerk within three business days of the electronic filing.

8. All counsel in the Consolidated Action, who have not previously done so, forthwith must register with the court to receive and file documents in electronic form in accordance with the court's ECF system. Counsel who are not members of the bar of the District of Massachusetts, but who have been permitted to participate in this case pro hac vice need not register as described in the preceding sentence, but such counsel must engage as local counsel an attorney who is registered with the court's ECF system.

Service of papers on all plaintiffs may be made by serving local counsel for the plaintiff (and thus lead counsel) electronically, in accordance with the Federal Rules of Civil Procedure, the Local Rules and the court's ECF system as outlined in the Electronic Case Filing and Administrative Procedures pamphlet and the Electronic Case Filing User's Manual.

---

[*] For purposes of this order the term "dispositive motion" includes a motion to dismiss, a motion for summary judgment, a motion for preliminary relief (including a motion for attachment for real or personal property) and a motion for the entry of judgment. The term "discovery motion" includes any motion in which the moving party seeks an order requiring that a person or entity provide information in any form to the moving party.

5

9.	Co-lead plaintiffs must file a consolidated amended complaint in this Consolidated Action not later than thirty days from the date of this order.  A response by the defendants to such complaint must be filed not later than thirty days from the filing of the consolidated, amended complaint.

10.	This order supersedes any order that is in conflict with it and entered in any of the individual cases constituting the Consolidated Action.

SO ORDERED.


                             /s/ REGINALD C. LINDSAY

                             United States District Judge

DATED:  June 4, 2004