UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE IBIS TECHNOLOGY SECURITIES LITIGATION | ) ) ) ) ) Civ. No. 04-10446 RCL |

**DEFENDANTS' UNOPPOSED MOTION
FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY**

In further support of their Motion to Dismiss, Defendants Ibis Technology Corp. and Martin J. Reid (collectively, "Defendants") respectfully submit the recently issued decision in California Public Employees' Retirement Sys. v. Chubb Corp., --- F.3d ---, No. 03-3755, 2004 WL 3015578 (3d Cir. Dec. 30, 2004). In this decision, the Court of Appeals affirmed dismissal of a complaint with prejudice, and this decision supports the points made by Defendants in their Opening Brief ("Def. Br.") and Reply Brief ("Reply Br.") filed in support of their motion to dismiss. In particular, Defendants respectfully direct the Court's attention to the following points of law, which the Third Circuit confirmed in Chubb:

- Dismissal is warranted where allegations fail to "provid[e] sufficient documentary evidence and/or a sufficient description of the personal sources of the plaintiff's beliefs." Id. at *12 (noting Third Circuit was adopting the same standard adopted by the First Circuit Court of Appeals in In re Cabletron Systems, Inc., 311 F.3d 11, 29-31 (1st Cir. 2002)). See Def. Br. at 4, 15; Reply Br. at 5 (discussing Cabletron standard).

- Where plaintiffs provide insufficient documentary evidence of an alleged fraud, "[p]laintiffs' reliance on confidential sources to supply the requisite particularity for their fraud claims thus assumes a heightened importance." Chubb, at *13. An analysis of these sources "necessarily entails an examination of the detail provided by the confidential sources, the sources' basis of knowledge, the reliability of the sources, the corroborative nature of other facts alleged, including from other sources, the coherence and plausibility of the allegations, and similar indicia." Id. See Def. Br. at 17-18 (discussing Plaintiffs' reliance on unnamed sources).

- Where plaintiffs fail to identify when the sources were employed by the defendant company, when they obtained the information they allegedly possessed, and how they

had access to that information, the court is impermissibly left "to speculate whether the anonymous sources obtained the information . . . by firsthand knowledge or rumor." Id. at *14. See Def. Br. at 17-18; Reply Br. at 5 (discussing Plaintiffs' reliance on unnamed sources).

- The particularity requirement cannot be satisfied by what the Chubb plaintiffs described as an "accumulated amount of detail" spread among various source allegations:

  > The sheer volume of confidential sources cited cannot compensate for these inadequacies. Citing to a large number of varied sources may in some instances help provide particularity, as when the accounts supplied by the sources corroborate and reinforce one another. . . . Cobbling together a litany of inadequate allegations[, however, ] does not render those allegations particularized in accordance with Rule 9(b) or the PSLRA.

  Chubb, at *20 (emphasis added). See Def. Br. at 17-18; Reply Br. at 5 (discussing Plaintiffs' reliance on unnamed sources).

- The Chubb plaintiffs' reliance on Cabletron was "misplaced" because they "have not pled nearly the level of detail as the plaintiffs in In re Cabletron." Chubb, at *15 n.14 (noting the Cabletron sources "provided specific descriptions of the means through which the alleged fraud occurred," "their consistent accounts reinforced one another," in Cabletron "it was clear from the complaint that the employees were familiar with the activities discussed, that the sources provided an abundant level of detail, and, significantly, that the sources have a strong basis of knowledge for the claims they make). See Def. Br. at 4, 15; Reply Br. at 5 (discussing Cabletron standard).

- Plaintiffs are not entitled to unreasonable inferences on a Rule 12(b)(6) motion. Chubb, at **9, 20. They are not permitted to "take Defendants' statements out of context and draw unreasonable inferences," nor may they excerpt portions of defendant's sentences and "conveniently ignore the remainder of [the] statement." Id. at **20, 22. See Def. Br. at 19 (discussing lack of scienter and Plaintiffs' reliance on unnamed sources).

- No reasonable inference may be drawn where the document that ostensibly supports an allegation actually contradicts it. Chubb, at **21-23. See Def. Br. at 19.

The parties' counsel have conferred and Plaintiffs do not oppose the filing of this motion.

Dated: January 25, 2005

                IBIS TECHNOLOGY CORP. AND
                MARTIN J. REID
                By their attorneys,

                Brian E. Pastuszenski (BBO #391030)
                Goodwin Procter LLP
                Exchange Place
                53 State Street
                Boston, MA 02109
                Tel: (617) 570-1000
                Fax: (617) 523-1231

                /s/ Laura M. Stock
                Christine S. Chung (BBO #631724)
                Laura M. Stock (BBO # 652276)
                Testa, Hurwitz & Thibeault, LLP
                (a limited liability partnership in dissolution)
                125 High Street
                Boston, MA 02110
                Tel: (617) 248-7000
                Fax: (617) 248-7100

## LOCAL RULE 7.1(A)(2) CERTIFICATION

    I herby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the areas of dispute regarding the issues raised in this motion and that the plaintiffs do not oppose this motion.

                /s/ Laura M. Stock
                Laura M. Stock

**CERTIFICATE OF SERVICE**

      I hereby certify that, on January 25, 2005, I caused a true copy of the above document to be served electronically on counsel of record registered with the Electronic Case Filing System ("ECF"), and to be served upon counsel of record not registered with ECF by First Class United States mail at the address below.

      /s/ Laura M. Stock
      Laura M. Stock

Kenneth Elan, Esq.
Law Offices of Kenneth Elan
217 Broadway, Suite 606
New York, NY 10007
(212) 619-0261

3169337_1

4