UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE IBIS TECHNOLOGY SECURITIES LITIGATION | ) ) ) Civ. No. 04-10446 RCL ) ) |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT
RECENT AUTHORITY; AUTHORITY CITED AT
MOTION TO DISMISS HEARING; AND CORRECTED REPLY MEMORANDUM**

In further support of their Motion to Dismiss, defendants Ibis Technology, Corp. and Martin J. Reid (collectively "Defendants") respectfully move for leave to submit the following documents:

(a) The recently issued decision in In re Vertex Pharms., Inc. Sec. Litig., Civ. A. No. 03-11852-PBS (D. Mass. Feb. 18, 2005) (a copy of Vertex is attached as Exhibit A hereto);

(b) A copy of SEC Regulation S-X, 17 C.F.R. § 210.10-01(d) (2004), governing review by independent public accountants of interim financial statements included in quarterly reports on Form 10-Q, to which Defendants' counsel cited during the motion to dismiss hearing (attached as Exhibit B hereto); and

(c) A corrected page 5 of the Reply Memorandum in Support of Defendants' Motion to Dismiss Consolidated Amended Complaint, revised to correct a typographical error (attached as Exhibit C hereto).

1. Vertex:

Defendants respectfully direct the Court's attention to the following portions of the Vertex decision, in which Judge Saris *dismissed with prejudice* plaintiffs' securities fraud claims against a biopharmaceutical company and its officers:

- Where plaintiffs' allegations are based on confidential sources, information regarding such sources must be pled with factual particularity in accordance with the standards set forth in the First Circuit's In re Cabletron decision. See Vertex at 22-24. Plaintiffs "do not satisfy this standard" where their sources "do[] not rely on personal observations," or did not work at the company "during the entire duration of the Class Period," or worked there "only during the latter half of the Class Period." Id. at 24. Likewise, a confidential source's repeating of "mere rumors

cannot reasonably satisfy the requirement that the facts alleged provide an adequate basis for believing that the defendants' statements were false." Id. at 25. See Def. Br. at 4, 15 n.10, 17-18; Reply Br. at 5, n.5 (discussing Cabletron standard and confidential sources).

- Where "specific dates are mostly lacking" in a confidential source's allegations and the "language used is very vague," such allegations cannot support a strong inference of scienter. Vertex at 26. See Def. Br. at 15 n.10, 17-18; Reply Br. at 5, n.5 (discussing confidential source allegations).

- Allegation that defendants were motivated by desire to "allow [a] merger to be completed" is not by itself sufficient to establish a strong inference of scienter. Vertex at 19, 28-29. See Def. Br. at 18-19; Reply Br. at. 8-10 (discussing motive allegations regarding Ibis' secondary offering).

2. SEC Reg. S-X:

During the oral argument on Defendants' Motion to Dismiss, Plaintiffs referenced their argument (found in footnote 8 of their Opposition) that Defendants allegedly "did not want to take the write-down [of certain assets relating to the Company's production line for 200 mm and smaller-sized wafers] before they completed the public stock offering in October 2003 but knew that their public auditors who were coming in at year end 2003 would require the write-down of the assets which were not in use by Ibis." Defendants noted during the hearing, however, that Ibis' public auditors review the Company's books every quarter, as required by SEC Reg. S-X (17 C.F.R., § 210.10-01(d) (2004)).

3. Corrected Page 5:

Finally, Defendants respectfully submit a corrected page 5 of their reply memorandum, which was filed with the Court on October 25, 2004. Footnote 5 on page 5 of the reply memorandum should have cited to Paragraph 63(b) of the Consolidated Amended Complaint, not Paragraph 36(b).

Dated: March 1, 2005

           IBIS TECHNOLOGY CORP. AND
           MARTIN J. REID
           By their attorneys,

           /s/ Brian E. Pastuszenski
           Brian E. Pastuszenski (BBO #391030)
           Christine S. Chung (BBO # 631724)
           Laura M. Stock (BBO # 652276)
           Goodwin Procter LLP
           Exchange Place
           53 State Street
           Boston, MA 02109
           Tel: (617) 570-1000
           Fax: (617) 523-1231

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I herby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the areas of dispute regarding the issues raised in this motion and that the plaintiffs do not oppose the filing of this motion.

           /s/ Laura M. Stock
           Laura M. Stock

## CERTIFICATE OF SERVICE

I hereby certify that, on March 1, 2005, I caused a true copy of the above document to be served electronically on counsel of record registered with the Electronic Case Filing System ("ECF"), and to be served upon counsel of record not registered with ECF by First Class United States mail at the address below.

           /s/ Laura M. Stock
           Laura M. Stock

Kenneth Elan, Esq.
Law Offices of Kenneth Elan
217 Broadway, Suite 606
New York, NY 10007
(212) 619-0261
LIBA/1469608.1