UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE IBIS TECHNOLOGY SECURITIES LITIGATION | ) <br> ) Civ. No. 04-10446 RCL <br> ) <br> ) |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT RECENT AUTHORITY**

In further support of their motion to dismiss the Consolidated Amended Complaint, defendants Ibis Technology Corp. and Martin J. Reid (collectively "Defendants") respectfully move for leave to submit the recently issued decision in In re Cytyc Corp. Sec. Litig., Civ. A. No. 02-12399-NMC (D. Mass. March 1, 2005), in which Magistrate Judge Bowler dismissed in its entirety a securities fraud complaint against a bio-technology company and its officers. A copy of the Cytyc decision is attached hereto as Ex. A.

Defendants respectfully direct the Court's attention to the following portions of the Cytyc decision (the sections of Defendants' briefs to which these portions relate are also noted):

- Where plaintiffs challenged as fraudulent revenue projections made by the defendant's chief executive officer, the Court held the projection was not actionable because "the complaint fails to plead specific facts to support the information and belief that [the CEO] knew that the projection was false [or materially misleading] when made," or that the CEO acted in "bad faith" or with "intentional deception." Id. at 58-59. See Def. Br. at 10; Reply Br. at 1-3.

- Allegations that the company was motivated to inflate its stock price in order to "use the inflated price" to effectuate mergers did not support a strong inference of scienter because such allegations are by their nature overly general. Cytyc, at 70-71. See Def. Br. at 18-19; Reply Br. at 8-10.

- Allegations by confidential sources, even if they are large in number, do not satisfy the Private Securities Litigation Reform Act where they "are too general and lack repeated corroboration." Cytyc, at 47 (emphasis added). See Def. Br. at 15 n.10, 17-18; Reply Br. at 5 n.5.

1

Dated: March 18, 2005

           IBIS TECHNOLOGY CORP. AND
           MARTIN J. REID
           By their attorneys,

           /s/ Brian E. Pastuszenski
           Brian E. Pastuszenski (BBO #391030)
           Christine S. Chung (BBO # 631724)
           Laura M. Stock (BBO # 652276)
           Goodwin Procter LLP
           Exchange Place
           53 State Street
           Boston, MA 02109
           Tel: (617) 570-1000
           Fax: (617) 523-1231

## LOCAL RULE 7.1(A)(2) CERTIFICATION

    I herby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the areas of dispute regarding the issues raised in this motion. Plaintiffs' counsel does not object to the filing of the supplemental authority; however, Plaintiffs' counsel opposes the bullet points in the motion directing the Court to the relevant portions of the 73-page decision.

           /s/ Laura M. Stock
           Laura M. Stock