UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE IBIS TECHNOLOGY SECURITIES LITIGATION | ) ) ) ) ) Civ. No. 04-10446 RCL |

### DEFENDANTS' MOTION FOR LEAVE TO SUBMIT NEW CONTROLLING FIRST CIRCUIT AUTHORITY

In further support of their motion to dismiss the Consolidated Amended Complaint, defendants Ibis Technology Corp. and Martin J. Reid respectfully move for leave to submit the recent decision of the First Circuit Court of Appeals in In re Credit Suisse First Boston Corp, 431 F.3d 36 (1st Cir. Dec. 12, 2005), a securities class action case alleging violations of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. In Credit Suisse, the First Circuit for the first time set out a framework for analyzing statements of opinion, holding that – as a threshold matter – a court must first determine whether plaintiffs have "ple[d] facts sufficient to indicate that the *speaker did not actually hold the opinion expressed*." Id. at 47 (emphasis added). The First Circuit further held that this inquiry "must be determined through a statement-by-statement analysis based on the state of affairs *extant at the time the opinion was rendered*." Id. at 49 (emphasis added). As in Credit Suisse, Plaintiffs here challenge subjective statements of opinion – i.e., Ibis's statement that it "continue[d] to *anticipate* booking orders for one-to-three implanters during this fiscal year" and its statement that "[m]anagement *believes* that we do not have an impairment issue [with respect to Ibis's 200MM wafer assets] at this time." See Amended Complaint ("AC") ¶¶ 44(b), 53 (emphasis added). Because Plaintiffs have failed to plead any facts existing at the time these statements of opinion were made that compel the

1

inference that Defendants did not actually hold those opinions, Credit Suisse requires dismissal of these claims.

The plaintiffs in Credit Suisse filed a class action complaint against Credit Suisse First Boston ("CSFB"), a leading investment bank, challenging statements of opinion that CSFB had made about the likely future performance of Agilent, a publicly traded company. Specifically, in its securities analyst coverage on that company, CSFB issued "buy" recommendations. Plantiffs alleged that CFSB did not believe that Agilent merited any such recommendations, but made them nonetheless with the motive of obtaining lucrative investment banking business from Agilent. Credit Suisse, 431 F.3d at 41-42. CFSB moved to dismiss the case for failing to allege fraud with the particularity required by the Private Securities Litigation Reform Act ("PSLRA") and First Circuit law. Id. The District Court granted that motion, and the First Circuit affirmed the dismissal. Id.

In its decision, the First Circuit held that in order to prevail on a securities fraud claim challenging statements of opinion (i.e., statements involving subjective judgments based on one or more objective facts), a plaintiff must – at a minimum – plead and prove "subjective falsity" – i.e., that at the time the speaker made the challenged statement, he or she subjectively believed the statement to be false. Id. at 47. Moreover, the First Circuit also held that if the plaintiff fails to "plea[d] facts sufficient to indicate that the *speaker did not actually hold the opinion expressed*" at the time the challenged statement was made, the complaint *must be dismissed*. Id. at 47 (emphasis added). According to the Appeals Court, "[i]f a complaint does not successfully plead subjective falsity, it fails to pass muster under the PSLRA. . . . That, in turn, negates any need for a separate scienter inquiry." Id. at 48 n.4.

2

<u>Credit Suisse</u> is dispositive here.  Here, as in <u>Credit Suisse</u>, Plaintiffs claim that Defendants violated the securities laws by expressing subjective opinions based on objective facts– <u>i.e.</u> by opining about "anticipate[d]" implanter orders and that managements "belie[f]" that no impairment issue existed at the time.[1]  AC ¶¶ 44(b); 53 (emphasis added).  As in <u>Credit Suisse</u>, these statements are not actionable as a matter of law because Plaintiffs have failed to plead with particularity any facts existing at the time the statements were made which would raise a "strong inference" that either Ibis or Mr. Reid did not hold the opinions expressed.  431 F.3d at 49.  Indeed, the Complaint does not reference a single document, meeting or any other well-pleaded contemporaneous fact suggesting – let alone "strongly suggesting" – that Ibis or Mr. Reid subjectively believed that the opinions at issue were false.[2]  <u>Id.</u>  As <u>Credit Suisse</u> makes clear, absent such facts, the Complaint must be dismissed.[3]

Defendants respectfully direct the Court's attention to the following portions of the decision (the sections of Defendants' briefs to which these portions relate are also noted):[4]

- Where plaintiffs challenge as fraudulent statements of opinion, plaintiffs must "plead[] facts sufficient to indicate that the speaker did not actually hold the opinion expressed."  <u>Credit Suisse</u>, 431 F.3d at 47.  The First Circuit made clear that failure to do so is fatal to a claim under the PSLRA's heightened pleading requirements.

---

[1] Indeed, Ibis' impairment analysis under FAS 144 involved just the sort of estimations, predictions and opinions about future business prospects involved in the analyst reports at issue in <u>Credit Suisse.</u>  <u>See</u> Def. Obj. at 10-11.

