UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE IBIS TECHNOLOGY        )        Case No. 04 cv 10446 RCL
SECURITIES LITIGATION        )
                             )        CLASS ACTION

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION AND PLAINTIFFS'
CROSS MOTION FOR LEAVE TO SUBMIT NEW AUTHORITY**

The authority defendants seek leave to submit, *In re Credit Suisse First Boston Corp.*, 431 F. 3d 361 (1st Cir. 2005) ("*Credit Suisse*"), is factually inapposite to this case and, therefore, has no bearing on the Report and Recommendation of the Magistrate Judge. In *Credit Suisse*, the statements at issue:

1. were made by a securities analyst who was not affiliated with the company upon which he was opining; and

2. were statements of **subjective** opinion by the securities analyst about the company he was analyzing.

In this case the statements at issue:

1. were made by the company at issue and its senior executive officer; and

2. were statements of **current fact** contained in financial statements publicly disseminated by the company and its senior executive officer.

As the Court itself drew the stark distinction, "ratings are unlike the statements sued upon in an archetypical section 10(b) action because they rest upon outsiders' views about a corporation rather than upon a corporate insiders' factual assertions regarding his or her own company." *Credit Suisse,* 431 F.3d at 47.

Accordingly, the First Circuit's analysis concerning whether **"the speaker did not**

**actually hold the opinion expressed"** (emphasis added) has no relevance to the statements of objective fact – not opinion – made here by Ibis and its Chief Executive Officer that, plaintiffs allege, misrepresented the reported financial condition of the company by overstating the assets recorded on the balance sheet and the status of demand and orders in the pipeline for its flagship product.

A recent case that is far more apposite, and that plaintiffs hereby cross move to submit for the Court's consideration, is Judge Ponsor's opinion in *Brumbaugh v. Wave Systems Corporation*, 2006 U.S. Dist. LEXIS 725 (D. Mass. January 11, 2006) ("*Brumbaugh*"). *Brumbaugh,* attached hereto as Exhibit A, supports plaintiffs' partial objection and undermines defendants' partial objections to the Report and Recommendation of the Magistrate Judge. Like this case, *Brumbaugh* concerned a company's misrepresentations about the terms and impact on future revenues of an agreement with a third party. The *Brumbaugh* case reaffirms the limits of the PSLRA's safe harbor where, as here, the disclaimer language is boilerplate and is not particularized to the risks plaintiffs claim were not disclosed and where plaintiffs claim defendants' actual knowledge of the omitted facts. *Id.*, at *19-24. This case also demonstrates how extreme cash flow pressures, such as were present here, present a strong motive for scienter pleading purposes. *Id.*, at *27-28.

Dated: January 13, 2006                                             Respectfully Submitted,

                                                         **/s/Theodore M. Hess-Mahan**
Thomas G. Shapiro BBO#454680
Theodore M. Hess-Mahan BBO #557109
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939

*Local Counsel for Lead Plaintiffs*

LAW OFFICES OF BERNARD M. GROSS, P.C.
Deborah R. Gross, BBO#546151
Robert P. Frutkin
450 John Wanamaker Building
Juniper and Market Streets
Philadelphia, PA 19107
(215) 561-3600
*Lead Counsel for Plaintiffs*

Wolf Haldenstein Adler Freeman & Herz LLP
Peter C. Harrar
Aya Bouchedid
270 Madison Avenue
New York, NY 10016
(212) 545-4600

*Additional Plaintiffs' Counsel*

426060