UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE IBIS TECHNOLOGY SECURITIES LITIGATION | ) )  Civ. No. 04-10446 RCL ) ) |

**DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S SUBMISSION OF RECENT AUTHORITY**

In further support of their motion to dismiss the Consolidated Amended Complaint, defendants Ibis Technology Corp. and Martin J. Reid ("Defendants") respectfully move for leave to respond to Plaintiffs' submission of Brumbaugh v. Wave Systems Corp., ___ F. Supp. 2d ___, 2006 WL 52571 (D. Mass. January 11, 2006) as supplemental authority. Because Plaintiffs misstate the facts and the holding of Brumbaugh, and because the case is inapposite in any event, Brumbaugh cannot save the Consolidated Amended Complaint ("the Complaint").

Plaintiffs argue that Brumbaugh "reaffirms the limits of the PSLRA's safe harbor where, as here, the disclaimer language is boilerplate and is not particularized to the risks plaintiffs claim were not disclosed and where plaintiffs claim defendants' actual knowledge of the omitted facts." Brumbaugh stands for no such thing. In Brumbaugh, the defendant company (Wave Systems Corp.) allegedly announced that it had entered into agreements with Intel Corp. and IBM Corp. Id. at *2. The Company's senior executives then made predictions of future revenue growth based on these agreements and/or other deals that the company said it anticipated would close. Id. After a 400% increase in the company's stock price and sales of approximately $1 million in stock by Wave's CEO and CFO, Wave acknowledged that its agreement with Intel was non-exclusive with no minimum licensing requirements, and that it did not have a licensing agreement with IBM. Id. The plaintiffs alleged that the statements were actionable fraud; the

1

defendants argued that the statements were immune from liability under the PSLRA Safe Harbor, among other reasons.

The Court rejected the defendants' arguments, holding that because the challenged statements respecting Intel and IBM were "matter[s] of fact" and not forward-looking, the PSLRA Safe Harbor did not apply.  Id. at *6, 12 (internal citations and quotations omitted).  The Court also noted in dicta that even if the statements were forward looking, Wave's generalized warnings – i.e., that "general economic and business conditions," "the rapid pace of change in the technology industry," and its ability to "fund operations" and to "forge partnerships required for deployment" might impact future results – were "not sufficiently detailed" to bring the defendants' specific representations regarding Wave's alleged agreements with Intel and IBM "within the protections of the bespeaks caution doctrine."  Id. at *6 (citations omitted).

Here, the facts alleged in the Complaint could not be more different.  In contrast to Wave's statements regarding Intel and IBM, Ibis's forecast of potential future sales of implanters ("the Implanter Sales Projection") undeniably was forward looking.  Magistrate's Report at 24-26.  Moreover, Ibis's fulsome warnings respecting the Implanter Sales Projection were more than sufficient to invoke the protections of the PSLRA Safe Harbor.  Id. at 24-26.  Unlike Wave, Ibis specifically warned investors that its Implanter Sales Projection was a forecast and not a guarantee.  Id.  Ibis also specifically reminded investors that because of the Company's "limited history with regard to sales of implanters" and "product demand and acceptance risks," Ibis might not sell any implanters, including by the forecasted date.  Id. at 25, 29.  Notably, Ibis received an order for one implanter, with an option on a second tool, only five weeks later than initially was forecast.  This stands in sharp contrast to Brumbaugh, where the defendant company never was able to commercialize its technology.  Brumbaugh, 2006 WL 52571 at *2.  For all of

these reasons, as the Magistrate Judge correctly held, Ibis' implanter sales forecast is immune from liability under the first prong of the PSLRA Safe Harbor. Because the Complaint does not allege any particularized facts showing that Ibis or Mr. Reid knew the implanter sales projection was false when made, the Implanter Sales Projection also is immune from liability under the Safe Harbor's second prong. See Def. Resp., Docket No. 48, at 5-7.

Plaintiffs also cite Brumbaugh for the proposition that alleging "extreme cash flow pressures" by itself satisfies the PSLRA's requirement of pleading particularized facts establishing a strong inference of scienter. This misstates the Court's holding. The Brumbaugh Court did not hold that merely alleging the existence of extreme case flow pressures was sufficient to plead scienter under the PSLRA's heightened standard. Rather, the Court held that plaintiffs adequately had alleged scienter based on extreme cash flow pressures resulting in a securities offering on highly unfavorable terms, and substantial stock sales by multiple insiders when the stock was at its peak and the insiders had material non-public information about the Intel and IBM business relationships. Brumbaugh, 2006 WL 52571 at *8-9. Plaintiffs do not and could not allege such facts concerning Ibis and Mr. Reid.

## CONCLUSION

For all of these reasons, as well as those cited in Defendants' earlier filings, Defendants respectfully request that the Court dismiss the Complaint in full. Defendants also respectfully renew their request for oral argument.

Dated: January 31, 2006

> IBIS TECHNOLOGY CORP. AND
> MARTIN J. REID
> By their attorneys,
> /s/ Brian E. Pastuszenski
> Brian E. Pastuszenski (BBO #391030)
> Christine S. Chung (BBO # 631724)

>William J. Trach (BBO #661401)
>Goodwin Procter LLP
>Exchange Place
>53 State Street
>Boston, MA 02109
>Tel: (617) 570-1000
>Fax: (617) 523-1231

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I herby certify that the parties' counsel have conferred in a good faith effort to narrow or resolve the areas of dispute regarding the issues raised in this motion. Plaintiffs' counsel does not object to the filing of the supplemental authority.

>/s/ William J. Trach
>William J. Trach

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 31, 2006.

>/s/ William J. Trach
>William J. Trach

LIBA/1670506.1

**Formatted:** Font: 8 pt
**Deleted:** LIBA/1670506.1