UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE IBIS TECHNOLOGY ) <br> SECURITIES LITIGATION ) <br> ) <br> ) | Case No. 04 cv 10446 RCL <br><br> **JURY TRIAL DEMANDED** <br><br> **CLASS ACTION** |

**JOINT STATEMENT OF THE
PARTIES INCLUDING PROPOSED SCHEDULING ORDER**

On April 3, 2006, the Court issued a Notice of Scheduling Conference and Additional Matters to be held on May 31, 2006. In accordance with the Notice and with the provisions of Local Rule 16.1(B), counsel for the Plaintiffs and Defendants have conferred concerning an agenda for matters to be discussed at the scheduling conference, a proposed pretrial schedule for the case that includes a plan for discovery, and consideration of consent to trial by a Magistrate Judge. Counsel submit this joint statement pursuant to Local Rule 16.1.

**I.    Summary of Positions Asserted**

   **A.    Lead Plaintiffs' Summary**

Lead Plaintiffs assert that Defendants issued a series of false and misleading statements, including financial statements, during the Class Period, which inflated the carrying value of certain assets on Ibis's balance sheet by approximately $11 million and which misrepresented Ibis's business with respect to 200 mm and smaller size wafers. Defendants are each directly liable for the misrepresentation which impaired the price of Ibis common stock purchased by Lead Plaintiffs and the Class. Lead Plaintiffs seek monetary damages.

### B. Defendants' Summary

Even though Ibis has never been required by its auditors or the Securities and Exchange Commission to restate previously reported results of operations, Plaintiffs allege that Ibis and its Chief Executive Officer Martin J. Reid violated Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 by failing to write down the value of certain assets as of June 30, 2003, rather than December 31, 2003 (when a write-down was taken). These claims are completely baseless. Because Ibis properly accounted for the assets at issue, Plaintiffs will not be able to prove that either Ibis or Mr. Reid made an actionable misstatement or omission. Because Ibis and Mr. Reid did not act with an intent to deceive or defraud, Plaintiffs will not be able to establish the strong inference of scienter required to state their claims. Accordingly, Plaintiffs' claims will fail as a matter of law and fact.

## II. Defendants' Pending Motion to Strike Allegations

Plaintiffs have informed Defendants that they do not intend to amend their Complaint prior to the Scheduling Conference. Defendants have moved to strike factual and legal allegations in the complaint that relate solely to the claims – now dismissed from this litigation – relating to Ibis' projection of future sales of its i2000 implanter.

## III. Class Certification

### A. Plaintiffs' Proposal:

Plaintiffs shall file any motion for class certification within sixty (60) days of approval of this Proposed Scheduling Order. Class discovery shall be completed by no later than ninety (90) days thereafter. Defendants shall file any opposition to Plaintiffs' motion for class certification

within forty-five (45) days thereafter. Plaintiffs shall file any reply memorandum of law in support of their motion for class certification within forty-five (45) days thereafter.

### B. Defendants' Proposal:

Defendants agree with the Plaintiffs' proposal and further note that they anticipate requesting oral argument concerning any motion for class certification.

## IV. Discovery

Counsel met and conferred on May 4, 2006 but could not reach agreement on all aspects of a proposed discovery plan and schedule. The parties' positions are set forth below.

### A. Commencement of Discovery

#### 1. Plaintiffs' Proposal:

It is Plaintiffs' position that class discovery and merits discovery should commence immediately following the approval of this Proposed Scheduling Order.

#### 2. Defendants' Proposal:

It is Defendants' position that discovery should be phased to permit a three-month period for class discovery, with merits discovery to commence after the Court rules on Plaintiffs' motion for class certification.

### B. Initial Disclosures

#### 1. Plaintiffs' Proposal:

The parties shall serve their initial disclosures pursuant to Local Rule 26.2(A) and sworn statements disclosing information identified by Local Rule 26.1(B) by no later than thirty (30) days after approval of this Proposed Scheduling Order.

      2.      <u>Defendants' Proposal:</u>

The parties shall serve their initial disclosures pursuant to Local Rule 26.2(A) and sworn statements disclosing information identified by Local Rule 26.1(B) by no later than thirty (30) days after the Court's decision on Plaintiffs' motion for class certification.

    **C.**    **<u>Merits Discovery</u>**

      1.      <u>Plaintiffs' Proposal:</u>

Merits discovery shall be completed within two hundred and seventy (270) days after the approval of this Proposed Scheduling Order.

