## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                    )

**IN RE IBIS TECHNOLOGY**      )

**SECURITIES LITIGATION**      )            **Civ No. 04-10446 RCL**

_____)

## DEFENDANTS' ANSWER TO CONFORMED CONSOLIDATED AMENDED COMPLAINT

Defendants Ibis Technology Corp. ("Ibis") and Martin J. Reid ("Mr. Reid") (collectively, "Defendants") hereby respond to the individually numbered paragraphs of the Conformed Consolidated Amended Complaint ("Complaint") filed in the above-referenced matter on or about June 14, 2006. Unless an allegation is specifically admitted, the Defendants deny that allegation.

### Consolidated Amended Complaint

The preamble of the Complaint states legal conclusions to which no response is required. To the extent the Court requires an answer, however, Defendants deny each and every allegation.

### Nature of the Action

1.      Paragraph 1 states legal conclusions to which no response is required. To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 1, except admit that this case has been brought as a purported class action and that Plaintiffs seek to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## Jurisdiction and Venue

2.      Paragraph 2 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 2, except admit that Plaintiffs claim that this action has been brought pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

3.      Paragraph 3 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 3, except admit that this Court has jurisdiction to hear this dispute.

4.      Paragraph 4 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 4.

5.      The first sentence of Paragraph 5 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations Paragraph 5, except admit that Ibis maintains its principal executive office at 32 Cherry Hill Drive, Danvers, Massachusetts.

## Parties

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, including subparts (a)-(c) of Paragraph 6, and on this basis deny those allegations.

      a.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6(a), and on this basis deny those allegations.

b.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6(b), and on this basis deny those allegations.

c.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6(c), and on this basis deny those allegations.

7.    Defendants admit the allegations in Paragraph 7.

8.    Defendants deny the allegations in Paragraph 8, except admit that: (i) Mr. Reid was Ibis' Chief Executive Officer, President and Chairman of the Board throughout the purported Class Period; (ii) Mr. Reid signed Ibis' Form 10-K for the year ended December 31, 2002 (filed on March 17, 2003); (iii) Mr. Reid signed Ibis' Forms 10-Q for the quarters ended June 30, 2003 (filed on August 8, 2003) and September 30, 2003 (filed on November 4, 2003); (iv) Ibis issued press releases on or about July 23, 2003, October 17, 2003, and October 22, 2003; (v) the press releases issued on or about July 23, 2003, October 17, 2003, and October 22, 2003 contain quotes attributed to Mr. Reid; and (vi) Mr. Reid was present during an analyst conference call held on February 19, 2003.

9.    Paragraph 9 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 9, except admit that Mr. Reid served as Chief Executive Officer and Chairman of the Board of Directors of Ibis during the purported class period.

10.    Paragraph 10 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in

Paragraph 10, except admit that Mr. Reid signed certain filings that Ibis made with the Securities and Exchange Commission, as set forth in response to Paragraph 8.

## Class Action Allegations

11.    Paragraph 11 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 11, except admit that this case has been brought as a purported class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

12.    Paragraph 12 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 12, and/or lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on this basis deny those allegations, except admit that Ibis stock was traded on the NASDAQ National Market System during the purported Class Period.

13.    Paragraph 13 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 13.

14.    Paragraph 14 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 14.

15.    Paragraph 15 and subparagraphs (a)-(c) state legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 15 and subparagraphs (a)-(c).

    a.   Paragraph 15(a) states legal conclusions to which no response is required. To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 15(a).

    b.   Paragraph 15(b) states legal conclusions to which no response is required. To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 15(b).

    c.   Paragraph 15(c) states legal conclusions to which no response is required. To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 15(c).

16.    Paragraph 16 states legal conclusions to which no response is required. To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 16.

### Substantive Allegations

17.    Defendants deny the allegations Paragraph 17, except admit that: (i) Ibis manufactures and sells SOI oxygen implantation equipment to semiconductor companies; and (ii) during the proposed class period, Ibis also offered wafers for sale.

18.    Defendants deny the allegations Paragraph 18, except admit that: (i) during the proposed class period, Ibis manufactured and sold 300 mm and 200 mm and smaller-sized wafers; (ii) 200 mm and smaller sized wafers sold during the purported Class Period were manufactured using 1000-series implanters; and (iii) Ibis' i2000-series implanter is capable of manufacturing 300 mm and 200 mm and smaller-sized wafers.

