## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

)
**IN RE IBIS TECHNOLOGY**                     )
**SECURITIES LITIGATION**                     )           **Civ No. 04-10446 RCL**
_____)


### STIPULATION AND AGREEMENT OF SETTLEMENT

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is entered into among Plaintiffs Martin Smolowitz, George Harrison, and Mark G. Forgue, on behalf of themselves and the Class (as hereinafter defined) and Defendants Ibis Technology Corporation ("Ibis") and Martin J. Reid (collectively, "Defendants"), by and through their respective, duly authorized counsel This Stipulation is intended by both Plaintiffs and Defendants to fully, finally and forever compromise, resolve, discharge and settle the Settled Claims (as defined herein), and dismiss this Action with prejudice, upon and subject to the terms and conditions hereof.

**WHEREAS**:

1.      Beginning on or about December 29, 2003, the following actions were commenced as class actions in the United States District Court for the District of Massachusetts:  *Smolowitz v. Ibis Tech. Corp.,* Civ. No. 03-12618-RCL; *Den v. Ibis Tech. Corp.,* Civ. No. 04-10060-RCL; *Weinstein v. Ibis Tech. Corp.*, Civ. No. 04-10088-RCL; *Harrison v. Ibis Tech. Corp.,* Civ. No. 04-10286-RCL; and *Pitzer v. Ibis Tech. Corp.,*

Civ. No. 04-10446-RCL.  These actions were subsequently consolidated into the above captioned action (the "Action") by the Court's Order dated June 4, 2004.

2.    On July 4, 2004, Plaintiffs filed a Consolidated Amended Complaint in the Action, alleging that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, and Section 20 of the Securities Exchange Act of 1934, 15 U.S.C. §78t.  Plaintiffs allege that Defendants made misstatements and omissions during the Class Period (as hereinafter defined) concerning (i) Ibis's forecast of possible future receipt of orders for its i2000 implanter, which is used to fabricate a particular kind of silicon wafers that are in turn used in the manufacture of semiconductor products (the "Sales Projection Claim"), and (ii) the value of certain Ibis assets then used by Ibis to produce for evaluation and resale 200 mm and smaller-sized wafers for use in the manufacture of semiconductor products (the "Wafer Claim").

3.    On August 5, 2004, Defendants moved to dismiss the Consolidated Amended Complaint in its entirety pursuant to Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure.

4.    By Memorandum and Order dated March 31, 2006, the Court granted in part and denied in part Defendants' motion to dismiss.

5.    As a consequence of the Court's March 31, 2006 Order, Plaintiffs filed a Conformed Consolidated Amended Complaint ("Complaint") omitting allegations relating to the Sales Projection Claim.  On July 5, 2006, Defendants filed an Answer to the Complaint denying the material allegations set forth therein, and asserting that they

did not commit any wrongdoing and that they have no liability whatsoever for the actions or omissions alleged therein.

6.     The Defendants deny any wrongdoing whatsoever.  This Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant or any of their partners, limited partners, principals, shareholders, officers, directors, joint venturers, investors, underwriters, auditors, employees, predecessors, successors, affiliates, related entities, acquirers, assigns, agents, insurers, re-insurers, attorneys, heirs, executors, or representatives with respect to any claim, or any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted, or that any of the allegations of the Action are true.  Defendants enter this Stipulation solely for the purpose of avoiding the cost and distraction of burdensome, protracted and uncertain litigation.  Although the Defendants' motion to dismiss for failure to state a claim was denied in part, the Defendants continue to assert that the Plaintiffs' claims are barred in all respects, as a matter of law, on numerous grounds, including the alleged absence of any materially false statement, the alleged absence of scienter, the alleged absence of loss causation, and that the factual allegations in the Complaint do not accurately reflect what actually occurred.  Although Defendants continue to assert that Plaintiffs' claims lack merit, Defendants and Plaintiffs will not deny that the litigation was filed and conducted in good faith and in accordance with Rule 11 of the Federal Rules of Civil Procedure.

7.     The Plaintiffs believe that the claims asserted in the Complaint have merit and believe that the evidence developed to date supports the claims asserted.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or

concession by any Plaintiff of any infirmity in the claims asserted in the Action.

However, Plaintiffs' Lead Counsel recognize and acknowledge the uncertainty of

prevailing on their claims due to the defenses that have been or could be asserted

concerning, among other things, the Defendants' scienter and loss causation.  Plaintiffs

have concluded that, because further proceedings will be protracted and expensive, and

because the outcome is uncertain, it is in the best interests of the Class (as defined herein)

to settle all of the claims against the Defendants in the manner and upon the terms and

conditions set forth in this Stipulation.

