UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
**IN RE IBIS TECHNOLOGY**     )
**SECURITIES LITIGATION**     )   Civ No. 04-10446 RCL
_____)

**PROOF OF CLAIM**

DEADLINE FOR SUBMISSION: _____, 2007

IF YOU PURCHASED THE COMMON STOCK OF IBIS TECHNOLOGY CORP. ("IBIS") BETWEEN JULY 23, 2003 AND DECEMBER 12, 2003, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.  EXCLUDED FROM THE CLASS ARE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY (PARENTS, SPOUSES, SIBLINGS AND CHILDREN) OF ANY INDIVIDUAL WHO WAS NAMED AS A DEFENDANT, ANY SUBSIDIARY OR AFFILIATE OF IBIS, AND THE DIRECTORS AND EXECUTIVE OFFICERS OF IBIS OR ITS SUBSIDIARIES OR AFFILIATES, OR ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS AND ASSIGNS OF ANY EXCLUDED PERSON.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.  IF YOU PURCHASED IBIS COMMON STOCK DURING THE CLASS PERIOD AT A PRICE LESS THAN OR EQUAL TO $12.88 PER SHARE, YOU WILL NOT HAVE SUFFERED A RECOGNIZED LOSS UNDER THE PLAN OF ALLOCATION AND YOU WILL NOT RECEIVE ANY OF THE SETTLEMENT PROCEEDS.  IN ADDITION, IF YOU PURCHASED IBIS COMMON STOCK DURING THE CLASS PERIOD AND SOLD IT BEFORE DECEMBER 12, 2003 YOU WILL NOT RECEIVE ANY OF THE SETTLEMENT PROCEEDS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, 2007, TO THE FOLLOWING ADDRESS:

Ibis Technology Corp. Securities Litigation Fund
c/o Valley Forge Administrative Services, Inc., Claims Administrator
One Aldwyn Center, Third Floor
P.O. Box 220
Villanova, PA  19085
Telephone: (877) 965-3300

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, 2007 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

**CLAIMANT'S STATEMENT**

1. I purchased the common stock of Ibis Technology Corp. ("Ibis") during the period between July 23, 2003 and December 12, 2003, inclusive.  (Do not submit this Proof of Claim if you did not purchase Ibis common stock during this period.)

2. By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action, Conditional Class Determination, Proposed Settlement of Class Action, Settlement Fairness Hearing, Application For Attorneys' Fees and Right to Share in the Net Settlement Fund, (the "Class Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone else excluded from the Class; that I have read and understand the Class Notice; that I believe that I am entitled to receive a share of the Settlement proceeds; that I elect to participate in the proposed Settlement described in the Class Notice, and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (such as an executor, administrator, trustee, guardian, attorney-in-fact or other representative), you must certify that you are currently authorized to act on behalf of the Class Member and submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I have set forth where requested below all relevant information with respect to each purchase of Ibis common stock during the Class Period, and each sale, if any, of such securities.

4. I have enclosed photocopies of the stockbroker's confirmation slips,

2

stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of Ibis common stock listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR STOCKBROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.  PLEASE DO NOT SEND ORIGINALS OF SUCH DOCUMENTS.)

     5. I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

     6. Upon the occurrence of the Effective Date (as defined in the Class Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns of each of the "Released Parties" of all "Settled Claims," as defined herein.

     7. By submitting this Proof of Claim, the undersigned and any person or entity on whose behalf the undersigned is acting, submits to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of the Action.

     8. <u>Statement of Claim</u>

Name(s) of Beneficial Owner(s):

_____
Name

_____
Name

_____
Street No.

_____
City                                State                          Zip Code

(____)_____  (____)_____
Telephone No. (Day)                  Telephone No. (Night)

_____

Social Security Number (for individuals) or

_____

Taxpayer Identification Number (for estates, trusts, corporations, etc.)

Check One:

__ Individual __ Corporation __ Trust ___ Estate __ IRA Account __ Other (specify) _____

_____

Joint Owner's Name (if any)

9. At the close of business on July 23, 2003, I owned ___ shares of Ibis common stock.

10. I made the following PURCHASES of Ibis common stock between July 23, 2003 and December 12, 2003, inclusive. (Persons who received Ibis common stock during the Class Period other than by purchase, such as by gift or inheritance are not eligible to submit claims for those transactions.):

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Share(s) of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (incl. commisions and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

4

11.     I made the following SALES of Ibis common stock on the open market between July 23, 2003 and December 12, 2003, inclusive:

| Date(s) of Sales (List Chronologically (Month/Day/Year) | Number of Share(s) of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net commissions and fees) |
|---|---|---|---|
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |
| ____/____/_____ | _____ | $_____ | $_____ |

12.     At the close of business on December 12, 2003, I still owed _____ share(s) of Ibis common stock.

13.     Substitute Form W-9

(You must provide the requested information here even if you have already provided the same or similar information at Section 8 of this Proof of Claim.)

