UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
**IN RE IBIS TECHNOLOGY**           )
**SECURITIES LITIGATION**           )         Civ No. 04-10446 RCL
_____)

ORDER AND FINAL JUDGMENT OF DISMISSAL
WITH PREJUDICE OF CLASS ACTION

This matter having come before the Court for approval of a settlement of the above-captioned consolidated class action litigation (the "Action"), pursuant to this Court's _____ Preliminary Order in Connection with Settlement Proceedings (the "Preliminary Order"), and the Court having heard all parties and having considered all papers filed in connection therewith, and good cause appearing therefor, it is this ___day of_____, 2007, **ORDERED, ADJUDGED AND DECREED:**

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the meanings ascribed to those terms in the Stipulation and Agreement of Settlement dated December 6, 2006 (the "Stipulation")

2. This Court has jurisdiction over the subject matter of the Action (and all actions and proceedings consolidated in the Action), and over the Plaintiffs, all Class Members and the Defendants.

3. The Court finds and determines that the Action may proceed as a class action, for purposes of the Settlement only, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all persons or entities

who purchased the common stock of Ibis Technology Corp. ("Ibis") during the Class Period. The Class excludes Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are persons or entities, if any, who requested exclusion as listed on Exhibit A hereto. The Court further finds and determines, for purposes of the Settlement only, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, that those persons who purchased Ibis common stock during the Class Period are so numerous that joinder is impracticable, that there are issues of law or fact common to the Class, that the claims of the Plaintiffs are typical of the Class, and that the Plaintiffs and their counsel will fairly and adequately represent the interests of the Class in enforcing their rights in the Action. The Court also finds, for purposes of the Settlement only, that under Rule 23(b)(3) of the Federal Rules of Civil Procedure, questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the subject matter of the Action.

4. Based upon the evidence submitted by Plaintiffs' Lead Counsel, this Court finds that the method of dissemination of both the published and the individual notices, as previously approved by the Court, to all Class Members who could be identified through reasonable effort, was adequate and reasonable and constituted the best notice practicable

2

under the circumstances.

5.      The Court also finds that the notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. 578u-4(a)(7), and any other applicable law, and constituted due and sufficient notice of the matters set forth therein.

6.      The proposed Settlement of the Action pursuant to the Stipulation is, in all respects, approved as fair, reasonable and adequate, meets the requirements of due process, and is in the best interests of the Class, especially in light of the complexity, expense and probable duration of further litigation, the risks of establishing liability and damages, the intensive arm's length negotiation of experienced counsel, the mediation process engaged in by the parties, and the reasonableness of the recovery herein considering the range of possible recovery and the attendant risks of litigation.  The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.      The method for the allocation of the Net Settlement Fund, as set forth in the Plan of Allocation in the notice, is approved as fair and reasonable.  Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and provisions.  The Court further declares that any appeal of the approval of the Plan of Allocation, attorneys' fees, or costs shall not prevent the Settlement from becoming effective.

8.      This Court hereby dismisses the Complaint and the Action (and all actions

consolidated into the Action) with prejudice and in their entirety, on the merits, as against all Defendants, as well as all Settled Claims (as that term is defined in the Stipulation) that were made, could have been made, or could in the future be made, in the Action, or in any other action or proceeding as against the Defendants, with prejudice and in their entirety on the merits, and in full and final discharge of any and all Settled Claims against the Defendants and the Released Parties, and without costs (except as provided in the Stipulation), such dismissal to be binding on the Plaintiffs and all Class Members. This Court specifically finds that all Class Members are bound by the Settlement and this Order and Final Judgment.

9.   The Plaintiffs and all Class Members, and with respect to the Plaintiffs and all Class Members who are natural persons, their heirs, executors, administrators, personal representatives, successors and assigns, and with respect to all Class Members who are trustees, guardians, conservators, attorneys-in-fact, or other agents who purchased Ibis shares during the Class Period in such capacity, all those upon whose behalf they act or acted as such trustee, guardian, conservator, attorney-in-fact or agent, and with respect to all Class Members who are corporations, partnerships or other legal entities, their successors and assigns, for and in consideration of the Settlement and other good and sufficient consideration, are hereby permanently barred and permanently enjoined from instituting, maintaining, prosecuting or participating in, either directly or indirectly, any action or other proceeding relating in any way to, or otherwise asserting, any of the Settled Claims, including all Unknown Claims, against any of the Defendants or the Released Parties, and shall conclusively be deemed to have released and forever

4

discharged as by an instrument under seal, any and all Settled Claims whatsoever, including all Unknown Claims, against the Defendants and the other Released Parties. The Plaintiffs, and all other Class Members who have not properly excluded themselves from the Class, shall further and conclusively be deemed to have waived the rights afforded by Cal. Civ. Code § 1542 and any other statute or law, or principle of common law, of any other jurisdiction which is similar, comparable, or equivalent to Cal. Civ. Code § 1542.

