UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              )
**IN RE IBIS TECHNOLOGY**     )
**SECURITIES LITIGATION**     )   Civ No. 04-10446 RCL
_____)

**PRELIMINARY ORDER IN CONNECTION
WITH SETTLEMENT PROCEEDINGS**

WHEREAS, on December 6, 2006, Plaintiffs Martin Smolowitz, George Harrison, and Mark G. Forgue, and Defendants Ibis Technology Corp. ("Ibis") and Martin J. Reid (collectively, "Defendants") entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-entitled action (the "Action") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Conformed Consolidated Amended Complaint ("Complaint") on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW THEREFORE IT IS HEREBY ORDERED this _____ day of _____ that:

1.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby conditionally certified as a class action on behalf of all persons who purchased the common stock of Ibis during the period from July 23, 2003 through December 12, 2003, inclusive (the "Class Period"). The Class shall

exclude Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.  If the Settlement is not approved by the Court, or is not consummated for any other reason, Defendants shall not be precluded from opposing certification of the class, or any part thereof.

      2.      For purposes of this Settlement only, the Court conditionally finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) Plaintiffs will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Martin Smolowitz, George Harrison and Mark G. Forgue are certified as class representatives.

      4.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2007, at _____:___ __.m. for the following purposes:

      (a)      to finally determine whether this Action satisfies the applicable

2

rerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

      (b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

      (c)    to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice and to determine whether the release by the Class to the Released Parties, as set forth in the Stipulation, should be provided to the Released Parties;

      (d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

      (e)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

      (f)    to consider and rule upon such other matters as the Court may deem appropriate.

5.    The Court reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Conditional Class Determination, Proposed Settlement of Class Action, Settlement Fairness Hearing, Application For Attorneys' Fees and Right to Share in the Net Settlement Fund, (the "Class Notice"), and the Proof of Claim form annexed hereto as Exhibits 1 and 2 respectively.

7.    Plaintiffs' Lead Counsel shall cause the Class Notice and the Proof of Claim,

substantially in the forms annexed hereto, to be mailed, by first class mail postage prepaid, on or before fifteen (15) days from the date hereof, to all Class Members who can be identified with reasonable effort by Plaintiffs' Lead Counsel.  Ibis shall cooperate in making its transfer records and shareholder information available to Plaintiffs' Lead Counsel or their agent for the purpose of identifying and giving notice to the Class.   Plaintiffs' Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased Ibis common stock during the Class Period as record owners but not as beneficial owners.  Such nominee purchasers are directed to forward copies of the Class Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Class Notice and Proof of Claim promptly to such beneficial owners.  Additional copies of the Class Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Class Notice and Proof of Claim forms to beneficial owners. Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Class Notice and Proof of Claim.

8.    The Court approves the form of Publication Notice of the pendency of this class action and the proposed Settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Lead Counsel shall cause the Publication Notice to be published in the national edition of *The Wall Street Journal* within ten (10) days of the mailing of the Class Notice.  Plaintiffs' Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Published Notice.

9. The form and method set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21 D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions thereof, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Class Notice, postmarked not later than thirty (30) days after the date scheduled in paragraph 4 above for the Settlement Fairness Hearing. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Class Notice.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker

confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      (c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the Settlement becoming effective) release all claims as provided in the Stipulation.

    11.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such request ("Request for Exclusion") shall mail the request in written form by first class mail postmarked no later than fifteen (15) business days prior to the date set in paragraph 4 above for the Settlement Fairness Hearing to: Ibis Technology Corp. Securities Litigation Fund Exclusion Requests; c/o Valley Forge Administrative Services, Inc.; Claims Administrator, One Aldwyn Center, Third Floor, P.O. Box 220, Villanova, Pennsylvania 19085, Telephone (877) 965-3300. Such Request for Exclusion shall clearly indicate the name and address of the person seeking exclusion, that the sender requests to be excluded from the Class in the Ibis Technology Corp. Securities Litigation, and must be signed by such person. Such persons requesting exclusion are also requested to state: their telephone number and the date(s), price(s), and number(s) of shares of all purchases and sales of Ibis common stock during the Class Period. The Request for

Exclusion shall not be effective unless the Request for Exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Class Notice.

13. Any Class Member who has not requested exclusion in the time and manner specified in Paragraph 11 hereof may appear at the Settlement Fairness Hearing in person, or through duly authorized counsel of its, his or her choice, and show cause, if any, as to why the proposed Settlement, the Plan of Allocation, of the award of attorneys' fees and reimbursement of expenses should not be approved. No such person, however, will be heard unless that person has:

    (a) filed with the Clerk of the Court, United States District Court for the District of Massachusetts, located at One Courthouse Way, Boston, Massachusetts, 02210, no later than fifteen (15) business days prior to the date set in paragraph 4 above for the Settlement Fairness Hearing, the following documents:

        (i) a written objection and any supporting memoranda or other papers and information (including documentary proof of membership in the Class); and

        (ii) a written statement signed by the objector and setting forth (a) the name, address, and telephone number of the objector; (b) the number and price of shares of Ibis common stock purchased by the objector during the Class Period, and the date of each such transaction with proof thereof; (c) the

number and price of Ibis shares sold during the Class Period or thereafter, and the date of each such transaction with proof thereof; and (d) the reason the person is objecting; and

(b)    served copies of all papers listed in section 13(a) above, on or before no later than fifteen (15) business days prior to the date set in paragraph 4 above for the Settlement Fairness Hearing, upon each of the following: Robert P. Frutkin, Esquire, Law Offices Bernard M. Gross, P.C., Suite 450, Wanamaker Building, 100 Penn Square East, Philadelphia, Pennsylvania 19107, Peter Harrar, Esquire, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, and Brian E. Pastuszenski, Esquire, Goodwin Procter LLP, Exchange Place, Boston, Massachusetts 02109.

14.    Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

15.    Any Class Member who does not make any objection in the manner and within the time period provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses, unless otherwise ordered by the Court.

16. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. Pending final determination of whether the Settlement should be approved, the Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any of the Released Parties.

18. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____

_____
Honorable Reginald C. Lindsay
United States District Judge

LIBA/1748763.1