## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE IBIS TECHNOLOGY<br>SECURITIES LITIGATION | )<br>)<br>)<br>)<br>)      Case No. 04 cv 10446 RCL |

### AFFIDAVIT OF ROBERT P. FRUTKIN
### IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT AND LEAD COUNSEL'S
### JOINT PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | SS |
| COUNTY OF PHILADELPHIA | : | |

Robert P. Frutkin, being first duly sworn, deposes and says:

1.    I am an attorney with Law Offices Bernard M. Gross, P.C., Lead Counsel for Lead Plaintiffs in this litigation. I submit this Affidavit in support of final approval of the proposed settlement of this class action and in support of Lead Counsel's joint petition for an award of attorneys' fees I and reimbursement of expenses. I am personally familiar with all aspects of this litigation and make this affidavit upon personal knowledge of the facts stated herein.

2.    Commencing on December 29, 2003, five class actions were filed in this Court alleging similar violations of the Securities and Exchange Act of 1934 ("the Exchange Act") and Rule 10b-5 on behalf of a class of purchasers of the common stock of Ibis Technology Corp ("Ibis").

3.    After the expiration of the waiting period prescribed by the Private Securities Litigation reform Act of 2005 ("the PSLRA"), Martin Smolowitz, George Harrison and

Mark G. Forgue filed an Amended Motion for consolidation of the class actions, their appointment as Lead Plaintiffs and approval of their counsel, Law Offices Bernard M. Gross, P.C. and Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel and Shapiro Haber & Urmy LLP as Local Counsel.

4.     On June 4, 2006, the Court entered the Order On Consolidation, Appointment Of Lead Plaintiff And Lead Counsel And Related Matters ("the Consolidation Order"). The Court consolidated all of the class actions for all purposes and appointed Messrs Smolowitz, Harrison and Forgue  interim co-lead plaintiffs. The Court also appointed the Law Offices Bernard M. Gross, P.C. as Lead Counsel and Shapiro Haber & Urmy as Local Counsel.

5.     Pursuant to the Consolidation Order, Lead Plaintiffs filed their Consolidated Amended Complaint ("the Amended Complaint") on July 6, 2004. The Amended Complaint named Ibis and Martin J. Reid, Ibis' Chief Executive Officer, President and Chairman of the Board, as defendants. The Amended Complaint was brought on behalf of purchasers of the common stock of Ibis between July 23, 2003 and December 12, 2003 ("the Class Period").

6.     The Amended Complaint alleged that defendants' violated Section 10(b) of the Exchange Act and Rule 10b-5 by making a series of statements during the Class period which were false and misleading in two principal respects: (a) misrepresentations concerning sales of Ibis' principal product, the i2000 Implanter for the manufacture of SIMOX-SOI wafers ("the implanter allegations"); and (b) misrepresentations concerning the carrying value of Ibis'1000 implanters on Ibis' balance sheet ("the impairment allegations").

7.    On July 9, 2004, defendants filed their Motion To Dismiss Consolidated Amended Complaint arguing, *inter alia*, that both the implanter allegations and the impairment allegations failed to state a claim and that *scienter* was not pleaded with the requisite particularity.

8.    After full briefing of defendants' Motion to Dismiss, by Order entered November 10, 2004, the Court referred defendants' Motion to Dismiss to Magistrate Judge Judith G. Dein.  Pursuant to Magistrate Judge Dein's Order, a hearing on defendants' Motion to Dismiss was held on January 26, 2005, at which time the Court heard oral argument from counsel for defendants and Lead Counsel.  Subsequently, defendants filed Motions for leave to file Recent Authority.

9.    On September 22, 2005, Magistrate Judge Dein issued a Report And Recommendation On Defendants' Motion To Dismiss ("Report and Recommendation"), recommending that defendants' Motion be granted with respect to the implanter allegations and be denied with respect to the impairment allegations.  Thereafter, the parties filed their objections to the Report and Recommendation and their responses to those objections.

10.    The Court entered a Memorandum Order On Magistrate Judge's Report And Recommendation On Defendants' Motion To Dismiss on March 31, 2006.  The Court accepted Magistrate Judge Dein's recommendations, granting defendants' Motion with respect to the implanter allegations and denying defendants' Motion with respect to the impairment allegations.  The Court set an initial scheduling conference for May 31, 2006.

