EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EXHIBIT B

|  |  |
|---|---|
| IN RE: IBIS TECHNOLOGY SECURITIES LITIGATION | Civ No. 04-10446 RCL |

## AFFIDAVIT OF SMITH-EDWARDS-DUNLAP PRINTING COMPANY IN CONNECTION WITH NOTICE BY MAILING

**COMMONWEALTH OF PENNSYLVANIA**  :  SS:
**COUNTY OF PHILADELPHIA**

BE IT KNOWN that appeared before me Tim Walters who being duly sworn deposes and says that:

1. He is Production Coordinator of Smith-Edwards-Dunlap Printing Company, Agents for Valley Forge Administrative Services which was retained to aid in giving notice to the Settlement Class in this matter.

2. Using information supplied to us, Smith-Edwards-Dunlap Printing Company addressed and delivered on February 9, 2007 to the United States Post Office, at 30th Street Station, Philadelphia, Pennsylvania, 7,176 pieces of First Class Presort Mailing of the attached material marked "Exhibit A".

SWORN TO AN SUBSCRIBED TO
before me this _12_ day of
_February_, 20_07_.

_____
Tim Walters

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MARGARET M. WITALEC, Notary Public
City of Philadelphia, Phila. County
My Commission Expires July 12, 2010

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------- X
IN RE: IBIS TECHNOLOGY          :  Civ No. 04-10446 RCL
       SECURITIES LITIGATION    :
                                :
---------------------------------------------- X

# NOTICE OF PENDENCY OF CLASS ACTION, CONDITIONAL CLASS DETERMINATION, PROPOSED SETTLEMENT OF CLASS ACTION, SETTLEMENT FAIRNESS HEARING, APPLICATION FOR ATTORNEYS' FEES AND RIGHT TO SHARE IN THE NET SETTLEMENT FUND

TO: ALL PERSONS WHO PURCHASED IBIS TECHNOLOGY CORP. ("IBIS") COMMON STOCK DURING THE PERIOD BETWEEN JULY 23, 2003 AND DECEMBER 12, 2003, INCLUSIVE.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY THIS LEGAL PROCEEDING. YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE PROPOSED CLASS ACTION SETTLEMENT. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THIS COURT ON THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY PARTY IN THIS LAWSUIT. THIS NOTICE IS SENT FOR THE PURPOSE OF INFORMING YOU OF THE PROPOSED SETTLEMENT AND THE ALTERNATIVE COURSES OF ACTION THAT YOU MAY TAKE.

1. This Notice is being given to you, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"), dated January 25, 2007. The purpose of this Notice is to inform you of the pendency of the above-captioned lawsuit (the "Action") and that a settlement has been proposed.

2. The Court has scheduled a hearing before the Honorable Reginald C. Lindsay, United States District Judge, in Courtroom #11, 5th flr., of the United States Courthouse, One Courthouse Way, Boston, Massachusetts 02210, on April 26, 2007 at 2:30 p.m. (the "Settlement Fairness Hearing") to determine: (a) whether for purposes of settlement, the Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of purchasers of Ibis common stock between July 23, 2003 and December 12, 2003, inclusive (the "Class Period"), excluding the Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person; (b) whether the proposed settlement (the "Settlement") of the Action, which includes the creation of a settlement fund in the gross amount of $1,900,000.00 plus interest, is fair, reasonable and adequate and should be approved by the Court; (c) whether an Order and Final Judgment should be entered dismissing all claims in the Action against the Defendants and dismissing the Action with prejudice and in their entirety, and without costs; (d) whether the Plan of Allocation of the Net Settlement Fund should be approved; and (e) whether to award attorneys' fees and expenses requested by Plaintiffs' Counsel.

3. This Notice also describes the background of the Action, the terms of the proposed Settlement, the procedure to be followed concerning the final approval of the Settlement and the procedure to be followed if you wish to object to the Settlement or exclude yourself from it. Entry of a final judgment in this Action will be binding on all members of the Class who did not choose to exclude themselves from it. Please read this Notice carefully and in its entirety.

## SETTLEMENT SUMMARY

4. PLAINTIFFS' STATEMENT OF PLAINTIFFS' RECOVERY: Pursuant to the Settlement described herein, the Settlement amount consists of $1,900,000.00, before any award of attorneys' fees and expenses. Said amount was deposited into an interest-bearing escrow account on or about February 9, 2007. Plaintiffs' Lead Counsel have estimated that on a per share basis, assuming that every Class Member files a valid claim, the amount recovered is approximately 45¢ per share, before deduction of Court approved fees and expenses. A Class Member's actual recovery from this fund will depend upon a number of variables, including the number of claimants who submit valid Proofs of Claim, the number of shares they purchased, the fees and expenses awarded to Plaintiffs' Counsel, the expense of administration of the claims process, and the prices and timing of Class Members' purchases and sales. Under the relevant securities laws, a claimant's recoverable damages are limited to the losses caused by the challenged statements. Losses which resulted from factors other than the alleged fraud are not compensable from the Settlement proceeds. In addition, under the Plan of Allocation described below, consistent with the limitations under the federal securities laws, no Class Member who purchased shares during the Class Period at a price less than or equal to $12.88 per share will recover any monies under the Settlement. In addition, no Class Member who purchased shares during the Class Period and who sold those shares before December 12, 2003, will recover any monies under the Settlement. For purposes of the Settlement herein, a Class Member's distribution from the Net Settlement Fund will be governed by the Proposed Plan of Allocation described below at paragraphs 32 through 37, or such other Plan of Allocation as, may be approved by the Court.