[2] This is not surprising when one considers the fact that (i) Ibis received an implanter order in February 2005, only five weeks later than initially was forecast; (ii) numerous facts alleged in the Complaint and in documents properly before the Court also make it clear that Ibis' impairment analysis with respect to its 200 mm wafer production assets was well-founded.  <u>See</u> Def. Resp. at 1; Def. Obj. at 2.

[3] Not having the benefit of the <u>Credit Suisse</u> opinion, the Magistrate Judge erred in not requiring the Plaintiffs to meet the threshold requirement of pleading subjective falsity.

[4] Defendants refer the court to the Memorandum of Law in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint appear as ("Def. Br."), to the Reply Memorandum in Support of Defendants' Motion to Dismiss the Consolidated Amended Complaint ("Rep. Br."); Defendants' Partial Objection to the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss ("Def. Obj."); and Defendants' Response to Plaintiffs' Partial Objection to the Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss ("Def. Resp.").

Id. at 48 n.4. See Def. Br. at 11-12, 16; Reply Br. at 4-5, Def. Obj. at 25-26; Def. Resp. at 5-8.

- Conclusory allegations that a defendant believed a statement was false when made will not prevent dismissal of a securities fraud complaint. In this regard, the First Circuit reaffirmed its prior holding in Serbian v. Amoskeag Bank Shares, Inc., 24 F.3d 357, 361 (1st Cir. 1994), that "general averments of the defendants' knowledge of material falsity will not suffice, [rather] the complaint must set forth specific facts that make it reasonable to believe that defendant[s] knew that a statement was false or misleading." Credit Suisse, 431 F.3d at 49. The Court of Appeals went on to hold that the "plaintiff must instead point to provable facts that ***strongly*** suggest knowing falsity." Id. (emphasis added). See Def. Br. at 11-12, 16; Reply Br. at 4-5, Def. Obj. at 25-26. Def. Resp. at 5-8.

- Whether plaintiffs have adequately pled that a statement of opinion is false "must be determined through a statement-by-statement analysis based on the state of affairs extant at the time the opinion was rendered." Credit Suisse, 431 F.3d at 49. In so holding, the Court cited with approval one of the very cases to which Ibis had referred the Magistrate Judge and which Ibis believe also compel dismissal. See id. (citing In re Boston Tech., Inc. Sec. Litig., 8 F. Supp. 2d 43, 55 (D. Mass. 1998)). The First Circuit further held that "[th]e fact that a speaker changes his or her mind and decides after the fact that an earlier opinion was ill-advised is insufficient to support an averment of subjective falsity. . . . Rather, the plaintiff must, for each allegedly false opinion, plead provable facts strongly suggesting that the speaker did not believe that particular opinion to be true when uttered." Id.. No such "provable facts," however, are alleged in the Ibis complaint – indeed, there is no allegation that Ibis ever concluded that its "earlier opinion" about impairment was "ill-advised." Rather, the only inference permitted by the complaint is that Ibis reached a different opinion as to impairment when it conducted an impairment analysis in December 2003 in contrast to the opinion it had reached when that analysis was conducted earlier. See Def. Br. at 15-16; Def. Obj. at 25-26; Def. Resp. at 4-8.

- The Court further held that "[s]cienter allegations do not pass the 'strong inference' test when, viewed in light of the complaint as a whole, there are legitimate explanations for the behavior that are equally convincing." Credit Suisse, 431 F.3d at 49. Here, as in Credit Suisse, the facts alleged in the complaint and in the documents referred to in the complaint (which this court can consider on Ibis' motion to dismiss) give rise to such "equally convincing" inferences, including the facts that Ibis had customers interested in buying 200MM wafers from it during the class period, Ibis was in negotiations with one or more third parties interested in purchasing its 200MM wafer production assets, third parties were expanding their capacity to manufacture 200MM and smaller wafers (supporting the inference that demand for such wafers continued and was not dying out), and the demand for Ibis' wafers historically had been very volatile quarter to quarter (making it reasonable

4

for Ibis earlier to have concluded that it had no impairment issue). See Def. Br. at 15-16; Def. Obj. at 18-21.

- Finally, the Court acknowledges that "on a Rule 12(b)(6) motion, a court must view the stated facts in the light most favorable to the pleader. . . . This approach, however, does not require the court, in a PSLRA case, to turn a blind eye to the universe of possible conclusions stemming from a given fact or set of facts." Credit Suisse, 431 F.3d at 51. See Def. Br. at 15-16; Def. Obj. at 9, 18-23.

Dated: January 6, 2006

IBIS TECHNOLOGY CORP. AND
MARTIN J. REID
By their attorneys,

/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (BBO #391030)
Christine S. Chung (BBO # 631724)
William J. Trach (BBO #661401)
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel:  (617) 570-1000
Fax:  (617) 523-1231

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I herby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the areas of dispute regarding the issues raised in this motion.  Plaintiffs' counsel does not object to the filing of the supplemental authority.

/s/ William J. Trach
William J. Trach

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 6, 2006.

/s/ William J. Trach
William J. Trach

5

LIBA/1664238.1