      2.      <u>Defendants' Proposal:</u>

Merits discovery shall be completed within two hundred and seventy (270) days after the Court's decision on Plaintiffs' motion for class certification.

    **D.**    **<u>Expert Discovery</u>**

The parties shall in good faith attempt to disclose the subject matter areas in which they anticipate offering expert testimony as soon as practicable, but in no event later than the close of merits discovery. In the event that a party discloses an expert subject matter area that the opposing party has not identified, the opposing party shall not be precluded from offering a rebuttal expert report on that subject matter area according to the schedule set forth immediately below.

Plaintiffs shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(2)(A) and serve reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by no later than thirty (30) days after the close of merits discovery. Defendants shall identify their trial experts pursuant to Fed. R. Civ. P. 26(a)(4)(A) and serve expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by no later than

thirty (30) days after the service of Plaintiffs' expert reports. Plaintiffs shall identify their rebuttal trial experts and serve rebuttal expert reports, if any, by no later than thirty (30) days after the service of Defendants' expert reports. Defendants shall identify any rebuttal trial experts and serve rebuttal expert reports, if any, by no later than thirty (30) days after the service of Plaintiffs' rebuttal expert reports. Expert discovery shall be completed within one hundred and fifty (150) days after the close of merits discovery.

V.  **Joinder of Parties and Amendments to the Pleadings**

    A.  **Plaintiffs' Proposal:**

Any proposed motion for leave for joinder of parties or amendments to the pleadings in this action shall be filed within one hundred and eighty (180) days of the commencement of merits discovery. This Proposed Scheduling Order shall not alter any otherwise applicable statute of limitations with respect to any claim or defense. Further, this Proposed Scheduling Order shall not prevent any party from opposing any motion(s) for joinder or amendment on any grounds.

    B.  **Defendants' Proposal:**

Any proposed motion for leave for joinder of parties or amendments to the pleadings in this action shall be filed within ninety (90) days of the commencement of merits discovery. This Proposed Scheduling Order shall not alter any otherwise applicable statute of limitations with respect to any claim or defense. Further, this Proposed Scheduling Order shall not prevent any party from opposing any motion(s) for joinder or amendment on any grounds.

**VI.    Dispositive Motions**

Dispositive motions, if any, shall be filed by no later than sixty (60) days after the close of expert discovery. Oppositions to dispositive motions shall be filed by no later than forty-five (45) days after service of said motions. Any reply memorandum of law in support of any dispositive motion shall be filed within thirty (30) days of service of said opposition.

**VII.    Settlement**

On May 15, 2006, Plaintiffs made a written settlement proposal to Defendants in accordance with Local Rule 16.1(C) and Section I.C of the Notice of Scheduling Conference and Additional Matters.

**VIII.    Consent to Trial By Magistrate Judge**

At this time, the Parties are not prepared to consent to trial by a Magistrate Judge.

**IX.    Modifications of the Discovery Rules or this Schedule**

Any party may apply to the Court at any time for modifications of the discovery rules or this Proposed Scheduling Order, with or without the consent of the other parties.

Dated:  May 24, 2006                                  **SHAPIRO HABER & URMY LLP**
                                                      **BY:**


                                                      /s/ Theodore M. Hess-Mahan
                                                      Thomas G. Shapiro (BBO #454680)
                                                      Theodore M. Hess-Mahan (BBO #557109)
                                                      Exchange Place
                                                      53 State Street, 37th Floor
                                                      Boston, MA 02109
                                                      (617) 439-3939

**LAW OFFICES BERNARD M. GROSS, P.C.**
Deborah R. Gross (BBO # 546151)
Robert P. Frutkin
450 John Wanamaker Bldg.
Juniper and Market Streets
Philadelphia, PA 19107
(215) 561-3600


**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
**Peter Harrar**
**Aya Bouchedid**
270 Madison Avenue
New York, NY 10016
(212) 545-4600

**LAW OFFICES KENNETH ELAN**
**Kenneth Elan**
217 Broadway, Suite 606
New York, NY 10007
(212) 619-0261

Attorneys for Plaintiffs

**GOODWIN PROCTER LLP**
**BY:**


/s/ Brian E. Pastuszenski
Brian E. Pastuszenski (BBO # 391030)
Christine S. Chung (BBO #631724)
Laura M. Stock (BBO # 652276)
William J. Trach (BBO # 661401)
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Attorneys for Defendants

**SO ORDERED this _____ day of _____, 2006.**

                **HON. REGINALD C. LINDSAY**
                **UNITED STATES DISTRICT JUDGE**

LIBA/1697073.1