19.    Defendants deny the allegations in Paragraph 19, except admit that: (i) Ibis sold a 1000-series implanter to IBM Corp. for approximately $4 million; and (ii) Ibis sold

a 1000-series implanter to Shanghai Simgui Technology ("Simgui") for approximately $5 million.

20.    Defendants deny the allegations in Paragraph 20, except admit that the text appearing in quotes in Paragraph 20 appears in the referenced Form 424B5 (filed on October 16, 2003). Because Paragraph 20 purports to characterize and/or paraphrase Ibis' Form 424B5 (filed on October 16, 2003), Defendants respectfully refer the Court to the full text of that filing for a complete and accurate statement of its contents.

21.    Defendants deny the allegations in Paragraph 21. To the extent Paragraph 21 refers to Ibis' results of operations for the quarter ended June 30, 2003, Defendants respectfully refer the Court to Ibis' Form 10-Q for the quarter ended June 30, 2003 (filed on August 8, 2003) for the complete and accurate statement of such results.

22.    Defendants deny the allegations in Paragraph 22. Because Paragraph 22 purports to characterize and/or paraphrase Ibis' practices respecting the recognition of revenue on sales of wafers and implanters, Defendants respectfully refer the Court to Ibis' public disclosures concerning these practices, including those set forth in Ibis' Forms 10-Q for the quarters ended June 30, 2003 and September 30, 2003 and Ibis' Form 10-K for the fiscal year ended December 31, 2003.

23.    [Plaintiffs have deleted the allegations in Paragraph 23 pursuant to the Court's order, therefore no answer is required.]

24.    [Plaintiffs have deleted the allegations in Paragraph 24 pursuant to the Court's order, therefore no answer is required.]

25.    [Plaintiffs have deleted the allegations in Paragraph 25 pursuant to the Court's order, therefore no answer is required.]

26.     [Plaintiffs have deleted the allegations in Paragraph 26 pursuant to the Court's order, therefore no answer is required.]

27.     [Plaintiffs have deleted the allegations in Paragraph 27 pursuant to the Court's order, therefore no answer is required.]

28.     [Plaintiffs have deleted the allegations in Paragraph 28 pursuant to the Court's order, therefore no answer is required.]

29.     [Plaintiffs have deleted the allegations in Paragraph 29 pursuant to the Court's order, therefore no answer is required.]

30.     The allegations in Paragraph 30 relate to Plaintiffs' claims that Ibis and Mr. Reid made false or misleading statements concerning Ibis's projection of possible future sales of i2000 implanters (the "Sales Forecast Claims"). On March 31, 2006, in its Memorandum and Order on Magistrate Judge's Report and Recommendation on Defendants' Motion to Dismiss, this Court dismissed the Sales Forecast Claims. Because the allegations in Paragraph 30 relate to the Sales Forecast Claims, which have been dismissed, no response is required. To the extent the Court requires an answer, however, Defendants deny the allegations, except admit that: (i) Ibis sold an i2000 implanter to IBM; (ii) Ibis announced the receipt of an order for an i2000 from IBM on September 10, 2002; (iii) Ibis announced the shipment of an i2000 implanter to IBM on November 20, 2002; and (iv) Ibis recognized the revenue from this transaction in the second quarter of 2003, when IBM accepted the implanter.

31.     Defendants admit the allegations in Paragraph 31.

32.     [Plaintiffs have deleted the allegations in Paragraph 32 pursuant to the Court's order, therefore no answer is required.]

33.     [Plaintiffs have deleted the allegations in Paragraph 33 pursuant to the Court's order, therefore no answer is required.]

34.     Defendants deny the allegations in Paragraph 34, except admit that Needham Equity Research issued a report on Ibis dated February 20, 2003.  Because Paragraph 34 purports to characterize and/or paraphrase the Needham Equity Research Report (dated February 20, 2003), Defendants respectfully refer the Court to full text of that report for a complete and accurate statement of its contents.