8.      Plaintiffs' Counsel have engaged in discovery, including document

discovery and the review and analysis of documents produced by Defendants, as well as

documents produced by a non-party.  Plaintiffs' Counsel have conducted an investigation

relating to the claims and the underlying transactions alleged in the Complaint.

Plaintiffs' Counsel have analyzed the evidence adduced during their investigation,

including pretrial discovery, and researched the applicable law with respect to the claims

of Plaintiffs and the Class against the Defendants and the potential defenses thereto.

9.      Based upon their investigation and pretrial discovery as set forth above,

Plaintiffs' Lead Counsel have concluded that the terms and conditions of this Stipulation

are fair, reasonable and adequate and in the best interests of Plaintiffs and the Class.  In

evaluating the proposed Settlement, Plaintiffs' Lead Counsel considered the expense and

length of continued proceedings necessary to prosecute this Action through trial and

likely appeals, the uncertainty of the outcome of this litigation, the difficulties and delays

inherent in such litigation, and the substantial benefit provided by the proposed

Settlement to the Class and the desirability of permitting the Settlement to be

consummated as provided by the terms of this Stipulation. Plaintiffs and Plaintiffs' Lead Counsel concluded, based upon all of these considerations, that it is in the best interests of the Plaintiffs and the Class to settle the Action on the terms described herein.

NOW THEREFORE, without any admission or concession of any liability or wrongdoing or lack of merit in their defenses whatsoever by Defendants, and without any admission or concession on the part of Plaintiffs of any lack of merit of the Action whatsoever, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

10.     As used in this Stipulation and the related documents attached as exhibits hereto and incorporated by reference herein, the following terms shall have the following meanings:

(a)     "Administrative Expenses" means costs and expenses actually incurred in connection with giving notice to the Class, processing Proofs of Claim and administering the Settlement and Gross Settlement Fund, including but not limited to the fees and costs of a Claims Administrator and the costs of publishing, printing and mailing to Class Members the Class Notice and the Proof of Claim. Administrative Expenses shall not include attorneys' legal fees or fees for other legal personnel, whether incurred

in connection with provision of notice to Class Members, processing Proofs of Claim, or otherwise.

(b)    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

(c)    "Claimant" means any Class Member who files or purports or attempts to submit a Proof of Claim form to the Claims Administrator.

(d)    "Claims Administrator" means the firm selected by Plaintiffs' Lead Counsel and approved by the Court to receive and assist in processing Proofs of Claim.

(e)    "Class" and/or "Class Members" means, for the purposes of this Stipulation only, all persons and entities who purchased Ibis common stock during the Class Period, which Class shall be certified for settlement purposes only.  The Class shall exclude Defendants in this Action, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, the executive officers, directors, employees, subsidiaries and affiliates of Ibis, and any person, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Class Notice.

(f)    "Class Member" means any member of the Class defined above.

(g)    "Class Notice" means the Notice of Pendency of Class Action, Conditional Class Determination, Proposed Settlement of Class Action, Settlement Fairness Hearing, Application for Attorneys' Fees and Right to Share in the Net Settlement Fund, which is to be sent to Class Members substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(h)    "Class Period" means, for the purposes of this Stipulation only, the period of time from July 23, 2003 through December 12, 2003, inclusive.

(i)    "Defendants" means the defendants named in the Complaint in this Action, Ibis and Martin J. Reid.

(j)    "Defendants' Counsel" means the law firm of Goodwin Procter LLP.

(k)    "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 31 below.

(l)    "Final" means the latest to occur of the following:  (i) the dates as of which the time to seek review, alteration, amendment or appeal of the Court's Order and Final Judgment has expired without any review, alteration, amendment or appeal having been sought or taken, including, if applicable, any three (3) day period for service by mail under the Federal Rules of Civil Procedure 6(a) and (e), which time shall, for purposes hereof, be deemed to be 33 days after entry of the Order and Final Judgment; or (ii) if a motion or other application for review, alteration, amendment or appeal is filed, sought or taken, the date as of which such request for review, alteration, amendment or appeal shall have been finally determined in such a manner as to permit the

7

implementation of the Settlement in substantial accordance with the terms set out in this Stipulation. For purposes of this Stipulation, an "appeal" shall include any petition for writ of certiorari or other writ that might be filed in connection with approval or disapproval of this Stipulation, but shall not include any appeal which concerns only the issue of attorneys' fees and reimbursement of costs and disbursements awarded to Plaintiffs' Counsel or the Plan of Allocation, as hereinafter defined. Any proceeding or order, or any appeal or petition for writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, shall not in any way delay or preclude the Order and Final Judgment from becoming Final.