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number (for estates, trusts, corporations, etc.)

5

## **RELEASE**

       For purposes of this Release, the word "I" shall mean I or we, as the context requires, and the term "Class" shall mean all persons and entities who purchased the common stock of Ibis during the period July 23, 2003 through December 12, 2003, inclusive (the "Class Period"). Excluded from the Class are Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are any persons or entities who submit valid and timely requests for exclusions from the Class.

       For purposes of this Release, the term "Released Parties" shall mean any and all Defendants and their past, present or future subsidiaries, parents, successors, predecessors, assigns, acquirers, divisions, affiliates, officers, directors, shareholders, principals, agents, representatives, employees, partners, members, joint venturers, investors, advisors, investment advisors, attorneys, underwriters, auditors, accountants, heirs, executors, administrators, legal representatives, successors in interest, insurers and reinsurers, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the respective legal representatives, heirs, executors, administrators, predecessors, successors in interest and/or assigns of any of them.

       For purposes of this Release, the term "Settled Claims," shall mean any and all claims, debts, demands, rights or causes of action or liabilities of any kind whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been, or could in the future be, asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, events, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

       For purposes of this Release, the term "Unknown Claims" shall mean any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all such Unknown Claims, the parties stipulate and agree that upon the Effective Date, the Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived and relinquished any and all provisions, rights and benefits conferred

by Cal. Civ. Code § 1542, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

I, (and if I am an individual, on behalf of myself, and my heirs, executors, administrators, personal representatives, successors and assigns, and if I am acting on behalf of a corporation, partnership, trust or other legal entity, on behalf of it and its successors and assigns, and if I am acting or acted as trustee, guardian, conservator, attorney-in-fact or other agent with respect to Ibis shares purchased during the Class Period in such capacity, on behalf of any persons or entities for whom I act or acted as such trustee, guardian, conservator, attorney-in-fact or agent), for and in consideration of the Settlement set forth in that certain Stipulation and Agreement of Settlement dated December 6, 2006, filed in the Action (the "Stipulation"), and other good and sufficient consideration, the receipt and sufficiency of which are hereby acknowledged, agree to dismiss with prejudice, and hereby release and forever discharge, effective upon the Effective Date of the Settlement, as by an instrument under seal without further act by any person, each and every one of the Released Parties from any and all Settled Claims.

I agree that there is a risk that I may incur damages, expenses or liabilities relating to the Settled Claims, but which were unknown and unanticipated at the time I executed this Release, and that I acknowledge and agree that the Stipulation and Settlement and this Release is intended to be a full and final accord and satisfaction of such Unknown Claims and a release thereof and shall apply to all unknown and unanticipated results of said matters, as well as those now known and anticipated. In furtherance thereof, I hereby waive any and all provisions, rights and benefits conferred by law of any state or territory of the United States, or principle of common law, or of international or foreign law, which prohibits releases of Unknown Claims. I understand that I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the Settled Claims, but hereby stipulate and agree that I am fully releasing such claims and, upon the Effective Date and by operation of the Order and Final Judgment, I will have, fully, finally, and forever settled and released any and all Settled Claims whatsoever against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, including any and all Unknown Claims, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, with regard to the subsequent discovery or existence of such different or additional facts. I acknowledge that the foregoing waiver and release was bargained for and a key element of the Settlement of which this Release is a part.

By executing this Release, I represent and warrant that I have not assigned, hypothecated, granted, conveyed, transferred, or otherwise given or agreed to assign, hypothecate, grant, convey transfer or otherwise give any interest in the Settled Claims, or any of them or any portion of them, to any other person or entity.

I have read the foregoing Release carefully and, knowing and understanding its contents and the full legal effect thereof, I certify, under penalty of perjury, that I have signed the same as my own free act and deed as an instrument under seal.

## **CERTIFICATION**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (we) certify that, if I am (we are) acting as the representative for a Class Member I am (we are) currently authorized to act on behalf of the Class Member.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

Signature: _____     Date: _____


Signature: _____     Date: _____


If the person executing this Proof of Claim is acting in a representative capacity, evidence of such person's current authority to act on behalf of the Class Member must be submitted with this Proof of Claim.

8

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN _____, 2007, AND MUST BE MAILED TO:

Ibis Technology Corp. Securities Litigation Fund
c/o Valley Forge Administrative Services, Inc., Claims Administrator
One Aldwyn Center, Third Floor
P.O. Box 220
Villanova, PA  19085
Telephone: (877) 965-3300

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by_____, 2007, and if a postmark is indicated on the envelope and it is mailed by First Class Mail, and addressed in accordance with the above instructions.  In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

If you wish to be assured that your Proof of Claim is actually received by the Claims Administrator, then you should send it by Certified Mail, Return Receipt Requested.  No acknowledgment will be made as to the receipt of Proof of Claim forms.  You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim.  Please notify the Claims Administrator of any change of address.

LIBA/1748749.1