10. Ibis and all the Released Parties are hereby barred and permanently enjoined from prosecuting against any Plaintiffs or Class Members, and with respect to Plaintiffs and all Class Members who are natural persons, their heirs, executors, administrators, personal representatives, successors and assigns, and with respect to all Class Members who are trustees, guardians, conservators, attorneys-in-fact, or other agents who purchased Ibis shares during the Class Period in such capacity, all those upon whose behalf they act or acted as such trustee, guardian, conservator, attorney-in-fact or other agent, and with respect to all Class Members who are corporations, partnerships or other legal entities, their successors and assigns, and Plaintiffs' Counsel, and each of them, any claim arising out of or relating to the institution, prosecution, assertion or resolution of the Action, except against any Lead Plaintiff, Class Member or Plaintiffs' Counsel who or which commences an action or other proceeding in violation of this Order and Final Judgment.

11. The Court hereby enters a bar order, pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(g)(7), constituting the final discharge

of all obligations to all Plaintiffs of the Defendants arising out of the Action (the "Contribution Bar Order"). The Contribution Bar Order shall bar all future claims for contribution arising out of the Action by any person or entity against the Defendants.

12. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain continuing exclusive jurisdiction over all matters relating to the Action and the Settlement, including but not limited to matters relating to the administration, interpretation, effectuation or enforcement of the Settlement and related papers hereby approved, enforcement of this Order and Final Judgment, as well as matters relating to applications for fees and expenses incurred relating to the Action.

13. All persons, if any, whose names appear on Exhibit A, which is attached hereto and incorporated by reference herein, who purport to have been shareholders of Ibis during the Class Period and who have duly and timely requested exclusion from the Class are hereby excluded from the Class, not bound by this Order and Final Judgment, and may not under the circumstances make any claim or receive any benefit from the Settlement. Said excluded persons may not pursue any Settled Claims on behalf of those who are bound by this Order and Final Judgment. Each Class Member not appearing on Exhibit A is bound by this Order and Final Judgment, and will remain forever bound, regardless of whether such member files a Proof of Claim.

14. Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be:

(a) offered or received against any Defendant as evidence of or

6

construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any other proceeding, or the deficiency of any defense that has been or could have been asserted in the Action or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Plaintiffs and the Class as evidence of any infirmity in the claims of the Plaintiffs and the Class;

(c) offered or received against any Defendant as evidence of a presumption, concession, or admission of any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or other proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against any Defendant or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

7

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Class or their counsel or any of them that any of the claims asserted in this Action are without merit or that damages recoverable under the Complaint would not have exceeded the Net Settlement Fund.

15. Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be construed as an admission by any person or entity with regard to the merit or lack of merit of their claims in the Action.

16. The Court finds that each party and each attorney representing any party in the Action complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged and decreed.

18. Entry of final judgment and final approval of the Settlement settles and disposes of and discharges all claims that have been asserted or could have been asserted in the Action.

19. Plaintiffs' Counsel in the action are hereby awarded attorneys' fees

amounting to _____% of the Gross Settlement Fund.  Plaintiffs' Counsel are further awarded reimbursement of expenses (including experts' fees and expenses) in the amount of $_____, plus interest on such expenses at the same rate as earned by the Gross Settlement Fund from the date such expenses are awarded to the date they are actually paid.  The foregoing awards of fees and expenses shall be paid out of, and shall not be in addition to, the Gross Settlement Fund at the time and in the manner provided in the Stipulation, and shall be turned over to Plaintiffs' Lead Counsel as provided in the Stipulation.  Any and all allocations of attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel at the direction of Plaintiffs' Lead Counsel at their discretion, who shall apportion the fees and expenses based upon their assessment, in their sole discretion, of the respective contributions to the litigation made by each counsel.

20.    Plaintiffs' Lead Counsel are granted leave to file a supplemental application for reimbursement of expenses incurred and/or billed subsequent to the date of their pending application, including, for the fees and expenses of the Claims Administrator.  They are also granted leave to file a supplemental petition for fees upon good cause shown.

Dated: _____

_____
Honorable Reginald C. Lindsay
United States District Judge

LIBA/1748770.1