11.    On May 23, 2006, defendants filed their Motion To Strike Allegations Relating To Dismissed Claims From Consolidated Amended Complaint.  On May 24, 2006, defendants filed their Answer to Consolidated Amended Complaint.

3

12.    On May 24, 2006, the parties filed a Joint Statement Of The Parties Including Proposed Scheduling Order pursuant to Local Rule 16.1 and Certifications pursuant to Local Rule 16.1(D)(3).

13.    The Court held the Scheduling Conference on May 31, 2006 and, *inter alia*, set a schedule for discovery to be completed by June 20, 2007.  Lead Plaintiffs agreed to file a conformed amended complaint, and defendants withdrew their Motion to Strike.  The Court ruled that merits discovery could begin on July 1, 2006.  The Court ordered the parties to notify the Court concerning settlement mediation efforts by August 1, 2006, which, upon joint motion, was extended  to August 31, 2006.

14.    Lead Plaintiffs served document requests on defendants and subpoenas on, *inter alia*, Ibis' auditors, KPMG LLP.  Lead Plaintiffs also filed their Initial Disclosures pursuant to Fed.R.Civ.P 26(A)(1).

15.    Defendants served document requests on Lead Plaintiffs. Defendants also filed their Initial Disclosures pursuant to Fed.R.Civ.P 26(A)(1).

16.    The parties served responses and objections to the document requests.

17.    On July 31, 2006, counsel for the parties and counsel for defendants' insurance carrier met in Hartford, Connecticut to explore a possible resolution of the litigation.  Counsel were unable to reach a settlement at that lengthy meeting, in part because no documents had yet been produced to Lead Plaintiffs.  The parties, and insurance counsel, however,  agreed to schedule a mediation before a private mediator after the relevant documents were produced to Lead Plaintiffs.  On August 31, 2006, the parties jointly reported to the Court that they had scheduled a mediation on September 27, 2006 before Nicholas H. Politan, retired United States Judge.

4

18.    Prior to the mediation, Lead Counsel obtained documents from defendants and from KPMG LLP, Ibis' auditors, concerning the impairment allegations. Lead Counsel met with their accounting expert to discuss the accounting allegations and the information contained in the documents. The documents produced to Lead Plaintiffs, in Lead Counsel's opinion, based, in part, on their accounting expert's preliminary opinion, fully supported the impairment allegations. However, as is often the case, there were no "smoking guns" that would clearly establish defendants' *scienter* with respect to the impairment allegations.

19.    Counsel for Lead Plaintiffs also met with their materiality and damage expert to determine the provable damages arising out of only the impairment allegations. As the result of the dismissal of the impairment claims, Lead Plaintiffs' provable damages were significantly reduced. It became apparent to Lead Counsel, that at the reduced level of provable damages, settlement rather than time consuming and costly further litigation through trial would be the better path to achieving a benefit for the Class.

20.    In connection with the mediation, Lead Counsel prepared a confidential *in camera* mediation statement for the mediator. Counsel for defendants also provided the mediator with their confidential *in camera* mediation statement.

21.    The mediation was held on September 27, 2006. The principal focus of the negotiations centered around the extent of provable damages at trial arising out of the impairment claims. After an all-day session, the parties reached an agreement to settle the litigation on the terms set forth in the Stipulation of Settlement.

22.    The Stipulation of Settlement and related documents were submitted to the Court by Lead Counsel with a brief in support of their Application for Preliminary Approval

5

of the Proposed Settlement on December 7, 2006.  On January 25, 2007, the Court entered the Preliminary Order In Connection With Settlement Proceedings ("the Preliminary Approval Order").

23.    Pursuant to the Preliminary Approval Order, Lead Plaintiffs' settlement administrator mailed the Notice to the persons identified on the shareholder list provided by Ibis and to additional institutions and nominees on Friday 9, 2007.  The Summary Notice was published in *The Wall Street Journal* on Thursday, February 15, 2007.

24.    The date for Class Members to file objections to the Settlement and/or Lead Plaintiffs' request for attorneys' fees is April 11, 2007.  No objections have been received to date.

25.    The date for Class Members to file requests for exclusions is April 11, 2007.

Dated: ___4/2/07___                    _____
                                       **ROBERT P. FRUTKIN**

Sworn to and subscribed before me

this  2  day of April, 2007.

_____
**NOTARY PUBLIC**



DAISY FEDER
MY COMMISSION # DD 507040
EXPIRES: January 16, 2010
Bonded Thru Notary Public Underwriters