5. STATEMENT OF POTENTIAL OUTCOME OF CASE: The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to have prevailed on each claim asserted. The issues on which the parties disagree include: (1) whether statements made or facts allegedly omitted were false, material, or otherwise actionable under the federal securities laws; (2) the amount by which Ibis common stock was allegedly artificially inflated (if at all) during the Class Period; (3) the effect of various market forces influencing the trading price of Ibis common stock at various times during the Class Period; (4) the extent to which external factors, such as general market conditions or forward-looking information, influenced the trading price of Ibis common stock at various times during the Class Period; (5) the extent (if any) to which the various matters that Plaintiffs alleged were materially false or misleading influenced the trading price of Ibis common stock at various times during the Class Period; and (6) the extent (if any) to which the various allegedly adverse material facts that Plaintiffs alleged were omitted influenced the trading price of Ibis common stock at various times during the Class Period. Defendants vigorously deny any allegation of fault, wrongdoing or liability whatsoever. Plaintiffs acknowledge that they might not have prevailed on any or all their claims and that therefore Plaintiffs might have recovered nothing or substantially less than the amount of the Settlement.

6. ATTORNEYS' FEES AND COSTS SOUGHT: Plaintiffs' Counsel intend to apply to the Court for an award of (1) attorneys fees not to exceed one-third (33⅓%) of the Gross Settlement Fund and (2) reimbursement of expenses, including experts' fees, not to exceed $100,000 from the Gross Settlement Fund. The requested fees and expenses represent approximately $0.17 on a per share basis. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the Action, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation it is customary for plaintiffs' counsel to be awarded a percentage of the settlement fund as their attorneys' fees.

7. IDENTIFICATION OF LAWYERS' REPRESENTATIVES: Persons with questions may contact: Robert P. Frutkin, Esquire, of the Law Offices Bernard M. Gross, P.C., Suite 450, Wanamaker Building, 100 Penn Square East, Philadelphia, Pennsylvania 19107, (215) 561-3600, Plaintiffs' Lead Counsel, or Peter Harrar, Esquire, of Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, (212) 545-4600.

8. REASONS FOR SETTLEMENT: Plaintiffs and Plaintiffs' Lead Counsel have carefully weighed the benefits to the Class of the Settlement of the Action for the consideration offered by Defendants against the significant costs, risks of recovery, and delay that continued prosecution of the Action would involve. Plaintiffs and Plaintiffs' Lead Counsel recognize the expense and length of continued proceedings necessary to continue the Action against Defendants through trial and likely appeals, have considered the problems of proof against Defendants, and believe that the certainty and amount of this recovery outweigh the risks and delays of proceeding further with the Action. Defendants, while denying any fault, wrongdoing, or liability whatsoever, and relying on the provisions of the Stipulation that in no event shall the Settlement be construed as or deemed to be evidence of a presumption, admission or a concession on the part of any Defendant, or any of their respective partners, limited partners, members, principals, shareholders, officers, directors, joint venturers, investors, underwriters, auditors, employees, predecessors, successors, affiliates, related entities, acquirers, assigns, agents, insurers, re-insurers, attorneys, heirs, executors or representatives of any fault, wrongdoing, or liability whatsoever, or that any of the allegations of the Action are true, have concluded that the further conduct of the Action would be expensive and protracted. Substantial amounts of time, energy and resources of these parties have been and, unless this Settlement is made, will continue to be devoted to the defense of the claims asserted by the Plaintiffs in the Action. Thus, without conceding any infirmity in its defenses or the validity of any claims, Defendants, in order to avoid the cost and distraction of burdensome, protracted an uncertain litigation, have agreed to enter into the Settlement in order to terminate the Action with prejudice.

**THE MATTERS IN THE ABOVE SUMMARY ARE DESCRIBED IN MORE DETAIL IN THE REMAINDER OF THIS NOTICE.**

**TO CLAIM YOUR SHARE OF THE NET SETTLEMENT FUND OR TO AVOID THE BINDING EFFECT OF THE DISMISSAL OF THIS ACTION, YOU MUST TAKE ACTION. IF YOU FAIL TO ACT TIMELY YOU MAY BE BARRED FROM ANY RECOVERY AGAINST THE DEFENDANTS.**

**CLAIMS DEADLINE: CLAIMANTS MUST SUBMIT A PROOF OF CLAIM ON THE FORM ACCOMPANYING THIS NOTICE, POSTMARKED ON OR BEFORE MAY 26, 2007.**

**EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE POSTMARKED ON OR BEFORE APRIL 11, 2007.**

**SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS IN PARAGRAPH 58 BELOW.**

### NOTICE OF CLASS ACTION DETERMINATION

9. The Court, by Preliminary Order dated January 25, 2007, has conditionally certified a class for purposes of this Settlement (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all persons who purchased the common stock of Ibis during the period from July 23, 2003 through December 12, 2003, inclusive (the "Class Period"). Excluded from the Class are Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

10. If you are within the above described group and you do not elect, as described below, to be excluded from the Class, you are a "Class Member" and may be eligible to participate in the Settlement described here.