35.     The allegations in Paragraph 35 relate to Plaintiffs' Sales Forecast Claims, which have been dismissed, and therefore no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 35. Because Paragraph 35 purports to characterize and/or paraphrase Ibis' Form 10-Q for the quarter ended March 31, 2003 (filed on April 30, 2003), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

36.     Defendants deny the allegations in Paragraph 36, specifically denying that Paragraph 36 accurately quotes from the referenced press release, except admit that Ibis issued a press release on or about April 23, 2003.  Because Paragraph 36 purports to characterize and/or paraphrase Ibis' April 23, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

37.     Defendants deny the allegations in Paragraph 37, specifically denying that Paragraph 37 accurately quotes from the referenced press release, except admit that Ibis issued a press release on or about April 23, 2003.  Because Paragraph 37 purports to

characterize and/or paraphrase Ibis' April 23, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

38.    Defendants deny the allegations in Paragraph 38, except admit that: (i) Ibis issued a press release on or about April 23, 2003; and (ii) the text appearing in quotes in Paragraph 38 appears in the referenced press release.  Because Paragraph 38 purports to characterize and/or paraphrase Ibis' April 23, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

39.    [Plaintiffs have deleted the allegations in Paragraph 39 pursuant to the Court's order, therefore no answer is required.]

40.    [Plaintiffs have deleted the allegations in Paragraph 40 pursuant to the Court's order, therefore no answer is required.]

41.    Defendants deny the allegations in Paragraph 41.

42.    Defendants deny the allegations in Paragraph 42, except admit that in 2002, Ibis sold a 1000-series implanter to Simgui and permitted Simgui to use certain of Ibis' SIMOX-SOI technology.

43.    Defendants deny the allegations in Paragraph 43, except admit that: (i) for the quarter ended June 30, 2003, 97% of Ibis' wafer sales consisted of 300 mm wafers; (ii) for the quarter ended September 30, 2003, 98% of Ibis' wafer sales consisted of 300 mm wafers; and (iii) for the year ended December 31, 2003, 92% of Ibis' wafer sales consisted of 300 mm wafers.  Defendants respectfully refer the Court to Ibis' Forms 10-Q for the period ended June 30, 2003 and September 30, 2003, and its Form 10-K for the

year ended December 31, 2003, for a complete and accurate statement of the Company's results of operations for these periods.

44.    Defendants deny the allegations in Paragraph 44, including those in subparagraphs (a) through (l), as stated below.  Defendants respectfully refer the Court to Statement of Financial Accounting Standards 144: <u>Accounting for the Impairment of Long-Lived Assets</u>, for the complete and accurate contents of this standard.

    a.    Defendants deny the allegations in Paragraph 44(a), except admit that the text appearing in quotes in Paragraph 44(a) appears in the referenced March 20, 2002 <u>Silicon Strategies</u> article.  Because Paragraph 44(a) purports to characterize and/or paraphrase the March 20, 2002 <u>Silicon Strategies</u> article, Defendants respectfully refer the Court to the full text of the article for a complete and accurate statement of its contents.

    b.    Defendants deny the allegations in Paragraph 44(b), specifically denying that Paragraph 44(b) accurately quotes from Ibis' Form 10-K for the year ended December 31, 2002 (filed on March 17, 2003).  Because Paragraph 44(b) purports to characterize and/or paraphrase Ibis' Form 10-K for the year ended December 31, 2002 (filed on March 17, 2003), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

    c.    Defendants deny the allegations in Paragraph 44(c), except admit that the text appearing in quotes in Paragraph 44(c) appears in the referenced June 27, 2002 <u>Silicon Strategies</u> article.  Because Paragraph 44(c) purport to characterize and/or paraphrase the June 27, 2002 <u>Silicon Strategies</u> article,

Defendants respectfully refer the Court to the full text of the article for a complete and accurate statement of its contents.

d.  Defendants deny the allegations in Paragraph 44(d).

e.  Defendants deny the allegations in Paragraph 44(e), specifically denying that Paragraph 44(e) accurately quotes from Ibis' press release dated November 20, 2002.  Because Paragraph 44(e) purports to characterize and/or paraphrase Ibis' November 20, 2002 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

f.  Defendants deny the allegations in Paragraph 44(f), specifically denying that Paragraph 44(f) accurately quotes from the referenced January 17, 2003 Silicon Strategies article.  Because Paragraph 44(f) purports to characterize and/or paraphrase the January 17, 2003 Silicon Strategies article, Defendants respectfully refer the Court to the full text of the article for a complete and accurate statement of its contents.