(m)    The "Gross Settlement Amount" means the amount of one million nine hundred thousand dollars ($1,900,000.00) cash.

(n)    The "Gross Settlement Fund" means the Gross Settlement Amount plus all interest earned thereon.

(o)    The "Insurer" means XL Specialty Insurance Company.

(p)    The "Net Settlement Fund" has the meaning ascribed to it in paragraph 13 below.

(q)    "Or" shall mean "and/or"

(r)    "Order and Final Judgment" means the proposed order approving the Stipulation to be entered in substantially the form attached hereto as Exhibit B.

(s)    "Order for Notice and Hearing" means the proposed order entitled "Preliminary Order in Connection with Settlement Proceedings," which, among other things, preliminarily approves the Settlement and directs notice to the Class, substantially in the form attached hereto as Exhibit A.

(t)     "Plaintiffs" means Martin Smolowitz, George Harrison and Mark G. Forgue.

(u)     "Plaintiffs' Counsel" means Plaintiffs' Lead Counsel and all of the other attorneys representing Plaintiffs in this Action.

(v)     "Plaintiffs' Lead Counsel" means the Law Offices Bernard M. Gross, P.C.

(w)     "Proof of Claim" means the form of instructions and Proof of Claim form annexed hereto as Exhibit 2 to Exhibit A.

(x)     "Publication Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement and Settlement Hearing for newspaper publication substantially in the form attached here as Exhibit 3 to Exhibit A.

(y)     "Released Parties" means any and all Defendants and their past, present or future subsidiaries, parents, successors, predecessors, assigns, acquirers, divisions, affiliates, officers, directors, shareholders, principals, agents, representatives, employees, partners, members, joint venturers, investors, advisors, investment advisors, attorneys, underwriters, auditors, accountants, heirs, executors, administrators, legal representatives, successors in interest, insurers and reinsurers, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the respective legal representatives, heirs, executors, administrators, predecessors, successors in interest and/or assigns of any of them.

(z)     "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities of any kind whatsoever (including, but not limited to, any

claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been, or could in the future be, asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, events, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

(aa)    "Settled Defendants' Claims" means any and all claims, rights, or causes of action or liabilities whatsoever based on federal, state, local, statutory or common law or any other law, rule or regulation, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the legal representatives, heirs, successors and assigns of any of them against the Plaintiffs, Class Members or their attorneys, which concern, arise out of or relate in any way to the institution, prosecution or settlement of the Action.

(bb)    "Settlement" means the Settlement contemplated by this Stipulation.

(cc)    "Unknown Claims" means any and all Settled Claims which any Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and

all such Unknown Claims, the parties stipulate and agree that upon the Effective Date, the

Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by

operation of the Order and Final Judgment shall have, expressly waived and relinquished

any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or by any

law of any state or territory of the United States, or principle of common law, which is

similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her
> favor at the time of executing the release, which if known
> by him or her must have materially affected his or her
> settlement with the debtor.

## SCOPE AND EFFECT OF SETTLEMENT

11.     The obligations incurred pursuant to this Stipulation shall be in full and

final disposition of the Action and any and all Settled Claims as against all Released

Parties and any and all Settled Defendants' Claims.

12.     Upon the Effective Date of this Settlement:

(a)     The Plaintiffs and all Class Members who have not properly excluded

themselves from the Class, on behalf of themselves, their respective heirs, executors,

administrators, personal representatives, successors and assigns, and on behalf of any

person or entity for whom they act or acted as trustee, guardian, conservator, attorney-in-

fact, or otherwise as agent with respect to any Ibis shares they purchased in such capacity

during the Class Period, shall conclusively be deemed to have released and forever

discharged as by an instrument under seal without further act by any person, each and

every one of the Released Parties from any and all Settled Claims.  Without limiting the

generality of the foregoing in any way, the Plaintiffs and all Class Members who have not

properly excluded themselves from the Class shall be deemed to have covenanted and agreed to dismiss the Action and all actions consolidated into the Action, as against the Defendants, with prejudice and without costs.  By entering into this Stipulation, each of the Plaintiffs represents and warrants that he or she has not assigned, hypothecated, granted, conveyed, transferred, or otherwise given or agreed to assign, hypothecate, grant, convey, transfer, or otherwise give any interest in the Settled Claims, or any of them or any portion of them, to any other person or entity.