## DESCRIPTION OF THE ACTION

11. Beginning on or about December 29, 2003, several actions were filed in this Court, and were subsequently consolidated into the Action.

12. On June 4, 2004, the Court issued an Order consolidating the actions into this Action, appointing Lead Plaintiffs, and approving the Law Offices Bernard M. Gross, P.C. as Lead Counsel ("Plaintiffs' Lead Counsel"), and Shapiro, Haber & Urmy, LLP as liaison counsel.

13. On July 4, 2004, Plaintiffs filed a Consolidated Amended Complaint in the Action, alleging that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78j(b), SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, and Section 20 of the Securities Exchange Act of 1934, 15 U.S.C. §78t. Plaintiffs alleged that Defendants made misstatements and omissions during the Class Period concerning (i) Ibis's forecast of possible future receipt of orders for its i2000 implanter, which is used to fabricate particular kinds of silicon wafers that are in turn used in the manufacture of semiconductor products (the "Sales Projection Claim"), and (ii) the value of certain Ibis assets then used by Ibis to produce for evaluation and resale 200 mm and smaller-sized wafers for use in the manufacture of semiconductor products (the "Wafer Claim").

14. On August 5, 2004, Defendants filed a motion to dismiss the Consolidated Amended Complaint in its entirety pursuant to Rules 12(b) and 9(b) of the Federal Rules of Civil Procedure.

15. On March 31, 2006, the Court issued an order granting in part and denying in part Defendants' motion to dismiss.

16. As a consequence of the Court's March 31, 2006 Order, Plaintiffs filed a Conformed Consolidated Amended Complaint ("Complaint") omitting allegations relating to the Sales Projection Claim.

17. On July 5, 2006, Defendants filed an Answer to the Complaint denying the material allegations set forth therein, and asserting that they did not commit any wrongdoing and that they have no liability whatsoever for the alleged acts or omissions alleged therein.

18. After the Court ruled on Defendants' motion to dismiss, Plaintiffs, through their Lead Counsel engaged in discovery, including discovery of documents produced by Defendants, as well as documents produced by a non-party.

19. Lead Plaintiffs Martin Smolowitz, George Harrison, Mark G. Forgue and Defendants Ibis and Martin J. Reid entered a Stipulation and Agreement of Compromise and Settlement, dated December 6, 2006, (the "Stipulation") setting forth the terms and conditions constituting a proposed final settlement of the Action (the "Settlement"), subject to the approval of the Court.

20. Defendants have denied all allegations of fault, wrongdoing or liability in the Action and all other accusations of wrongdoing or violations of law. The Stipulation is not and shall not be construed or be deemed to be evidence or an admission or a concession on the part of any Defendant of any fault or liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses which they have asserted or intended to assert in the Action.

21. Plaintiffs, through Plaintiffs' Lead Counsel, have engaged in discovery, document discovery and the review and analysis of documents produced by Defendants, as well as documents produced by a non-party. Plaintiffs' Lead Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Plaintiffs' Lead Counsel have analyzed the evidence adduced during their investigation, including discovery, and have researched the applicable law with respect to the claims of Plaintiffs and the Class against the Defendants and the potential defenses thereto. Plaintiffs' Lead Counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable and adequate and in the best interests of Plaintiffs and the Class. In evaluating the proposed Settlement, Plaintiffs' Lead Counsel considered the expense and length of continued proceedings necessary to prosecute the Action through trial and likely appeals, the uncertainties of the outcome of this litigation, the difficulties and delays inherent in such litigation, and the substantial benefit provided by the proposed Settlement to the Class and the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation. Although Defendants' motion to dismiss was denied in part, Defendants continue to assert that Plaintiffs' claims are barred in all respects, as a matter of law, on numerous grounds, including the alleged absence of causation and alleged absence of any materially false statement. Plaintiffs and Plaintiffs' Lead Counsel concluded, based upon all of these considerations, that it is in the best interests of the Plaintiffs and the Class to settle the Action on the terms described herein.

22. Defendants, while continuing to deny all allegations of wrongdoing or liability whatsoever, desire to settle and terminate all existing or potential claims against them, without in any way acknowledging any fault or liability.

23. The amount of damages, if any, which Plaintiffs could prove at trial was also a matter of serious dispute, and the Settlement's use of a Recognized Loss formula for distributing the Net Settlement Fund does not constitute a finding, admission or concession that provable damages could be measured by the Recognized Loss formula. No determination has been made by the Court as to liability or the amount, if any, of damages suffered by the Class, nor of the proper measure of any such damages. The determination of damages, like the determination of liability, is a complicated and uncertain process, typically involving conflicting expert opinions. During the course of the Action, Defendants, in addition to denying any liability, disputed that Plaintiffs and the Class were damaged by any alleged wrongful conduct on Defendants' part. The Settlement herein is providing an economic benefit and avoids the risks that liability or damages might not have been proven at trial.

## DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

24. Defendants vigorously deny any allegation of fault, wrongdoing or liability whatsoever. Defendants consider it desirable, however, to enter into this Settlement without in any way acknowledging any fault, wrongdoing or liability, solely for the purpose of terminating the Action, and to avoid the cost, expense, inconvenience, and time and effort required to continue to defend such complex, burdensome and protracted litigation.

25. This Settlement and all related documents are not and shall not be construed or be deemed to be evidence or an admission or a concession on the part of any of the Defendants of any fault, wrongdoing, liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses that they have asserted or intended to assert in the Action.

## BENEFITS OF THE SETTLEMENT

26. Plaintiffs' Lead Counsel have conducted a thorough investigation concerning the claims in the Action.

27. Plaintiffs and Plaintiffs' Lead Counsel consider that if the Action is not concluded by voluntary agreement, future proceedings will be protracted and expensive, and the ultimate outcome uncertain on both liability and damages, and deem this Settlement to be fair, reasonable and adequate.

28. Plaintiffs' Lead Counsel engaged in intensive arm's-length negotiations with Defendants' Counsel concerning the Settlement of the Action.

29. In consideration for the full settlement, satisfaction and compromise of the Settled Claims (defined below), Defendants' insurer made a cash payment in the amount of one million nine hundred thousand dollars ($1,900,000.00). This amount, which was placed into an interest bearing escrow account on or about February 9, 2007, plus the interest earned thereon, is the "Gross Settlement Fund."

30. The Gross Settlement Fund less (a) the cost of all taxes, notice costs, bank fees, and administrative expenses and (b) the amount of attorneys' fees and expenses requested by Plaintiffs' Counsel, as awarded by the Court, shall be the "Net Settlement Fund." If the Settlement is approved the Net Settlement Fund will be distributed to Class Members who submit acceptable Proofs of Claim.

31. THE COURT HAS NOT FINALLY DETERMINED THE MERITS OF THE PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES THERETO. THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IN ANY AMOUNT IF THE ACTION WERE NOT SETTLED.

## PLAN OF ALLOCATION OF SETTLEMENT PROCEEDS AMONG CLASS MEMBERS

32. The Net Settlement Fund shall be distributed to members of the Class who file acceptable Proofs of Claim ("Authorized Claimants"). The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss."

33. An Authorized Claimant's Recognized Loss, for which the claimant will receive a *pro rata* recovery, will be computed as follows:

(a) With respect to each Class Member who purchased Ibis common stock during the Class Period and who held on to those shares through the end of the Class Period, the Recognized Loss shall mean the difference (excluding brokerage commissions and transaction charges), if any, between the price paid for the shares and $12.88 per share, which is the weighted average trading price of Ibis common stock during the ninety days following the end of the Class Period.

(b) With respect to each Class Member who purchased Ibis common stock during the Class Period at a price less than or equal to $12.88 per share, the Recognized Loss shall be zero.

(c) With respect to each Class Member who purchased Ibis common stock during the Class Period and who sold those shares before the end of the Class Period, the Recognized Loss shall be zero.

34. In determining the Recognized Loss of Authorized Claimants and their pro rata recoveries, the following rules will apply:

(a) <u>FIFO</u>: Where an Authorized Claimant engaged in multiple purchases and/or sales of Ibis common stock, the first-in first-out method ("FIFO") will be applied to determine the relevant purchases and sales.

(b) <u>De minimus</u>: No payment will be made on any claims where the payable loss is $10.00 or less, but the Authorized Claimant will nevertheless be bound by the final judgment entered by the Court.

35. Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss compared to the total Recognized Loss of all accepted claimants.

36. Class Members who do not file acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not either file a Request for Exclusion or file acceptable Proofs of Claim will nevertheless be bound by the Order and Final Judgment and the Settlement.

37. Transactions resulting in a gain shall not be included. A purchase or sale of Ibis common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Ibis common stock during the Class Period shall not be deemed a purchase or sale of Ibis common stock for the calculation of an Authorized Claimant's Recognized Loss nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment.

## RIGHT TO EXCLUSION FROM THE CLASS

38. You may choose to exclude yourself from the Class. If you choose to exclude yourself, then you will not participate in the proposed Settlement or share in Settlement proceeds and you will be free to pursue whatever legal rights you may have. You may wish to consult your own legal advisor in order to properly evaluate those rights.

39. The Court will exclude you from the Class if you make a proper request to be excluded ("Request for Exclusion"). To be valid, your request must be in writing, and include: (a) your name and address; (b) the name and number of the Action as shown at the top of the first page of this Notice; (c) the name and address of the person in whose name the stock was registered (if other than you); (d) a clear statement requesting to be excluded from the Class; and (e) your signature. It is also requested that you include: (a) the date(s) of your purchase(s) acquisition(s), sale(s) or disposition(s), of Ibis common stock; (b) the number of shares purchased or sold during the Class Period; and (c) the price(s) paid and/or received for the shares. A Request for Exclusion must be postmarked no later than April 11, 2007, and addressed to:

IBIS Exclusions
c/o VFAS
One Aldwyn Center, Third Floor
P.O. Box 220
Villanova, PA 19085

40. Any Request for Exclusion made on behalf of a Class Member by a representative must state the capacity in which such representative is acting.

41. In the event putative Class Members who hold, in the aggregate, a certain amount of Recognized Loss exclude themselves from the Class, then Defendants will have the option to terminate the Settlement prior to the Settlement Fairness Hearing.