g.  Defendants deny the allegations in Paragraph 44(g), specifically denying that Paragraph 44(g) accurately quotes from the referenced Form 10-Q for the quarter ended March 31, 2003 (filed on April 30, 2003).  Because Paragraph 44(g) purports to characterize and/or paraphrase Ibis' Form 10-Q for the quarter ended March 31, 2003 (filed on April 30, 2003), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

h.   Defendants deny the allegations in Paragraph 44(h), specifically denying
     that Paragraph 44(h) accurately quotes from the referenced press release
     dated April 23, 2003.  Because Paragraph 44(h) purports to characterize
     and/or paraphrase Ibis' April 23, 2003 press release, Defendants
     respectfully refer the Court to the full text of that document for a complete
     and accurate statement of its contents.

i.   Defendants deny the allegations in Paragraph 44(i), except admit that in
     the referenced Form 10-Q for the quarter ended June 30, 2003 (filed on
     August 8, 2003), Ibis stated that 300 mm wafers accounted for 97% of
     wafer sales in the quarter.  Because Paragraph 44(i) purports to
     characterize and/or paraphrase Ibis' Form 10-Q for the quarter ended June
     30, 2003 (filed on August 8, 2003), Defendants respectfully refer the
     Court to the full text of that document for a complete and accurate
     statement of its contents.

j.   Defendants deny the allegations in Paragraph 44(j), except admit that the
     text appearing in quotes in Paragraph 44(j) appears in the referenced press
     release dated July 23, 2003.  Because Paragraph 44(j) purports to
     characterize and/or paraphrase Ibis' July 23, 2003 press release,
     Defendants respectfully refer the Court to the full text of that document for
     a complete and accurate statement of its contents.

k.   Defendants deny the allegations in Paragraph 44(k), specifically denying
     that Paragraph 44(k) accurately quotes from the referenced press release
     dated October 22, 2003.  Because Paragraph 44(k) purports to characterize

and/or paraphrase Ibis' October 22, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

l.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44(l), and on this basis deny those allegations.

45.    Defendants deny the allegations in Paragraph 45, including those in subparagraphs (a)-(e), as set forth below, specifically denying that Paragraph 45 accurately quotes from the referenced accounting standard.  Because Plaintiffs purport to characterize and/or paraphrase the Statement of Financial Accounting Standards 144: Accounting for the Impairment of Long-Lived Assets ("FAS 144"), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

a.    Defendants deny that Paragraph 45(a) accurately quotes from the referenced accounting standard.  Defendants respectfully refer the Court to the full text of FAS 144 for a complete and accurate statement of its contents.

b.    Defendants deny that Paragraph 45(b) accurately quotes from the referenced accounting standard.  Defendants respectfully refer the Court to the full text of FAS 144 for a complete and accurate statement of its contents.

c.    Defendants deny that Paragraph 45(c) accurately quotes from the referenced accounting standard.  Defendants respectfully refer the Court to

the full text of FAS 144 for a complete and accurate statement of its contents.

d.   Defendants deny that Paragraph 45(d) accurately quotes from the referenced accounting standard.  Defendants respectfully refer the Court to the full text of FAS 144 for a complete and accurate statement of its contents.

e.   Defendants deny that Paragraph 45(e) accurately quotes from the referenced accounting standard.  Defendants respectfully refer the Court to the full text of FAS 144 for a complete and accurate statement of its contents.

46.     Defendants deny the allegations in Paragraph 46.

47.     The allegations in the first sentence of Paragraph 47 relate to Plaintiffs' Sales Forecast Claims, which have been dismissed, and therefore no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 47, including those set forth in the first sentence.

a.   [Plaintiffs have deleted the allegations in Paragraph 47(a) pursuant to the Court's order, therefore no answer is required.]

b.   Defendants deny the allegations in Paragraph 47(b).

c.   Defendants deny the allegations in Paragraph 47(c).

d.   Defendants deny the allegations in Paragraph 47(d), except admit that Ibis had a common stock offering for one million shares that closed on October 21, 2003.