(b)    Each of the Plaintiffs and the other Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Settled Claims.  Notwithstanding the foregoing, each Plaintiff hereby stipulates and agrees and each other Class Member shall be deemed to stipulate and agree, upon the Effective Date and by operation of the Order and Final Judgment, to fully, finally, and forever settle and release any and all Settled Claims against the Released Parties, including any and all Unknown Claims, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Plaintiffs, on behalf of themselves and the other Class Members, acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this is a part.

(c)    Defendants and each of the other Released Parties may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Settled Defendants' claims.  Notwithstanding the foregoing,

12

Defendants hereby stipulate and agree, on behalf of themselves and the Released Parties, and the Released Parties shall be deemed to stipulate and agree, upon the Effective Date of this Settlement, to release and forever discharge each and every of the Settled Defendants' Claims, and to forever be enjoined from prosecuting Settled Defendants' Claims. Defendants on behalf of themselves and the Released Parties, acknowledge that the foregoing waiver was bargained for and a key element of the Settlement of which this is a part.

### THE SETTLEMENT CONSIDERATION

13.    In full consideration of the Settlement of the Action and the releases by the Class Members of the Settled Claims, Defendants agree to cause to be made a cash payment in the amount of one million and nine hundred thousand dollars ($1,900,000.00) (the "Gross Settlement Amount") as follows:

(a)    The parties acknowledge that within fifteen (15) calendar days of the Court's entry of a Preliminary Order in Connection with Settlement Proceedings, in all material respects in the form set forth in Exhibit A annexed hereto, the Insurer, on behalf of the Defendants, will have paid, or caused to be paid, the sum of one million and nine hundred thousand dollars ($1,900,000.00) into an interest bearing escrow account for the benefit of the Class (the "Escrow Account") established and controlled by Plaintiffs' Lead Counsel for the purposes of this Settlement.

(b)  The Escrow Account has been and will be maintained in a segregated account for the benefit of the Class in a major banking institution and invested in U.S. Treasury or agency securities or money market accounts.

(c)    The Gross Settlement Fund, net of any Taxes (as defined below) and Tax Expenses (as defined below), shall be used to pay (i) Administrative Expenses up to the limit described in paragraph 15 hereof, (ii) to the extent allowed by the Court, the attorneys' fee and expense award referred to in paragraph 16 hereof, and (iii) the remaining Administrative Expenses referred to in paragraph 20 hereof.  The balance of the Gross Settlement Fund, shall be the "Net Settlement Fund," which shall be distributed to Authorized Claimants in accordance with the terms of this Stipulation.

(d)    All funds held in the Escrow Account shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the Insurer pursuant to this Stipulation and/or further order of the Court.

(e)    The parties hereto and their counsel agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of the Internal Revenue Service, Department of Treasury Regulations ("Treas. Reg.") Section §1.468B-1.  In addition, Plaintiffs' Lead Counsel, Defendants and the Insurer shall jointly and timely make the "relation-back" election (as defined in Treas. Reg. Section 1.468B-1) to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Plaintiffs' Lead Counsel to timely and properly prepare, and deliver the necessary documentation for signature by all necessary parties, and thereunder to cause the appropriate filing to occur, and to promptly provide copies of such filings to Defendants and the Insurer upon their request.  Plaintiffs' Lead Counsel may delegate

14

responsibilities hereunder to their agents, but shall remain responsible to ensure the proper completion of these duties.

(f)     For the purposes of Treas. Reg. Section 1.468B, the "administrator" shall be Plaintiffs' Lead Counsel.  Plaintiffs' Lead Counsel shall promptly obtain a taxpayer identification number for the Gross Settlement Fund, and shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund.  Such returns (as well as the elections described in paragraph 13(e) above ) shall be consistent with this subparagraph and in all events shall reflect all taxes (including any estimated taxes, interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund.

(g)     All (i) taxes, including any estimated taxes, interest or penalty, arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax determinations that may be imposed upon Defendants or upon Defendants' Counsel with respect to income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the taxation of the Gross Settlement Fund, including but not limited to any expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing or failure to file the tax returns described in this Section ("Tax Expenses") shall be paid out of the Gross Settlement Fund and in all events neither Defendants nor the Insurer nor any other of the Released Parties shall have any liability or responsibility for payment of Taxes or Tax Expenses.  In the event that Defendants or the Insurer or any Released Parties are taxed on income of the Gross Settlement Fund, the

Gross Settlement Fund shall pay such Taxes. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by Plaintiffs' Lead Counsel out of the Gross Settlement Fund without prior order of the Court, and Plaintiffs' Lead Counsel shall be obligated, notwithstanding anything herein to the contrary, to withhold from distribution to Class Members any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. Sec. 1.468B-2(1)(2)); neither the Released Parties nor Defendants' Counsel are responsible nor shall they have any liability therefor. The parties hereto agree to cooperate with Plaintiffs' Lead Counsel, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Stipulation.