42. If you are a Class Member and you make a timely and valid Request for Exclusion, you will not share in the benefits of the Settlement, you will not be bound by any judgment entered in this case and you will only be able to pursue, at your own expense, any individual claim that you might have. Failure to submit a proper Request for Exclusion by April 26, 2007 will result in your being bound by the terms of any judgment or order in this Action, including a judgment and order approving the Settlement.

## NOTICE OF SETTLEMENT FAIRNESS HEARING

43. A hearing will be held before the Honorable Reginald C. Lindsay, United States District Judge, in Courtroom #11, 5th flr., of the United States Courthouse, Courthouse, One Courthouse Way, Boston, Massachusetts 02210, on April 26, 2007 at 2:30 p.m. (the "Settlement Fairness Hearing") to determine: (a) whether the Class should be certified for purposes of the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all persons who purchased the common stock of Ibis during the period from July 23, 2003, through December 12, 2003, inclusive, excluding Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person; (b) whether the proposed Settlement of the Action, which includes the creation of a settlement fund in the gross amount of $1,900,000.00 plus interest, is fair, reasonable and adequate and should be approved by the Court; (c) whether an Order and Final Judgment should be entered dismissing all claims in the Action against the Defendants and dismissing the Action with prejudice, and without costs; (d) whether the Plan of Allocation of the settlement fund should be approved; and (e) whether to award attorneys' fees and expenses requested by Plaintiffs' Counsel.

## APPEARANCES AND OBJECTIONS BY CLASS MEMBERS

44. Any Class Member who does not request exclusion from the Class may appear in person or by an attorney at the Settlement Fairness Hearing and present any evidence or argument that may be proper and relevant, provided that a notice of appearance is served and filed as hereafter provided, and show cause, if any, why: the Class should not be certified for purposes of the Settlement; the proposed Settlement should not be approved by the Court as fair, reasonable and adequate; the Order and Final Judgment should not be entered dismissing all claims in the Action against the Defendants and dismissing the Action with prejudice, and without costs; the Plan of Allocation of the settlement fund should not be approved; and, the award attorneys' fees and expenses requested by Plaintiffs' Counsel should not be approved.

QUESTIONS? CALL 1-877-965-3300 TOLL FREE, OR VISIT www.IBISsettlement.com

45. No Class Member will be allowed to present any evidence or argument at the Settlement Fairness Hearing contesting any of these matters, unless on or before April 11, 2007 such person serves, by hand delivery or First Class Mail, a notice of appearance and written objections and copies of any supporting papers and briefs (which must contain proof of membership in the Class) upon Plaintiffs' Lead Counsel: Robert P. Frutkin, Esquire, of the Law Offices Bernard M. Gross, P.C., Suite 450, Wanamaker Building, 100 Penn Square East, Philadelphia, Pennsylvania 19107, (215) 561-3600 and upon Defendants' Counsel: Brian E. Pastuszenski, Esquire, Goodwin Procter, LLP, Exchange Place, Boston, Massachusetts 02109; and files the notice of appearance, written objections and supporting papers and briefs, showing due proof of service upon Plaintiffs' Lead Counsel and Defendants' Counsel, with the Clerk of the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210.

46. Any Class Member who fails to object as provided above shall be deemed to have waived such objections and shall be forever foreclosed from making any such objections.

## PROOF OF CLAIM PROCESS

47. To participate in the Net Settlement Fund, a Class Member who has not requested exclusion from the Class must submit a properly completed Proof of Claim to the Post Office Box set forth in paragraph 61 below, on or before May 26, 2007. Any Class Member who does not submit a Proof of Claim shall not be entitled to share in the Net Settlement Fund, but nonetheless shall be barred and enjoined from asserting any claims which have been or might have been asserted in the Action.

48. Each Proof of Claim received shall be deemed to have been submitted when posted, if mailed by First Class Mail postage prepaid, and addressed in accordance with the instructions given in the Proof of Claim.

49. A Proof of Claim must be: (a) substantially complete and provide all the information requested in it; (b) properly executed by each claimant; (c) accompanied by proof of authority of the representative to act on behalf of and to bind the claimant if the person executing the Proof of Claim is acting in a representative capacity; and (d) accompanied by satisfactory proof of all purchases and sales of Ibis common stock during the Class Period.

50. Each submission subjects the claimant to the jurisdiction of the Court for the purposes of the Action and is an agreement that the Proof of Claim is subject to investigation and discovery pursuant to the Federal Rules of Civil Procedure as to such claimant's status as a Class Member and the allowable amount of the claimant's claim.

51. The Court shall decide all issues of law and fact concerning any Proof of Claim that are disputed in whole or in part.

## EFFECT OF APPROVAL OF THE PROPOSED SETTLEMENT AND RELEASE

52. If the Court approves the proposed Settlement, judgment will be entered approving the Settlement as fair, reasonable, adequate, meeting the requirements of due process and other applicable laws, and in the best interest of the Class; determining the reasonable amount of attorneys' fees and reimbursement of costs and expenses to be awarded to Plaintiffs' Counsel; and retaining jurisdiction for purposes of effectuating the terms and provisions of the Settlement. From and after the Effective Date (defined in the Stipulation as the date on which the Order and Final Judgment approving the Settlement and dismissing the Action with prejudice is final and is no longer subject to any further appeal or judicial review), each Plaintiff and each Class Member on behalf of themselves and any of their heirs, executors, agents, administrators, successors, and assigns, forever and fully RELEASE, REMISE and DISCHARGE the Released Parties from all Settled Claims, as those terms are defined below.