48.     Defendants deny the allegations in Paragraph 48.

49.    Except as specifically admitted below, Defendants deny the allegations of Paragraph 49, except admit that on July 23, 2003 Ibis issued a press release reporting, inter alia, its financial results for the quarter ended June 30, 2003.  Because Paragraph 49 purports to characterize and/or paraphrase Ibis' July 23, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

   a.   Defendants deny the allegations in Paragraph 49(a), except admit that Ibis reported that its "property and equipment" were valued at $30.7 million in the referenced press release.  Because Paragraph 49(a) purports to characterize and/or paraphrase Ibis' July 23, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

   b.   [Plaintiffs have deleted the allegations in Paragraph 49(b) pursuant to the Court's order, therefore no answer is required.]

   c.   Defendants deny the allegations of Paragraph 49(c), except admit that the text appearing in quotes in Paragraph 49(c) appears in the referenced July 23, 2003 press release.  Because Paragraph 49(c) purports to characterize and/or paraphrase Ibis' July 23, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

50.    Defendants admit that on or about October 2, 2003, Ibis filed a Form S-3/A with the Securities and Exchange Commission.  Defendants further admit that on or about October 16, 2003, Ibis filed a Form 424B5 with the Securities and Exchange

Commission. Defendants respectfully refer the Court to Ibis' Form S-3/A (filed on October 2, 2003), and Ibis' Form 424B5 (filed on October 16, 2003), for a complete and accurate statement of the contents of such reports. Defendants deny the remaining allegations of Paragraph 50, including subparagraphs 50(a)-(e) as set forth below.

a. Defendants deny the allegations in Paragraph 50(a).

b. Defendants deny the allegations in Paragraph 50(b).

c. Defendants deny the allegations in Paragraph 50(c).

d. [Plaintiffs have deleted the allegations in Paragraph 50(d) pursuant to the Court's order, therefore no answer is required.]

e. [Plaintiffs have deleted the allegations in Paragraph 50(e) pursuant to the Court's order, therefore no answer is required.]

51. Defendants deny the allegations in Paragraph 51, except admit that Ibis issued press releases on October 17, 2003 and on October 21, 2003. Because Paragraph 51 purports to characterize and/or paraphrase the referenced press releases, Defendants respectfully refer the Court to the full text of those documents for complete and accurate statements of their contents.

52. Defendants deny the allegations in Paragraph 52, specifically denying that Paragraph 52 accurately quotes from the referenced press release, except admit that Ibis issued a press release on October 22, 2003. Because Paragraph 52 purports to characterize and/or paraphrase Ibis' October 22, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

53.     Defendants deny the allegations in Paragraph 53, specifically denying that Paragraph 53 accurately quotes from the referenced press release, except admit that Ibis issued a press release on October 22, 2003.  Because Paragraph 53 purports to characterize and/or paraphrase Ibis' October 22, 2003 press release, Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

54.     Defendants deny the allegations in Paragraph 54.

    a.  Defendants deny the allegations in Paragraph 54(a).

    b.  [Plaintiffs have deleted the allegations in Paragraph 54(b) pursuant to the Court's order, therefore no answer is required.]

    c.  Defendants deny the allegations in Paragraph 54(c).

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56, except admit that: (i) on November 4, 2003 Ibis filed its Form 10-Q for the quarter ended September 30, 2003; and (ii) the text appearing in quotes in Paragraph 56 appears in the referenced SEC filing. Because Paragraph 56 purports to characterize and/or paraphrase Ibis' Form 10-Q for the quarter ended September 30, 2003 (filed on November 4, 2003), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

57.     Defendants deny the allegations in Paragraph 57.  Because Paragraph 57 purports to characterize and/or paraphrase Ibis' Form 10-Q for the quarter ended September 30, 2003 (filed on November 4, 2003), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

   a.   Defendants deny the allegations in Paragraph 57(a).

   b.   [Plaintiffs have deleted the allegations in Paragraph 57(b) pursuant to the
        Court's order, therefore no answer is required.]

   c.   Defendants deny the allegations in Paragraph 57(c).

58.    Defendants deny the allegations in Paragraph 58, and specifically deny that
Paragraph 58 accurately quotes from the referenced SEC filing.  Because Paragraph 58
purports to characterize and/or paraphrase Ibis' Form 10-Q for the quarter ended
September 30, 2003 (filed on November 4, 2003), Defendants respectfully refer the Court
to the full text of that document for a complete and accurate statement of its contents.