(h)     If the Settlement is not finally approved or consummated, or fails to become effective for any reason, the Gross Settlement Fund, plus interest thereon, less any Administrative Expenses paid or incurred in compliance with paragraphs 14, 15 and 20, and less any Taxes and Tax Expenses, shall be returned to the Insurer, within five (5) business days after Defendants' Counsel or Defendants provide written instructions to Plaintiffs' Lead Counsel. In that event, Plaintiffs' Lead Counsel shall provide Defendants' Counsel with an accounting of funds not returned.

## **ADMINISTRATION**

14.     The Claims Administrator shall administer the Settlement under Plaintiffs' Lead Counsel's supervision and subject to the jurisdiction of the Court. Defendants and the Insurer shall have no responsibility for, or right in connection with, the administration

of the Settlement and shall have no liability to the Class in connection with such administration. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including providing all information reasonably available from their transfer records concerning the identity of Class Members and their transactions.

15.    Plaintiffs' Lead Counsel shall have the right, prior to the Effective Date, to withdraw up to the sum of $100,000.00 from the Gross Settlement Fund, without further approval from the Defendants or the Court, to pay for Administrative Expenses (as defined in paragraph 10(a)). Except for any Taxes due on the net taxable income earned by the Gross Settlement Fund, which taxes shall be paid in accordance with paragraph 13(g) herein, and any Tax Expenses related thereto, and any attorneys' fees and expenses which are payable pursuant to paragraphs 16 and 17 below, no other withdrawal or payment from the Gross Settlement Fund shall be permitted prior to the Effective Date without prior written consent of all parties hereto (which consent shall not be unreasonably withheld) and the approval of the Court.

## ATTORNEYS' FEES AND EXPENSES

16.    Plaintiffs' Lead Counsel will apply to this Court on behalf of Plaintiffs' Counsel for an award from the Gross Settlement Amount of attorneys' fees not to exceed one-third (33 1/3%) of the Gross Settlement Amount, and for reimbursement of litigation expenses actually incurred, and interest on such fees and expenses. The determination as to the amount of any fees, disbursements and reimbursement of litigation expenses, and interest to be awarded will be made by the Court, and nothing in this Stipulation shall be construed to constitute an agreement between the Class Members or Plaintiffs' Lead

Counsel and Defendants or Defendants' Counsel as to the amount of any such award. Neither Defendants nor Defendants' Counsel shall take any position as to the amount of any such application or award.

17.    Such fees and disbursements and reimbursement of litigation expenses to Plaintiffs' Counsel and interest as the Court may award, are to be paid out of the Gross Settlement Fund (and not by Defendants) immediately upon the Court's entry of an order awarding such fees and expenses, subject to the Plaintiffs' Lead Counsel's obligation to pay back any such amount – plus accrued interest at the same rate as is earned by the Gross Settlement Fund – if, or to the extent that, the order awarding fees and expenses is amended or does not become Final, and/or the Order and Final Judgment does not become Final.

### DISTRIBUTION TO AUTHORIZED CLAIMANTS

18.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss (as defined in the Plan of Allocation as the Court approves).  This is not a claims-made settlement.  The Plan of Allocation shall provide for the distribution of all of the Net Settlement Fund to Authorized Claimants.  Defendants shall have no involvement in reviewing or challenging claims.

19.    The Plan of Allocation proposed in the Class Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that the Plan of Allocation be approved.

20.    After all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified of the opportunity to

be heard concerning such rejection or disallowance, Plaintiffs' Lead Counsel will apply

to the Court, on notice to Defendants' Counsel and to any Claimants who have requested

the Court's review of the rejection of their Claim, for an order (the "Class Distribution

Order") approving the Claims Administrator's administrative determinations concerning

the acceptance and rejection of the Claims filed herein and approving any Administrative

Expenses not previously applied for.

21.     Subject to the approval and further order(s) of the Court, the Net

Settlement Fund shall be distributed to Authorized Claimants in accordance with the

"Plan of Allocation of Settlement Proceeds Among Class Members" contained within the

Class Notice attached as Exhibit 1 to Exhibit A hereto.