53. "Released Parties" as used herein means any and all Defendants and their past, present or future subsidiaries, parents, successors, predecessors, assigns, acquirers, divisions, affiliates, officers, directors, shareholders, principals, agents, representatives, employees, partners, members, joint venturers, investors, advisors, investment advisors, attorneys, underwriters, auditors, accountants, heirs, executors, administrators, legal representatives, successors in interest, insurers and reinsurers, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the respective legal representatives, heirs, executors, administrators, predecessors, successors in interest and/or assigns of any of them.

54. "Settled Claims" as used herein means any and all claims, debts, demands, rights or causes of action or liabilities of any kind whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been, or could in the future be, asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, events, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

55. "Unknown Claims" as used herein means any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all such Unknown Claims, the parties stipulate and agree that upon the Effective Date, the Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived

and relinquished any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

56. Each Class Member covenants not to sue any of the Released Parties or otherwise assert, directly or indirectly, any of the Settled Claims against any of the Released Parties.

### APPLICATION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

57. At the Settlement Fairness Hearing, or at such other time as the Court may direct, Plaintiffs' Lead Counsel intends to apply to the Court for an award of attorneys' fees on behalf of all Plaintiffs' Counsel from the Gross Settlement Fund in an amount not greater than one-third (33⅓%) of the Gross Settlement Fund and for reimbursement of their expenses up to a maximum amount of $100,000, plus interest on such expenses at the same rate as earned by the Gross Settlement Fund. Plaintiffs' Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing.

### NOTICE TO BANKS, BROKERS AND OTHER NOMINEES

58. If you purchased Ibis common stock during the Class Period for the beneficial interest of a person or entity other than yourself, you must promptly provide the name and last known address for each person or entity for whom or which you effected such purchases. The information should be sent to the Claims Administrator at the address set forth in paragraph 61 below. Upon receipt of such information, copies of this Notice will be sent to each beneficial owner so designated. Alternatively, you may request, in writing, additional copies of this Notice and Proof of Claim and you may mail the Notice and Proof of Claim directly to the beneficial owners of Ibis common stock. The name of the beneficial owner must be provided to the Claims Administrator within seven (7) business days of receipt of this Notice. After additional copies are received, they must be sent directly to the beneficial owner within seven (7) business days of receipt. Plaintiffs' Lead Counsel shall cause you or your designee to be reimbursed from the Gross Settlement Fund for reasonable expenses actually incurred in mailing copies of this Notice directly or in identifying beneficial owners.

Ticker Symbol = IBIS     CUSIP = 450909106

### OBTAINING AND SUBMITTING A PROOF OF CLAIM

59. If you did not receive a Proof of Claim form in the mail with this Notice, you may obtain a Proof of Claim form by written request to the Claims Administrator at the address set forth in paragraph 61 below. Your written request must include your name and current address.

60. You may receive more than one copy of this Notice. Regardless of how many copies of this Notice you read or receive, a Class Member should submit only one Proof of Claim form.

61. If you have any questions about this Notice, the Proof of Claim form, or any other matters that will be considered at the Settlement Fairness Hearing, please contact Plaintiffs' Counsel as follows: Robert P. Frutkin, Esquire, of the Law Offices Bernard M. Gross, P.C., Suite 450, Wanamaker Building, 100 Penn Square East, Philadelphia, Pennsylvania 19107, (215) 561-3600 or Peter Harrar, Esquire, of Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, (212) 545-4600, or the Claims Administrator as follows:

IBIS Claims
c/o VFAS
One Aldwyn Center, 3rd Floor
P.O. Box 220
Villanova, PA 19085
Telephone: (877) 965-3300
www.IBISsettlement.com

### EXAMINATION OF PAPERS

62. This Notice is only a summary of the proposed Settlement. For a more detailed statement of the matters involved in the Action and the proposed Settlement, including the Stipulation and the other papers filed in this Action, you may inspect such papers and pleadings at the Office of the Clerk of the United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, during normal business hours of each business day.

Dated: January 25, 2007

BY ORDER OF THE COURT
CLERK OF THE COURT
Boston, Massachusetts

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

────────────────────────────── X
IN RE: IBIS TECHNOLOGY
SECURITIES LITIGATION                Civ No. 04-10446 RCL
────────────────────────────── X