59.    Defendants deny the allegations in Paragraph 59.

60.    Defendants deny the allegations in Paragraph 60, except admit that Ibis issued
a press release on December 15, 2003.  Because Paragraph 60 purports to characterize
and/or paraphrase Ibis' December 15, 2003 press release, Defendants respectfully refer
the Court to the full text of that document for a complete and accurate statement of its
contents.

61.    [Plaintiffs have deleted the allegations in Paragraph 61 pursuant to the Court's
order, therefore no answer is required.]

62.    Defendants lack knowledge or information sufficient to form a belief as to the
truth of the allegations contained in Paragraph 62, and on this basis deny those
allegations.

63.    Defendants deny the allegations in Paragraph 63, except admit that on March
2, 2004, Ibis filed its Form 10-K for the year ended December 31, 2003.  Because
Paragraph 63 purports to characterize and/or paraphrase Ibis' Form 10-K for the year

ended December 31, 2003 (filed on March 2, 2004), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

     a.    Defendants deny the allegations in Paragraph 63(a), except admit that on March 2, 2004, Ibis filed its Form 10-K for the year ended December 31, 2003. Because Paragraph 63(a) purports to characterize and/or paraphrase Ibis' Form 10-K for the year ended December 31, 2003 (filed on March 2, 2004), Defendants respectfully refer the Court to the full text of that document for a complete and accurate statement of its contents.

     b.    [Plaintiffs have deleted the allegations in Paragraph 63(b) pursuant to the Court's order, therefore no answer is required.]

64.    [Plaintiffs have deleted the allegations in Paragraph 64 pursuant to the Court's order, therefore no answer is required.]

65.    Defendants admit the allegations in Paragraph 65.

## Additional Scienter Allegations

66.    Defendants deny the allegations in Paragraph 66.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and on this basis deny those allegations.

     a.    [Plaintiffs have deleted the allegations in Paragraph 67(a) pursuant to the Court's order, therefore no answer is required.]

     b.    [Plaintiffs have deleted the allegations in Paragraph 67(b) pursuant to the Court's order, therefore no answer is required.]

    c.   [Plaintiffs have deleted the allegations in Paragraph 67(c) pursuant to the Court's order, therefore no answer is required.]

    d.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67(d), and on this basis deny those allegations.

    e.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67(e), and on this basis deny those allegations.

    f.   [Plaintiffs have deleted the allegations in Paragraph 67(f) pursuant to the Court's order, therefore no answer is required.]

    g.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67(g), and on this basis deny those allegations.

68.    Defendants deny the allegations in Paragraph 68.

**<u>Applicability of Presumption of Reliance: Fraud-on-the-Market Doctrine</u>**

69.    Paragraph 69 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 69.

    a.   Defendants deny the allegations in Paragraph 69(a), except admit that Ibis' stock was listed on the NASDAQ.

    b.   Defendants deny the allegations in Paragraph 69(b), except admit that Ibis filed periodic reports with the SEC and the NASDAQ.

    c.   Defendants deny the allegations in Paragraph 69(c).

     d.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69(d), and on this basis deny those allegations.

70.    Defendants deny the allegations in Paragraph 70.

### Safe Harbor

71.    Paragraph 71 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 71.

### First Claim

72.    Defendants repeat and reallege each and every answer contained above as if fully set forth herein.

73.    Defendants deny the allegations in Paragraph 73.

74.    Defendants deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Paragraph 77 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Defendants deny the allegations in Paragraph 79.

80.    Defendants deny the allegations in Paragraph 80.

81.     Paragraph 81 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 81.

82.     Paragraph 82 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 82.

**Second Claim**

83.     Defendants repeat and reallege each and every answer contained above as if fully set forth herein.

84.     Paragraph 84 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Paragraph 86 states legal conclusions to which no response is required.  To the extent the Court requires an answer, however, Defendants deny the allegations in Paragraph 86.

**Prayer for Relief**

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Complaint.

## Headings and Subheadings

Defendants need not respond to the headings and subheadings in the Complaint. To the extent that a response is required, Defendants deny any averments in the headings and subheadings of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Answers to each paragraph of the Complaint are made by Defendants without waiving, but expressly reserving, all rights Defendants may have to seek relief by appropriate motions directed to the allegations in the Complaint.