22.     No Authorized Claimant shall have any claim against Plaintiffs or

Plaintiffs' Lead Counsel based on the distributions made in accordance with this

Stipulation.

## ADMINISTRATION OF THE SETTLEMENT

23.     Any Class Member who does not file a valid Proof of Claim will not be

entitled to receive any of the Net Settlement Fund but will otherwise be bound by all of

the terms of this Stipulation and the Settlement, including the terms of the Order and

Final Judgment to be entered in the Action and the releases provided for herein, and will

be barred from bringing any action against the Released Parties concerning the Settled

Claims.

24.     Plaintiffs' Lead Counsel shall be responsible for supervising the

administration of the Net Settlement Fund by the Claims Administrator.  Except for their

obligations to pay the Settlement consideration set forth in paragraph 13 hereof, and to

cooperate in the production of information with respect to the identification of potential Class Members from Ibis's shareholder transfer records, as provided herein, Defendants and the Insurer shall have no liability, obligation or responsibility for the administration of the Net Settlement Fund or the processing of claims. Plaintiffs' Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (see attached Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as Plaintiffs' Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date specified in the Class Notice unless such period is extended by order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by order of the Court, a later field Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Settled Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received

with a postmark indicated on the envelope and if mailed first-class postage prepaid and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     No later than five (5) business days prior to the Settlement Fairness Hearing, Plaintiffs' Lead Counsel will send to Defendants' Counsel copies of Proof of Claim forms signed by Plaintiffs Martin Smolowitz, George Harrison, and Mark G. Forgue and submitted to the Claims Administrator, along with a confirmation or representation that those Proof of Claim forms were submitted to the Claims Administrator.

(d)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (f) below;

(e)     Proofs of Claim that do not meet the filing requirements must be rejected.  Prior to the rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in order to remedy the curable deficiencies in the Proof of Claims submitted.  The Claims Administrator, under the supervision of Plaintiffs' Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject, in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of subparagraph (f) below;

(f)     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required under subparagraph (e) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Plaintiffs' Lead Counsel shall thereafter present the request for review to the Court; and

(g)     The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order;

26.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

27.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in the distribution of the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the

releases provided herein, and will be barred from bringing any action or other proceeding against the Released Parties concerning the Settled Claims.

28.    All proceedings with respect to the administration, processing and determination of claims described by paragraph 25 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

## TERMS OF ORDER FOR NOTICE AND HEARING

29.    Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Plaintiffs' Lead Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

## TERMS OF ORDER AND FINAL JUDGMENT

30.    If the Settlement contemplated by this Stipulation is approved by the Court, and all prior conditions, requirements and events set forth in this Stipulation have been met or have occurred, counsel for the parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

31.    Provided that the Settlement has not been terminated in accordance with the provisions of paragraphs 32 or 34, the Effective Date of Settlement shall be the date when all of the following shall have occurred:

(a)    entry of the Order for Notice and Hearing in all material respects in the form annexed hereto as Exhibit A;

(b)    approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and;

(c)    entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit B annexed hereto; and

(d)    the Order and Final Judgment has become Final, as that term is defined in paragraph 10(l) above;

32.    Defendants and Plaintiffs shall each have the right separately to terminate the Stipulation and Settlement by providing written notice (a "Termination Notice") to all other parties hereto in the event the Settlement, or any orders necessary to effectuate the Settlement, are not approved by the Court in substantially the forms annexed hereto, or the Order and Final Judgment approving the Settlement is modified or reversed in any material respect by any appellate or other court.  The non-approval, modification, reversal or vacatur of (i) any award of attorneys' fees and expenses, or (ii) the Plan of Allocation shall not be the basis for any party to terminate the Settlement or this Stipulation.

33.    Except as otherwise provided herein, in the event the Settlement is terminated or modified in any material respect or fails to become effective for any reason, then the parties to this Stipulation shall be deemed to have reverted to their respective positions in the Action as of September 27, 2006 and except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Gross Settlement Fund previously paid on behalf of Defendants, together with any interest earned thereon, shall be returned

to the Insurer in accordance with paragraph 13(h) hereto. If the Stipulation is not approved by the Court or is not consummated for any other reason, Defendants reserve the right to oppose certification of the Class, or any part of the Class.