## PROOF OF CLAIM

DEADLINE FOR SUBMISSION: MAY 26, 2007

IF YOU PURCHASED THE COMMON STOCK OF IBIS TECHNOLOGY CORP. ("IBIS") BETWEEN JULY 23, 2003 AND DECEMBER 12, 2003, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS. EXCLUDED FROM THE CLASS ARE DEFENDANTS, MEMBERS OF THE IMMEDIATE FAMILY (PARENTS, SPOUSES, SIBLINGS AND CHILDREN) OF ANY INDIVIDUAL WHO WAS NAMED AS A DEFENDANT, ANY SUBSIDIARY OR AFFILIATE OF IBIS, AND THE DIRECTORS AND EXECUTIVE OFFICERS OF IBIS OR ITS SUBSIDIARIES OR AFFILIATES, OR ANY ENTITY IN WHICH ANY EXCLUDED PERSON HAS A CONTROLLING INTEREST, AND THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS AND ASSIGNS OF ANY EXCLUDED PERSON.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS. IF YOU PURCHASED IBIS COMMON STOCK DURING THE CLASS PERIOD AT A PRICE LESS THAN OR EQUAL TO $12.88 PER SHARE, YOU WILL NOT HAVE SUFFERED A RECOGNIZED LOSS UNDER THE PLAN OF ALLOCATION AND YOU WILL NOT RECEIVE ANY OF THE SETTLEMENT PROCEEDS. IN ADDITION, IF YOU PURCHASED IBIS COMMON STOCK DURING THE CLASS PERIOD AND SOLD IT BEFORE DECEMBER 12, 2003 YOU WILL NOT RECEIVE ANY OF THE SETTLEMENT PROCEEDS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN MAY 26, 2007, TO THE FOLLOWING ADDRESS:

IBIS Claims
c/o VFAS
One Aldwyn Center, 3rd Floor
P.O. Box 220
Villanova, PA 19085
Toll Free: (877) 965-3300
www.IBISsettlement.com

YOUR FAILURE TO SUBMIT YOUR CLAIM BY MAY 26, 2007 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1. I purchased the common stock of Ibis Technology Corp. ("Ibis") during the period between July 23, 2003 and December 12, 2003, inclusive. (Do not submit this Proof of Claim if you did not purchase Ibis common stock during this period.)

2. By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action, Conditional Class Determination, Proposed Settlement of Class Action, Settlement Fairness Hearing, Application For Attorneys' Fees and Right to Share in the Net Settlement Fund, (the "Class Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone else excluded from the Class; that I have read and understand the Class Notice; that I believe that I am entitled to receive a share of the Settlement proceeds; that I elect to participate in the proposed Settlement described in the Class Notice, and that I have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Class Member (such as an executor, administrator, trustee, guardian, attorney-in-fact or other representative), you must certify that you are currently authorized to act on behalf of the Class Member and submit evidence of your current authority to act on behalf of that Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I have set forth where requested below all relevant information with respect to each purchase of Ibis common stock during the Class Period, and each sale, if any, of such securities.

4. I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, relevant portions of my tax returns or other documents evidencing each purchase, sale or retention of Ibis common stock listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR STOCKBROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM. PLEASE DO NOT SEND ORIGINALS OF SUCH DOCUMENTS.)

5. I understand that the information contained in this Proof of Claim is subject to such verification as the Court may direct, and I agree to cooperate in any such verification.

6. Upon the occurrence of the Effective Date (as defined in the Class Notice) my signature hereto will constitute a full and complete release, remise and discharge by me or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by my, its, his, her or their heirs, executors, administrators, successors, and assigns of each of the "Released Parties" of all "Settled Claims," as defined herein.

7. By submitting this Proof of Claim, the undersigned and any person or entity on whose behalf the undersigned is acting, submits to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of the Action.

8. **STATEMENT OF CLAIM**

Name(s) of Beneficial Owner(s):

Name: [          ]
Name: [          ]
Address: [          ]
Address: [          ]
City: [          ]   State: [  ]   Zip Code: [     -    ]
Country: [          ]

[   ] - [      ]   Area Code   Telephone No. (Day)
[   ] - [      ]   Area Code   Telephone No. (Evening)

Social Security Number: [   ]-[  ]-[    ]   OR   Taxpayer Identification Number: [  ]-[       ]
(for individuals)                                    (for estates, trusts, corporations, etc.)

Check One:
[ ] Individual   [ ] Corporation   [ ] Trust   [ ] IRA Account   [ ] Estate
[ ] Other (specify) _____

Joint Owner's Name (if any)
[          ]

9. At the close of business on July 23, 2003, I owned ___ shares of Ibis common stock.

10. I made the following PURCHASES of Ibis common stock between July 23, 2003 and December 12, 2003, inclusive. (Persons who received Ibis common stock during the Class Period other than by purchase, such as by gift or inheritance are not eligible to submit claims for those transactions.):

| Date(s) of Purchase (List Chronologically) Month / Day / Year | Number of Share(s) of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (excluding commissions and fees) |
|---|---|---|---|
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |

11. I made the following SALES of Ibis common stock on the open market between July 23, 2003 and December 12, 2003, inclusive:

| Date(s) of Sales (List Chronologically) Month / Day / Year | Number of Share(s) of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net commissions and fees) |
|---|---|---|---|
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |
| [  ]-[  ]-[  ] | [        ] | $[    ].[   ] | $[        ].[   ] |

12. At the close of business on December 12, 2003, I still owed _____ share(s) of Ibis common stock.

QUESTIONS? CALL 1-877-965-3300 TOLL FREE, OR VISIT www.IBISsettlement.com

### 13. Substitute Form W-9

(You must provide the requested information here even if you have already provided the same or similar information at Section 8 of this Proof of Claim.)