### Second Affirmative Defense

The Complaint fails, in whole or in part, to state a claim against Defendants upon which relief may be granted.

### Third Affirmative Defense

The Complaint fails to plead fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b).

### Fourth Affirmative Defense

The action is barred, in whole or in part, because at all relevant times Defendants acted without intent to defraud and without recklessness, and Defendants believed, at the time the statements alleged in the Complaint were made (if at all), that those statements were correct and not misleadingly incomplete.

### Fifth Affirmative Defense

The action is barred, in whole or in part, because there were no misstatements or misrepresentations made by or attributable to Defendants, and Plaintiffs cannot prove Defendants had a role in the publication of any alleged misstatements or omissions.

### Sixth Affirmative Defense

The action is barred, in whole or in part, because at all relevant times the claimed misrepresentations and/or omissions allegedly made by Defendants, if any, were immaterial as a matter of law.

### Seventh Affirmative Defense

The action is barred, in whole or in part, because at all relevant times Defendants had no duty to disclose the allegedly omitted information.

### Eighth Affirmative Defense

The action is barred, in whole or in part, because at all relevant times neither the Lead Plaintiffs nor the purported class relied on any material misrepresentations or omissions, or on the market price or on the integrity of the market affected by any alleged misrepresentations or omissions, in purchasing Ibis securities.

### Ninth Affirmative Defense

The action is barred, in whole or in part, because any reliance by Plaintiffs on the statements, acts, or omissions alleged in the Complaint to have been made or taken, if any were in fact made or taken, was unreasonable.

### Tenth Affirmative Defense

The action is barred, in whole or in part, due to the absence of transaction and/or loss causation because any alleged inflation in the price of Ibis' securities and/or any

alleged loss suffered by Plaintiffs, were not caused by any alleged act or omission of Defendants.

### Eleventh Affirmative Defense

The action is barred, in whole or in part, because some or all of the alleged public disclosures bespoke caution.

### Twelfth Affirmative Defense

The action is barred, in whole or in part, because the statements complained of were immune from liability by the Safe Harbor provisions of the Private Securities Litigation Reform Act, 15 U.S.C. § 77z-2(c).

### Thirteenth Affirmative Defense

The action is barred, in whole or in part, because Defendants at all times acted in good faith and did not directly or indirectly cause the alleged securities laws violations complained of in the Complaint.

### Fourteenth Affirmative Defense

The action is barred, in whole or in part, because Plaintiffs failed to mitigate damages.

### Fifteenth Affirmative Defense

The action is barred, in whole or in part, because Plaintiffs assumed the risk that the price of Ibis stock might fall, and, therefore, they may not recover under their claims.

### Sixteenth Affirmative Defense

If Plaintiffs suffered cognizable damages (which damages are denied), those damages resulted from causes other than any alleged act or omission by Defendants.

### Seventeenth Affirmative Defense

The action is barred, in whole or in part, by the relevant statutes of limitations.

### Eighteenth Affirmative Defense

The action may not be maintained as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure have not been met.

### Nineteenth Affirmative Defense

The action is barred, in whole or in part, because Defendant Reid is not a controlling person within the meaning of Section 20(a) of the Exchange Act.

### Twentieth Affirmative Defense

The action is barred, in whole or in part, because the absence of a primary violation of the Exchange Act precludes a cause of action under Section 20(a) of that Act.

### Twenty-First Affirmative Defense

Defendants hereby give notice that they will rely on such other and further defenses as may become apparent during the course of this litigation.

**WHEREFORE**, Defendants respectfully requests that this Honorable Court:

1. Dismiss the Complaint;

2. Award Defendants costs and attorneys' fees; and

3. Grant such further relief as the Court deems just and proper.

Dated: July 5, 2006

> IBIS TECHNOLOGY CORP. AND
> MARTIN J. REID
>
> By their attorneys,
>
> /s/ Brian E. Pastuszenski
> Brian E. Pastuszenski (BBO #391030)
> Christine S. Chung (BBO # 631724)
> Laura M. Stock (BBO #652276)
> William J. Trach (BBO #661401)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109
> Tel:  (617) 570-1000
> Fax:  (617) 523-1231

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 5, 2006.

> /s/ Brian E. Pastuszenksi
> Brian E. Pastuszenski

LIBA/1709863.1