34. Defendants shall have the sole right to terminate this Stipulation in the event that any requests from Class Members to be excluded (collectively "Requests for Exclusion") from the Class (collectively the "Excluded Persons") exceed the threshold value of shares, in the aggregate, that has been specified in a separate supplemental letter agreement between Counsel for the Defendants and Plaintiffs' Lead Counsel dated December 6, 2006 (the "Supplemental Letter"). The Supplemental Letter shall not be filed unless a dispute arises as to its terms. In the event this Stipulation is terminated pursuant to this provision, this Stipulation shall become null and void and of no further force and effect, and the provisions of paragraph 13(h) above shall apply.

(a) It is expressly understood and agreed that the only persons and entities who may submit Requests for Exclusion at this time are those persons or entities who are Class Members, *i.e.*, all persons or entities who purchased the common stock of Ibis during the period from July 23, 2003 through December 12, 2003, inclusive, and held through December 12, 2003, and who are not excluded by the definition of the Class contained in paragraph 10(e) herein.

(b) The Preliminary Order in Connection With Settlement Proceedings shall provide that Requests for Exclusion shall be received at least fifteen (15) business days prior to the Settlement Fairness Hearing date. The Claims Administrator shall provide Plaintiffs' Lead Counsel and Defendants' Counsel with copies of any Requests for Exclusion and all other documents received from the Excluded Persons within three (3)

business days of receipt by the Claims Administrator, but in no event later than ten (10) business days before the date of the Settlement Fairness Hearing.  Any subsequently-received Requests for Exclusion, along with any accompanying documents, shall be faxed and sent by overnight courier service by the Claims Administrator to Plaintiffs' Lead Counsel and Defendants' Counsel immediately upon receipt by the Claims Administrator.

(c)     With respect to any valid Requests for Exclusion, Defendants shall have the right to obtain satisfactory evidence of the number of shares of Ibis common stock purchased or acquired during the Class Period, including the right to seek permission from the Court to obtain the same.  Plaintiffs and Lead Plaintiffs' Counsel agree to cooperate with Defendants and Defendants' Counsel with respect to any such efforts.

(d)     If Defendants elect to exercise the option set forth in paragraph 34, written notice of such election must be served on Plaintiff's Lead Counsel on or before five (5) calendar days prior to the Settlement Fairness Hearing, unless the Court allows Class Members filing untimely Requests for Exclusion to be excluded from the Class, in which case said notice of termination shall be provided by Defendants at any time prior to the Settlement Fairness Hearing.

(e)     In the event that Defendants serve a written notice of their intent to terminate the Settlement pursuant to paragraph 34(d), Defendants may withdraw their election by providing written notice of such withdrawal to Plaintiffs' Lead Counsel no later than 5:00 p.m. Eastern Time on the day prior to the Settlement Fairness Hearing, or by such later date as shall be agreed upon in writing as between Plaintiffs' Lead Counsel and Defendants' Counsel.

(f)     If Defendants elect to withdraw from the Stipulation pursuant to paragraph 34, Plaintiffs' Lead Counsel may, within five (5) days of receipt of such notice of intention to withdraw from the Settlement (or such longer period as shall be agreed upon in writing between Plaintiffs' Lead Counsel and Defendants' Counsel), review the validity of any Request for Exclusion and may attempt to cause retraction or withdrawal of any request for exclusion.  If, within the five (5) day period (or longer period agreed upon in writing), Plaintiffs' Lead Counsel succeeds in causing the filing of retractions or withdrawals of a sufficient number of Requests for Exclusion such that the value of shares represented by the remaining Requests for Exclusion does not constitute grounds for withdrawal as specified in paragraph 34 above, then any withdrawal from the Stipulation by Defendants shall automatically be deemed a nullity.  To retract or withdraw a prior Request for Exclusion, a member of the Class must file a written notice with the Court stating the person's or entity's desire to retract or withdraw his, her or its Request for Exclusion and that person's or entity's desire to be bound by any judgment or settlement in this Action; provided, however, that the filing of such written notice may be effected by Plaintiffs' Lead Counsel, as long as the Class Member's signature appears thereon.

(g)     If Defendants elect to withdraw from the Stipulation in accordance with paragraph 34 and such withdrawal is not nullified in accordance with paragraph 34(f), the Stipulation shall be withdrawn and terminated and deemed null and void, and the provisions of paragraph 33 shall apply.

## <u>NO ADMISSION OF WRONGDOING</u>

35. This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a) offered or received against any Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any other proceeding, or of any alleged liability, negligence, fault or wrongdoing of Defendants;

(b) offered or received against any Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document, report or financial statement issued, filed, approved or made by any Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

(c) offered or received against any Defendant as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d)    construed against Defendants or Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e)    construed as or received as evidence as an admission, concession or presumption against Plaintiffs or the Class or their counsel or any of them that any of the claims asserted in this Action are without merit or that damages recoverable under the Complaint would not have exceeded the Net Settlement Fund.