**Request for Taxpayer Identification Number:**

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| ___ ___ | | ___ |

## RELEASE

For purposes of this Release, the word "I" shall mean I or we, as the context requires, and the term "Class" shall mean all persons and entities who purchased the common stock of Ibis during the period July 23, 2003 through December 12, 2003, inclusive (the "Class Period"). Excluded from the Class are Defendants, members of the immediate family (parents, spouses, siblings and children) of any individual who was named as a Defendant, any subsidiary or affiliate of Ibis, and the directors and executive officers of Ibis or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person. Also excluded from the Class are any persons or entities who submit valid and timely requests for exclusions from the Class.

For purposes of this Release, the term "Released Parties" shall mean any and all Defendants and their past, present or future subsidiaries, parents, successors, predecessors, assigns, acquirers, divisions, affiliates, officers, directors, shareholders, principals, agents, representatives, employees, partners, members, joint venturers, investors, advisors, investment advisors, attorneys, underwriters, auditors, accountants, heirs, executors, administrators, legal representatives, successors in interest, insurers and reinsurers, and any person, firm, trust, corporation, officer, director, or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the respective legal representatives, heirs, executors, administrators, predecessors, successors in interest and/or assigns of any of them.

For purposes of this Release, the term "Settled Claims," shall mean any and all claims, debts, demands, rights or causes of action or liabilities of any kind whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, including both known claims and Unknown Claims (as defined below), (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, or (ii) that could have been, or could in the future be, asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, events, facts, matters, occurrences, representations or omissions involved, set forth, or referred to in the Complaint.

For purposes of this Release, the term "Unknown Claims" shall mean any and all Settled Claims which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all such Unknown Claims, the parties stipulate and agree that upon the Effective Date, the Plaintiffs shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived and relinquished any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

I, (and if I am an individual, on behalf of myself, and my heirs, executors, administrators, personal representatives, successors and assigns, and if I am acting on behalf of a corporation, partnership, trust or other legal entity, on behalf of it and its successors and assigns, and if I am acting or acted as trustee, guardian, conservator, attorney-in-fact or other agent with respect to Ibis shares purchased during the Class Period in such capacity, on behalf of any persons or entities for whom I act or acted as such trustee, guardian, conservator, attorney-in-fact or agent), for and in consideration of the Settlement set forth in that certain Stipulation and Agreement of Settlement dated December 6, 2006, filed in the Action (the "Stipulation"), and other good and sufficient consideration, the receipt and sufficiency of which are hereby acknowledged, agree to dismiss with prejudice, and hereby release and forever discharge, effective upon the Effective Date of the Settlement, as by an instrument under seal without further act by any person, each and every one of the Released Parties from any and all Settled Claims.

I agree that there is a risk that I may incur damages, expenses or liabilities relating to the Settled Claims, but which were unknown and unanticipated at the time I executed this Release, and that I acknowledge and agree that the Stipulation and Settlement and this Release is intended to be a full and final accord and satisfaction of such Unknown Claims and a release thereof and shall apply to all unknown and unanticipated results of said matters, as well as those now known and anticipated. In furtherance thereof, I hereby waive any and all provisions, rights and benefits conferred by law of any state or territory of the United States, or principle of common law, or of international or foreign law, which prohibits releases of Unknown Claims. I understand that I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the Settled Claims, but hereby stipulate and agree that I am fully releasing such claims and, upon the Effective Date and by operation of the Order and Final Judgment, I will have, fully, finally, and forever settled and released any and all Settled Claims whatsoever against the Released Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, including any and all Unknown Claims, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, with regard to the subsequent discovery or existence of such different or additional facts. I acknowledge that the foregoing waiver and release was bargained for and a key element of the Settlement of which this Release is a part.

By executing this Release, I represent and warrant that I have not assigned, hypothecated, granted, conveyed, transferred, or otherwise given or agreed to assign, hypothecate, grant, convey, transfer or otherwise give any interest in the Settled Claims, or any of them or any portion of them, to any other person or entity.

I have read the foregoing Release carefully and, knowing and understanding its contents and the full legal effect thereof, I certify, under penalty of perjury, that I have signed the same as my own free act and deed as an instrument under seal.

## CERTIFICATION

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM IS TRUE, CORRECT AND COMPLETE.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I (we) certify that, if I am (we are) acting as the representative for a Class Member I am (we are) currently authorized to act on behalf of the Class Member.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

Signature: _____    Date: _____

Signature: _____    Date: _____

If the person executing this Proof of Claim is acting in a representative capacity, evidence of such person's current authority to act on behalf of the Class Member must be submitted with this Proof of Claim.

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN MAY 26, 2007, AND MUST BE SENT TO:

| via US Mail: | via Overnight delivery: |
|---|---|
| Ibis Claims | Ibis Claims |
| c/o VFAS | c/o VFAS |
| P.O. Box 220 | One Aldwyn Center, 3rd Flr. |
| Villanova, PA 19085 | Villanova, PA 19085 |

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by May 26, 2007, and if a postmark is indicated on the envelope and it is mailed by First Class Mail, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

If you wish to be assured that your Proof of Claim is actually received by the Claims Administrator, then you should send it by Certified Mail, Return Receipt Requested. No acknowledgment will be made as to the receipt of Proof of Claim forms. You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.