## MISCELLANEOUS PROVISIONS

36.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

37.    If a case is commenced in respect of Ibis (or the Insurer contributing funds to the Gross Settlement Fund) under Title 11 of the United States Bankruptcy Code, or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Gross Settlement Fund or any portion thereof by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Gross Settlement Fund by others, then, at the election of the Plaintiffs' Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Order and Final Judgment entered in favor of the Defendants pursuant to this Stipulation, which releases and Order and Final Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as if the

Stipulation had never been executed, and any cash amounts in the Gross Settlement Fund shall be returned as provided in paragraph 13(h) above.

38.     The Parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Members against the Released Parties with respect to the Settled Claims.  Accordingly, Plaintiffs and the Defendants agree not to assert in any forum that the Action was brought or defended in bad faith or without a reasonable basis.  The parties hereto shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution or defense of the Action.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

39.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest, and approved by the Court where necessary.

40.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

41.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiffs' Lead Counsel and enforcing the terms of this Stipulation.

42.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

43.     This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, supersede all prior written or oral understandings other than written agreements regarding confidentiality, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits and the Supplemental Letter other than those contained and memorialized in such documents.

44.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original and signed counterparts.

45.     This Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, legal representatives, successors and assigns of the parties hereto.

46.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the Commonwealth of Massachusetts without regard to conflict or choice of law rules, except to the extent that federal law requires that federal law governs.  Any action or proceeding to enforce this Stipulation or to secure damages for its breach shall be brought in the United States District Court for the District of Massachusetts.

47.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by

counsel for one of the parties, it being recognized that it is the result of arm's length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

48.    The undersigned Plaintiffs' Lead Counsel represent that they have been fully authorized by Plaintiffs to enter this Stipulation and to take all appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class that they deem appropriate.  The undersigned Defendants' Counsel represent that they have been fully authorized by Defendants to enter this Stipulation to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of Defendants that they deem appropriate.

49.    Plaintiffs' Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement in accordance with the terms of this Stipulation.  The foregoing constitutes the entire agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in a writing signed by all parties hereto or their successors in interest.

Dated: December 6, 2006

LAW OFFICES BERNARD M. GROSS, PC

By: _Robert P. Frutkin_

Robert P. Frutkin
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Tel: (215) 561-3600
Fax: (215) 561-3000

Lead Counsel for Plaintiffs

WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ, LLP

By:_____
Peter Harrar
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
Fax: (212) 545-4653

Counsel for Plaintiffs

GOODWIN PROCTER LLP

By:_____
Brian E. Pastuszenski
Exchange Place
Boston, MA 02109
Tel: (617) 570-1000
Fax: (617) 523-1231

Counsel for Defendants

LIBA/1748771.1

33

Dated: December 6, 2006

                                    LAW OFFICES BERNARD M. GROSS, PC

                                    By:_____
                                    Robert P. Frutkin
                                    Suite 450, Wanamaker Building
                                    100 Penn Square East
                                    Philadelphia, PA 19107
                                    Tel:  (215) 561-3600
                                    Fax:  (215) 561-3000

                                    Lead Counsel for Plaintiffs

                                    WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ, LLP

                                    By:_____
                                    Peter Harrar
                                    270 Madison Avenue
                                    New York, NY 10016
                                    Tel:  (212) 545-4600
                                    Fax:  (212) 545-4653

                                    Counsel for Plaintiffs

                                    GOODWIN PROCTER LLP

                                    By:_____
                                    Brian E. Pastuszenski
                                    Exchange Place
                                    Boston, MA 02109
                                    Tel:  (617) 570-1000
                                    Fax:  (617) 523-1231

                                    Counsel for Defendants

LIBA/1748771.1

33

Dated: December 6, 2006

LAW OFFICES BERNARD M. GROSS,
PC

By:_____
Robert P. Frutkin
Suite 450, Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Tel:  (215) 561-3600
Fax:  (215) 561-3000

Lead Counsel for Plaintiffs

WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ, LLP

By:_____
Peter Harrar
270 Madison Avenue
New York, NY 10016
Tel:  (212) 545-4600
Fax:  (212) 545-4653

Counsel for Plaintiffs

GOODWIN PROCTER LLP

By: _Brian E. Pastuszenski/yms_
Brian E. Pastuszenski
Exchange Place
Boston, MA 02109
Tel:  (617) 570-1000
Fax:  (617) 523-1231

Counsel for Defendants

LIBA/1748771.1

33