



<u>Los Angeles Times</u>, <u>The Atlanta Journal-Constitution</u>, <u>USA Today</u>, <u>Houston Chronicle</u>, <u>Dallas Morning News</u>, and national wire services including the Associated Press and Reuters. In addition to his writings, Mr. Guttman has testified before committees of the United States House of Representatives and the United States Senate on the Asbestos Hazard Emergency Response Act (AHERA) and in 1992, advised President-elect Clinton's transition team on labor policy and worker health and safety regulation.    Mr. Guttman lectures frequently to business and professional organizations and universities in the U.S. and abroad on a variety of labor, securities, and litigation topics. He is a faculty member of the Emory University School of Law Trial Advocacy Program, and currently serves as a member of the District of Columbia's Bar Committee on Continuing Legal Education. He is an Advisory Board Member of the Peggy Browning Fund, a scholarship organization.

MICHAEL JAFFE: *admitted*:  California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York.  Languages: French.

BETSY C. MANIFOLD: *admitted*:  Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*:  Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

GREGORY M. NESPOLE: *admitted*:  New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*:  Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member: The Association of the Bar of the City of New York; New York State Bar Association.  Mr. Nespole's experience includes complex civil and criminal litigation.

DAVID L. WALES: *admitted*:  New York; District of Columbia; United States Court of Appeals for the Second and Fourth Circuits, the United

15





States District Courts for the Southern, Eastern and Western Districts of New York, and the District of Columbia. *Education*: State University of New York, Albany (B.A., *magna cum laude*, 1984); Georgetown University Law Center, (J.D., *cum laude*, 1987); Notes and Comments Editor, *Georgetown Journal of Law and Technology*. Mr. Wales is a member of the Federal Bar Council and the Federal Courts Committee of the New York County Lawyers Association, and is AV rated by Martindale Hubbell. Mr. Wales is an experienced trial and appellate attorney who specializes in handling complex securities and class action litigation. Mr. Wales was an Assistant United States Attorney for the Southern District of New York (1992-1998), where he specialized in investigating and prosecuting fraud and white collar criminal cases. Mr. Wales has personally tried more than 15 federal jury trials, and his recent trials include: (i) a jury verdict in May 2005 for more than $11 million, including $1 million in punitive damages, in a derivative action against the general partner of a hedge fund; and (ii) a multi-million dollar settlement with an accounting firm reached during trial of a class action in April 2003. Mr. Wales has been lead or co-lead counsel in numerous securities class actions and derivative actions, including; *In re Sepracor Corp. Securities Litigation*, C.A. No. 02-12338 (D. Mass.) (pending securities fraud class action in which the motion to dismiss was denied and class has been certified); *In re Luxottica Group S.p.A. Securities Litigation*, CV-01-3285 (E.D.N.Y.) ($18,250,000 recovery in a Williams Act case); *In re Marque Partners L.P. Derivative Action*, No. 01-604724 (Sup. Ct., N.Y. Co.) ($11,000,000 jury verdict in a derivative action); *In re Jennifer Convertibles Securities Litigation*, CV-94-5570 (E.D.N.Y.) ($9,550,000 recovery, part of the recovery obtained in the middle of trial); and *In re Curative Health Services Securities Litigation*, CV-99-2074 (E.D.N.Y.) ($10,500,000 recovery in a securities fraud action).

**FRANCIS A. BOTTINI, JR.**: *admitted*: California; Supreme Court of the United States; U.S. Court of Appeals for the Ninth Circuit; U.S. District Courts for the Southern, Central and Northern Districts of California. *Education*: St. Louis University (B.A., *magna cum laude*, 1990); University of San Diego (J.D., *cum laude*, 1994). Recipient, American Jurisprudence Award in Property. Lead Articles Editor, *San Diego Law Review*, 1993-1994. Licensed Real Estate Broker, California. Author, "An Examination of the Current Status of Rating Agencies and Proposals for Limited Oversight of Such Agencies," 30 *San Diego Law Review* 579, 1993; "People v. Wheeler: A Pyrrhic Victory For The Prosecution?," 27 Beverly Hills Bar Assoc. Journal 140,

16

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





1993; "The Federal Sentencing Guidelines For Organizations: Effects On Sentencing And Implications For Imposition Of Vicarious Liability," 22 Academy of Legal Studies In Business National Proceedings 149 (1993), republished in part, *Los Angeles Daily Journal*, October 13, 1994; "Internal Corporate Investigations Under The Federal Sentencing Guidelines For Organizations: Suggestions For Their Conduction And Disclosure Duties Under The Federal Securities Laws," 23 Academy of Legal Studies in Business National Proceedings (1994).   Adjunct Professor, Business Law, University of San Diego, 1995-1997.   Languages: Spanish.

**DEMET BASAR**: *admitted*:  New York; New Jersey; U.S. District Court for the District of New Jersey, Southern District of New York, and Eastern District of Wisconsin.   *Education*: Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, *Rutgers Law Review*.  Member: The Association of the Bar of the City of New York.  Languages: Turkish.

**ADAM J. LEVITT**: *admitted:*  Illinois; Supreme Court of the United States; U.S. Courts of Appeals for the First and Seventh Circuits; U.S. District Courts for the Northern and Southern Districts of Illinois, Northern District of Indiana, District of Nebraska, and the Northern and Eastern Districts of Texas.   *Education*: Columbia College, Columbia University (A.B., *magna cum laude*, 1990); Northwestern University School of Law (J.D., 1993). Member: American Law Institute; Chicago, Federal and American Bar Associations; Lawyers for the Creative Arts.   Seventh Circuit Contributing Editor, *Class Actions & Derivative Suits* (ABA).    Author, "An Illinois Lawyer's Guide to Service of Process in Mexico," 82 *Illinois Bar Journal* 434 (1994).  Mr. Levitt also regularly serves as a moot court judge in the Julius H. Miner Moot Court Competition, Northwestern University School of Law. In recognition of his achievements to date, Mr. Levitt was named one of the "40 Illinois Attorneys Under 40 Years Old to Watch" by the *Chicago Daily Law Bulletin* and the *Chicago Lawyer*.  He is rated "AV" by Martindale-Hubbell.  Substantially all of Mr. Levitt's practice is focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, consumer protection, technology, and agricultural law. Since 1993, Mr. Levitt has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States, including *In re StarLink Corn Products Liability*

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





*Litigation*, MDL No.1403 (N.D. Illinois) (recovered $110 million for U.S. corn farmers who sustained market losses arising from defendants' contamination of the U.S. food corn supply with an improperly bioengineered corn seed product); *Court Reporting Services, et al. v. Compaq Computer Corporation*, C.A. No. 02 CV 044 (E.D. Texas) (obtained full recovery, valued at not less than $35 million, on behalf of Compaq Presario purchasers with improperly partitioned hard disk drives); and various Internet privacy cases, including *Supnick v. Amazon.com*, Inc. (W.D. Wash.) and *In re DoubleClick, Inc. Privacy Litigation* (S.D.N.Y.). Mr. Levitt is currently co-lead counsel in thirteen class action lawsuits against the Monsanto Company, Pioneer Hi-Bred International, and E.I. DuPont de Nemours and Company, predicated upon those companies' alleged improper conduct arising from their sale of genetically-engineered soybean and corn seeds; is lead counsel in *In re Comdisco Securities Litigation* (securities class action lawsuit against former Comdisco executives relating to Comdisco's misrepresentations and omissions with respect to its Prism division) and in *In re Aon ERISA Litigation* (ERISA class action lawsuit on behalf of all participants and beneficiaries of Aon's 401(k) savings plan against Aon and certain of its officers and directors, alleging that during the class period, defendants, as fiduciaries of the Plan, each violated ERISA by breaching their duties owed to plaintiffs and the other participants and beneficiaries of the Plan in connection with the Plan's holding of Aon stock); and is actively involved in the *In re Initial Public Offering Sec. Litig.*, Master File No. 21 MC 92 (SAS) (S.D.N.Y.) (consolidated action against 309 issuers and 55 underwriters alleging manipulation, misrepresentations, and omissions relating to the market for various high-tech initial public offerings). Mr. Levitt also provides, or has provided legal services to various private companies involving complex litigation and general corporate matters.

**THOMAS H. BURT**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change.

OF COUNSEL

**ROBERT ABRAMS**: *admitted*: New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of

18





Delaware. *Education:* Haverford College (B.A., 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member: New York State Bar Association. Mr. Abrams is the author of books on the theory of collective choice (Columbia University Press) and voting theory (Sage), as well as articles on Soviet politics, game theory and bargaining and negotiations. He has focused his practice on complex securities, ERISA, and consumer actions.

ROBERT B. WEINTRAUB: *admitted:* New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member: 1975-1977, Articles Editor and Member: Executive Board, 1976-1977, Law and Policy in International Business, *Georgetown International Law Journal*. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, "Law Backs Women Warriors," *National Law Journal*, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 *Legislative History of the Federal Antitrust Laws and Related Statutes*, edited by E. Kintner, Chelsea House Publishers, 1980. Mediator, U.S. District Court, Southern District of New York. Member: The Association of the Bar of the City of New York (Member: Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member: 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); and American Bar Association. He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house. He has served as an arbitrator for the NYSE, the NASD and the Municipal Securities Rulemaking Board and as a mediator for the federal District Court in New York. Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges. Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.

ASSOCIATES



WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





## ASSOCIATES

**RACHELE R. RICKERT:  *admitted*:**  California; U.S. District Court for the Southern District of California.  *Education*:  Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997).  Member: State Bar of California.  Former Deputy Alternate Public Defender for the County of San Diego.

**SCOTT J. FARRELL: *admitted*:**  New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York, the District of New Jersey, and the District of Colorado. *Education*: Yeshiva University (B.A., *magna cum laude*, 1996), where he was a Max Stern Scholar and Gruss Scholar; New York University School of Law (J.D., 1999), where he was an Article and Note Editor of the *Journal of Legislation and Public Policy*. He is the co-author of "In re Gary Glass and Zoltan Guttman," CFTC Docket No. 93-4, *Futures & Derivatives Law Report*, July/August, 1998.

**KATE MCGUIRE: *admitted*:**  New York; U.S. District Courts for the Southern and Eastern Districts of New York.  *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

**GUSTAVO BRUCKNER:  *admitted*:**  New York; New Jersey; United States District Courts for the Districts of New Jersey, Eastern District of New York, and the Southern District of New York; the United States Court of Appeals for Second Circuit and the Supreme Court of the United States. *Education*: New York University (B.S., 1988); New York University (M.B.A. 1989); Benjamin N. Cardozo School of Law, Yeshiva University (J.D., 1992).

**STACEY T. KELLY: *admitted*:**  New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member: New York State Bar Association; New York County Lawyers Association

**PAULETTE S. FOX: *admitted*:**  New York; New Jersey U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Benjamin N. Cardozo School of Law (J.D. 2001); Syracuse University (B.A. in Public Policy, *summa cum laude*, Phi Beta Kappa, 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





**MICHAEL J. MISKE:** *admitted:* New York. *Education:* St. John's University (B.A., *cum laude* (1994), New York Law School (J.D., 2000).

**AYA BOUCHEDID:** *admitted:* New York *Education:* McGill University School of Law, Bachelor of Laws (LL.B., B.C.L., with Great Honors, 2002); University of Montreal (B.A. Political Science, 1998).

**MATTHEW GUINEY:** *admitted:* New York. *Education:* The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).

**MARTIN RESTITUYO:** *admitted:* New York. *Education:* Queens College (B.A., 1998); Hofstra University School of Law (J.D. 2002); Hofstra University, Frank G. Zarb School of Business (M.B.A., Finance, 2005). Mr. Restituyo did postgraduate work at the Universidad Autonoma de Santo Domingo, Santo Domingo, in the Dominican Republic, and studied at Faculte de Droit de l'Universite de Nice, in Nice, France. Mr. Restituyo was the Assistant Town Attorney for North Hempstead, New York (2004-2006), an Adjunct Professor at John Jay College of Criminal Justice (2005), and was in the Nassau County Department of Economic Development (2002-2004). In 2003, he was awarded the "Distinguished Alumni Award" from Hofstra University's Clinical Program. He is a member of the Nassau County Bar Association, the Women's Bar Association, the Hispanic Bar Association, the Dominican Bar Association and Hofstra University School of Law, Alumni Board.

**MARISA C. LIVESAY:** *admitted:* California; U.S. Court of Appeals for the Ninth Circuit; U.S. District Courts for the Central, Southern and Northern Districts of California. *Education:* University of Arizona (B.A. 1999, Dean's List with Distinction), where she served on the Associated Student Senate; University of California, Los Angeles (J.D. 2002, Corporate Specialization), where she was a member of the Moot Court Executive Board and staff member of the Journal of International Law and Foreign Affairs. Member: State Bar of California.

**IONA M. EVANS:** *admitted:* New York. *Education:* University of New Hampshire (B.A., 1999); Boston University School of Law (J.D., 2004), where she served as Staff Writer and Business Editor on the *International Law Journal.*

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





**GEORGE T. PETERS:** *admitted*: New York, U. S. District Courts for the Southern & Eastern Districts of New York. *Education:* Eastern Illinois University, B.A. 1991; attended Howard University School of Law and fulfilled remaining law studies at Wolf Haldenstein Adler Freeman and Herz LLP. Member of the New York State Bar Association.

**ALEXANDRA SILVERBERG:** *admitted*: New York. *Education*: Brandeis University (B.A. in Politics and concentration in Film Studies); Brooklyn Law School, (J.D. 2004). Member: New York County Lawyer's Association.

**RACHEL S. POPLOCK:** *admitted:* New York, U.S. District Courts for the Southern & Eastern Districts of New York. *Education:* Cornell University (B.S. Human Development, 2002), Fordham Law School (J.D. 2005) where she was a member of the Fordham Urban Law Journal and received the Archibald R. Murray Public Service Award for her participation in the Family Advocacy Clinic.

**LAURENCE J. HASSON:** *admitted*: New York, U.S. District Courts for the Southern & Eastern Districts of New York. *Education*: Brandeis University (B.A. History and American Studies, *magna cum laude*, Phi Beta Kappa and Phi Alpha Theta honors, 2003); Benjamin N. Cardozo School of Law (J.D. 2006) where Mr. Hasson was an Heyman Scholar at the Samuel and Ronnie Heyman Center on Corporate Governance, a Memorandum of Law Editor, and an executive board member of the Moot Court Honor Society; Oxford University (Seminar on comparative corporate governance, Summer 2005). Prior to joining the firm, Mr. Hasson interned at Cardozo's Bet Tzedek Legal Services Clinic, representing elderly and disabled people seeking health, disability, and housing benefits that they could not receive without clinical assistance.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





## WOLF HALDENSTEIN PARTNERS WHO REGULARLY PROVIDE THEIR NON-LITIGATION EXPERTISE TO CLASS ACTION LITIGATION MATTERS

**CHARLES H. BALLER:** *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1954); Columbia University (LL.B., 1957); New York University (L.L.M., Taxation, 1962). Beta Gamma Sigma; Beta Alpha Psi. Harlan Fiske Stone Scholar. Co-Editor and Contributing Author, April, 1981, with 1986 Supplement, *Business Acquisitions,* Practicing Law Institute. Member: The Association of the Bar of the City of New York; New York State and American Bar Associations. Mr. Baller has worked in the office of Chief Counsel, Internal Revenue Service (Interpretative Division). A lecturer and author for the Practicing Law Institute (co-editor of the reference work *Business Acquisitions: Planning and Practice*), Mr. Baller is a corporate and tax attorney with extensive expertise in mergers and acquisitions, complex estate planning (particularly relating to corporate and business holdings), and employee benefits and compensation, including ERISA.

**ERIC B. LEVINE:** *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, and Eastern District of Michigan; U.S. Tax Court. *Education*: State University of New York at Buffalo (B.A., *summa cum laude*, 1974); University of Pennsylvania (J.D., *cum laude*, 1977). Order of the Coif, Phi Beta Kappa. Associate Editor, *University of Pennsylvania Law Review*, 1976-1977. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Levine's practice focuses on complex commercial and civil litigation, including in the area of bankruptcy and receivership litigation, creditors' rights, and lender liability.

**MARK C. SILVERSTEIN:** *admitted*: New York. *Education*: State University of New York at Binghamton (B.S., *summa cum laude*, 1980); New York University (J.D., *cum laude*, 1983). Order of the Coif. Editor, Journal of International Law and Politics, 1982-1983. Member: the Association of the Bar of the City of New York; New York State; American Bar Associations. Mr. Silverstein serves as general counsel to corporations and handles matters involving tax planning and mergers and acquisitions. He also

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





provides counseling in the structure of complex settlements and the administration of complex claims administrations.

ELI D. GREENBERG:    *admitted*:    New York.    *Education*: New York University (B.S., *magna cum laude*, 1981.  New York University (J.D., 1984). Beta Gamma Sigma. Lecturer, New York University.  Member: American Health Lawyers Association.  Mr. Greenberg has extensive experience in pension, tax, benefits, and ERISA.

### SUBSTANTIAL RECOVERIES OBTAINED IN REPRESENTATIVE PAST CLASS ACTION CASES IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

- *In re BankAmerica Corp. Securities Litigation*, MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered $490 million).

- *In re MicroStrategy, Inc. Securities Litigation*, Civ. No. 00-473-A (E.D. Va.) (class recovered $160 million in cash and securities).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered $116.5 million in cash).

- *In re Starlink Corn Products Liability Litigation*, (N.D. Ill.) (class recovered $110 million).

- *In Computer Associates 2002 Class Action Sec. Litigation*, 2:02-CV-1226 (E.D.N.Y.) ($130 million settlement in this and two related actions).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation*, No. 6:04-cv-1231 (Orl-31) (class recovered $35 million, and lawsuit also instrumental in $225 million benefit to corporation).

- *Berger v. Compaq Computer Corp.*, Docket No. 98-1148 (S.D. Tex.) (class recovered $29 million).

- *In re Arakis Energy Corporation Securities Litigation*, 95 CV 3431 (E.D.N.Y.) (class recovered $24 million in cash).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered $20 million).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (E.D.N.Y) (class recovered $18.25 million).

- *In re Musicmaker.com Securities Litigation*, CV-00-2018 (C.D. Cal.) (class recovered $13.75 million).

- *In re Comdisco Securities Litigation*, No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered $13.75 million).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered $13.25 million).

- *In re Bausch & Lomb, Inc. Securities Litigation*, 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered $12.5 million).

- *In re Allaire Corp. Securities Litigation*, 00-11972 (D. Mass.) (class recovered $12 million).

- *Curative Health Services Securities Litigation*, 99-2074 (E.D.N.Y.) (class recovered $10.5 million).

- *City Partnership Co. v. Jones Intercable*, 99 WM-1051 (D. Colo.) (class recovered $10.5 million).

- *In re Tenfold Corporation Securities Litigation*, 2:00-CV-652 (D. Utah) (class recovered $5.9 million).

- *In re Industrial Gas Antitrust Litigation*, 80 C 3479 and related cases (N.D. Ill.) (class recovered $50 million in cash and coupons).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, 86-5428 and related cases (E.D. Pa.) (class recovered $55 million).

- *In re Infant Formula Antitrust Litigation*, MDL No. 878 (N.D. Fla.) (class recovered $126 million).

- *In re Brand Name Prescription Drug Antitrust Litigation*, M.D.L. 940 (N.D. Ill.) (class recovered $715 million).

- *Landon v. Freel*, M.D.L. No. 592 (S.D. Tex.) (class recovered $12 million).

- *Holloway v. Peat, Marwick, Mitchell & Co.*, No. 84 C 814 EU (N.D. Okla.) (class recovered $38 million).

- *In re The Chubb Corp. Drought Insurance Litigation*, C-1-88-644 (S.D. Ohio) (class recovered $100 million.).

25





- *Wong v. Megafoods*, Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered $12.25 million).

- *In re Del Val Financial Corp. Securities Litigation*, 92 Civ 4854 (S.D.N.Y.) (class recovered $11.5 million).

- *In re Home Shopping Network Shareholders Litigation*, Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered $13 million).

- *In re Paine Webber Limited Partnerships Litigation*, 94 Civ 8547 (S.D.N.Y.) (class recovered $200 million).

- *In re Bristol-Meyers Squibb Co. Securities Litigation*, 92 Civ 4007 (S.D.N.Y.) (class recovered $19 million).

- *In re Spectrum Information Technologies Securities Litigation*, CV 93-2245 (E.D.N.Y.) (class recovered $13 million).

- *In re Chase Manhattan Securities Litigation*, 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered $17.5 million).

- *Prostic v. Xerox Corp.*, No. B-90-113 (EBB) (D. Conn.) (class recovered $9 million).

- *Steiner v. Hercules*, Civil Action No. 90-442-RRM (D. Del.) (class recovered $18 million).

- *In re Ambase Securities Litigation*, 90 Civ 2011 (S.D.N.Y.) (class recovered $14.6 million).

- *Steiner v. Phillips (In re Southmark Securities Litigation)*, CA No. 3-89-1402-D (N.D. Tex.) (class recovered $70 million).

- *Steiner v. Ideal Basic Industries, Inc.*, No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered $18 million).

- *Tucson Electric Power Derivative Litigation*, 2:89 Civ. 01274 TUC. ACM (corporation recovered $30 million).

- *Alleco Stockholders Litigation*, (Md.Cir.Ct. Pr. Georges County) (class recovered $16 million).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered $30 million).

- *In re Taft Broadcasting Company Shareholders Litigation*, No. 8897 (Del. Ch.) (class recovered $20 million).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP







- *In re Southland Corp. Securities Litigation*, No. 87-8834-K (N.D.Tex.) (class recovered $20 million).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered $30 million).

- *In re Warner Communications Securities Litigation*, No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered $17.5 million).

- *Joseph v. Shell Oil*, CA No. 7450 (Del. Ch.) (securities fraud) (class recovered $200 million).

- *In re Flight Transportation Corp. Securities Litigation*, Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered $50 million.).

- *In re Whittaker Corporation Securities Litigation*, CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered $18 million).

- *Naevus International, Inc. v. AT&T Corp.*, C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered $40 million).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered $45.2 million).

## REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

### FEDERAL APPEALS COURT OPINIONS

- *In re Pharmatrak, Inc. Privacy Litig.*, 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *Berger v. Compaq Computer Corp.*, 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *In re Bankamerica Corp. Securities Litigation*, 263 F.3d 795 (8th Cir. 2001).

- *Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *Brown v. Radica Games (In re Radica Games Securities Litigation)*, No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties*, 116 F.3d 1441 (11th Cir. 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation*, 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194 (1st Cir. 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994).

- *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990).

## FEDERAL DISTRICT COURT OPINIONS

- *Johnson v. Aegon USA, Inc.*, 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- *Freeland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation*, 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor, Inc. Securities Litigation*, 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.*, 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- *In re PerkinElmer, Inc. Securities Litigation*, 286 F. Supp. 2d 46 (D. Mass. 2003).

- *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *In re Comdisco Securities Litigation*, No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *City Partnership Co. v. Cable TV Fund* 14-B, 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation*, Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation*, 212 F.Supp.2d 828 (N.D. Ill. 2002)

- *In re Comdisco Securities Litigation*, 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation*, Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation*, 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill*, No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation*, 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry*, 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.*, 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.*, 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.*, 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation*, Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP







- *Stanley v. Safeskin Corp.*, Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation*, 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation*, 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation*, 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation*, 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation*, CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D.Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation*, 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation*, 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Nanophase Technologies Corp. Litigation*, 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation*, File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.*, 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation*, No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D.Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D.Ga. June 30, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11596 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.*, 186 F.R.D. 331 (M.D.N.C. 1999).

- *Walsingham v. Biocontrol Technology, Inc.*, 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation*, 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation*, 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation*, 999 F.Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re TCW/DW North American Government Income Trust Securities Litigation*, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP*, 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*, 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.*, Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation*, 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*, 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.*, 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- *Simon v. American Power Conversion Corp.*, 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.*, 96 Civ. 4412 (SAS), 1996 U.S.Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 941 F.Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation*, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation*, Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Painewebber Limited Partnership Litigation*, 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Zitin v. Turley*, [1991 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).

- *In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 151 F.R.D. 597 (W.D.N.C. 1993).

### STATE COURT OPINIONS

- *Naevus Int'l v. AT&T Corp.*, 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *Paramount Communications, Inc. v. QVC Network, Inc.*, 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation*, Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation*, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation*, Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company*, 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (N.C.S.Ct. 2000).

- *Wallace v. Wood*, 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson*, C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette*, Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation*, C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation*, Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).



- *In re Cheyenne Software Shareholders Litigation*, Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).



- *Seinfeld v. Robinson*, 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander*, 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

## NON-DISCRIMINATION POLICIES





Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination. The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960's by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 MADISON AVENUE
NEW YORK, NY 10016
TELEPHONE: 212-545-4600
TELECOPIER: 212-545-4653

WWW.WHAFH.COM

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
TELEPHONE: 619-239-4599
TELECOPIER: 619-234-4599

55 WEST MONROE STREET
SUITE 1111
CHICAGO, IL 60603
TELEPHONE: 312-984-0000
TELECOPIER: 312-984-0001

625 NORTH FLAGLER DRIVE
WEST PALM BEACH, FL 33401
TELEPHONE: 561-833-1776

1920 L STREET, N.W., SUITE 400
WASHINGTON, DC 20036
TELEPHONE: 202-783-6091
TELECOPIER: 202-350-5908

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

In re Ibis Technology Securities Litigation | C.A. No. 04-10446 (RCL)

---

### DECLARATION OF THOMAS G. SHAPIRO IN SUPPORT OF
### JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS
### FILED ON BEHALF OF SHAPIRO HABER & URMY LLP

I Thoms G. Shapiro hereby declares pursuant to 28 U.S.C. §1746 and under the penalty of perjury:

1.    I am a partner of the law firm of Shapiro Haber & Urmy LLP. I submit this declaration in support of my firm's application for an award of attorneys' fees in connection with services rendered in the above-captioned action (the "Action"), as well as the reimbursement of expenses incurred by my firm in connection with the Action.

2.    My firm served as liaison counsel and assisted throughout the litigation

3.    We seek reimbursement only for the time which lead counsel, the Law Offices Bernard M. Gross, P.C., specifically requested that we incur in relation to the Action, and related expenses.

4.    The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by the partners, attorneys and professional support staff of my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. For personnel who are no longer employed by my firm, the lodestar calculation is based upon the billing rates for equivalent level personnel currently employed

by my firm. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5.     The hourly rates for the partners, attorneys and professional support staff in my firm included in Exhibit 1 are the same as the regular current rates charged for their services in non-contingent matters and/or which have been accepted and approved in other securities or shareholder litigation.

6.     The total number of hours expended on this litigation by my firm is 133.3 hours. The total lodestar for my firm is $63,229, consisting of $62,621 for attorneys' time and $608 for professional support staff time.

7.     My firm's lodestar figures are based upon the firm's current billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

8.     The schedule attached as Exhibit 2 is a detailed summary of the firm's expenses in connection with the prosecution of this litigation, for which we seek reimbursement. The total of the un-reimbursed expenses is $1,115.13.

9.     The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of the expenses incurred.

10.     Attached hereto as Exhibit 3 is a brief biography of my firm and attorneys in my firm who were principally involved in this litigation.

Signed under the pains and penalties of perjury this 30th day of March, 2007.

_____
Thomas G. Shapiro

EXHIBIT 1

## Exhibit 1

### SHAPIRO HABER & URMY LLP

Time from inception to current date.

| Name | Total Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Attorneys: | | | |
| Edward F. Haber | 0.6 | $640 | $      384.00 |
| Theodore Hess-Mahan | 104.9 | 450 | 47,205.00 |
| Thomas G. Shapiro | 23.2 | 640 | 14,848.00 |
| Adam M. Stewart | 0.8 | 230 | 184.00 |
| Total Attorneys | | | $62,621.00 |
| | | | |
| Paralegals: | | | |
| Carmen Iguina | 0.6 | 160 | 96.00 |
| Alyssa Petroff | 3.2 | 160 | 512.00 |
| Total Paralegals | | | 608.00 |
| | | | |
| **FIRM GRAND TOTAL** | | | $63,229.00 |

EXHIBIT 2

**Exhibit 2**

SHAPIRO HABER & URMY LLP

Expenses from inception to current date.

| Category | Amount |
|---|---|
| Computer Research | $   83.83 |
| Delivery/Courier | 146.76 |
| Facsimiles | 80.50 |
| Filing Fees | 600.00 |
| In-house duplicating | 106.80 |
| Meals | 24.19 |
| Postage | 23.21 |
| Service of Subpoena | 36.00 |
| Telephone | 13.84 |
| **TOTAL** | **$1,115.13** |

EXHIBIT 3

Exhibit 3

*SHAPIRO HABER & URMY LLP*

*FIRM RESUME*

Shapiro Haber & Urmy LLP is a nine lawyer firm based in Boston, Massachusetts that concentrates in the litigation of complex civil actions, particularly class and derivative actions. It has represented investors in a number of significant securities fraud actions. The firm has won multimillion dollar jury verdicts and arbitration awards for defrauded investors. The firm has extensive experience in both trials and appeals in state and federal courts.

The firm has represented investors in many notable instances of financial fraud, including Enron Corp., Centennial Technologies, Kendall Square Research Corp., Cambridge Biotech Corp., Kurzweil Applied Intelligence and Bank of New England. The firm has also litigated cases against such major companies as Fidelity Investments, Credit Suisse First Boston, John Hancock Insurance Company, Digital Equipment Corporation, Bank of Boston, Fleet Bank, Lotus Development Corporation, Polaroid Corporation and others.

The firm has been awarded the "AV" rating by the Martindale-Hubbell Law Directory, which is given only to those who have earned a very high measure of professional esteem and have adhered to the highest ethical standards in the legal profession. The firm's website is located at www.shulaw.com.

Brief biographies of the attorneys who worked on this case are as follows:

**Thomas G. Shapiro**

Mr. Shapiro graduated from Harvard College (*magna cum laude*) in 1965 and from Harvard Law School (*cum laude*) in 1969. Mr. Shapiro is well known for his expertise and experience in securities litigation. He has been a faculty member in continuing legal education programs concerning securities litigation sponsored by the Practicing Law

Institute, ALI-ABA, Massachusetts Continuing Legal Education, Massachusetts Academy of Trial Attorneys and the Boston Bar Association. Mr. Shapiro has lectured on securities litigation issues for the American Corporate Counsel Association and at a NASDAQ Financial Executive Conference for senior officers of NASDAQ companies. Mr. Shapiro was also on the faculty of the Flaschner Judicial Institute's seminar for Massachusetts Superior Court judges on the Trial and Management of Complex Cases.

Mr. Shapiro is the author of the chapter "Depositions in Class Actions" in *Massachusetts Deposition Practice Manual*, published by Massachusetts Continuing Legal Education in 1992, and co-author of *Securities Litigation in the Aftermath of In Re Data Access Securities Litigation*, 24 New. Eng. L. Rev. 537 (1990). He served as the first Chairman of the Federal Practice Committee of the Massachusetts Bar Association. He is a member of the bar of the Commonwealth of Massachusetts, the United States District Court for the District of Massachusetts, the United States Court of Appeals for the First Circuit, and the Supreme Court of the United States.

**Edward F. Haber**

Mr. Haber graduated from Cornell University in 1966 and from Harvard Law School (*cum laude*) in 1969. Upon graduation from Harvard Law School, he taught at the Boston College Law School during the 1969-1970 academic year. In 1988 and 1990, he was on the faculty of the New England Federal Securities Regulation Institute, sponsored by the American Law Institute/American Bar Association Committee on Continuing Professional Education. In April, 1992, he was on the faculty of the Massachusetts Bar Association's seminar on the Fundamentals of Securities Arbitration. He is a member of the bar of the Commonwealth of Massachusetts, the Supreme Court of the United States, the United States Courts of Appeals For the First and Seventh Circuits and the United States District

Courts for the Districts of Massachusetts, the Central District of Illinois and the Eastern District of Michigan.

**Theodore Hess-Mahan**

Mr. Hess-Mahan is a 1981 graduate of Tufts University and a 1990 graduate of Suffolk University Law School (*cum laude*). Upon graduation from law school, he worked as a law clerk to The Honorable Francis P. O'Connor, Associate Justice of the Supreme Judicial Court for the Commonwealth of Massachusetts. He was an associate with the firm of Ropes & Gray from 1991 to 1997. Mr. Hess-Mahan joined Shapiro Haber & Urmy as an associate in May 1997 and left the firm in February 2007. He is a member of the bar of the Commonwealth of Massachusetts, the Supreme Court of the United States, the United States Court of Appeals for the First Circuit, and the United States District Court for the District of Massachusetts.

**Adam M. Stewart**

Mr. Stewart is a 2001 graduate of Northeastern University *(magna cum laude)* and a 2004 graduate of Suffolk University Law School *(magna cum laude)*. He was a law clerk to the Justices of the Massachusetts Superior Court from 2004 to 2005. He is the author of *The Silent Domino: Allowing Pre-Arrest Silence As Substantive Evidence of Guilt and The Possible Effect on Miranda,* 37 Suffolk Univ. L. Rev 189 (2004). He is a member of the Bar of the Commonwealth of Massachusetts.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE IBIS TECHNOLOGY SECURITIES LITIGATION | : : : : : | Civ No. 04-10446 RCL |

## DECLARATION OF KENNETH A. ELAN IN SUPPORT OF JOINT PETITION FOR ATTORNEYS' FEES AND DISBURSEMENTS FILED ON BEHALF OF LAW OFFICE OF KENNETH A. ELAN

KENNETH A. ELAN hereby declares pursuant to 28 U.S.C. §1746 and under the penalty of perjury:

1.    I am a sole practitioner duly admitted to practice law in the State of New York.  I submit this Declaration in support of my application for an award of attorneys' fees in connection with services rendered in the above-captioned action (the "Action").

2.    I am the attorney for **Martin Smolowitz,** a named plaintiff in the Action.

3.    I seek reimbursement only for the time which lead counsel, the Law Offices of Bernard M. Gross, P.C., specifically requested that I incur in relation to the Action. These tasks included: meetings with my client; fact and legal research concerning the alleged misstatements made in public filings by Ibis; and assistance in the preparation of Plaintiff's memorandum of law in opposition to Defendants' motion to dismiss.

4.    The schedule attached hereto as Exhibit 1 is a detailed summary indicating the amount of time spent by Joseph P. Garland and your Declarant, the attorneys who were involved in this litigation, and the lodestar calculation based on our respective current billing rates.  The schedule was prepared from contemporaneous, daily time records regularly prepared and

maintained by me, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

5.    The hourly rates for Mr. Garland and your Declarant are the same as the regular current rates charged for our services in non-contingent matters and/or which have been accepted and approved in other securities or shareholder litigation.

6.    The total number of hours expended on this litigation by this office is 35.60 hours. The total lodestar for my office is $17,420.00, consisting of attorneys' time.

7.    The lodestar figure is based upon current billing rates for Mr. Garland and your Declarant, which rates do not include charges for expense items. Since your Declarant did not incur any material expenses in the Action, no request is made for reimbursement.

8.    Attached hereto as Exhibit 2 are brief biographies of Mr. Garland and your Declarant.

9.    I declare under penalty of perjury that the foregoing is true and correct.

Executed: __3/13/07__

_____
                KENENTH A, ELAN

EXHIBIT 1

## LAW OFFICE OF KENNETH A. ELAN
## TIME REPORT

### TIME  December 2003-August 2006

| Attorney | Rate | | Time | Lodestar |
|---|---|---|---|---|
| Kenneth A. Elan | $525/ | Hr. | 10.2 | $ 5,355.00 |
| Joseph P. Garland | $475/ | Hr. | 25.4 | $12,065.00 |

| | | | | |
|---|---|---|---|---|
| **Total Attorneys** | | | **35.6** | **$17,420.00** |

**Paralegals**

| | |
|---|---|
| **Total Paralegals** | |
| **Total Fees** | **$17,420.00** |

Biography of Kenneth A. Elan

## BIOGRAPHY OF KENNETH A. ELAN

Kenneth A. Elan is a graduate of The American University where he received a B.S. in Political Science in 1974. He received his Juris Doctor from the University of Baltimore School of Law in 1977. Mr. Elan was admitted to the Bar of the State of New York and to the United States District Court for the Southern and Eastern Districts of New York in 1978. He was admitted to the Bar of the Court of Appeals for the Third Circuit and Second Circuit in 2000 and 2001 respectively.

Mr. Elan is a member of the New York County Lawyers Association and formerly a member of its Committee on Corporation Law. He was an Adjunct Professor in the Accounting Department of the City University of New York (Queens College) for more than twelve years.

Mr. Elan was associated with the firms of Schoengold & Sporn and Rabin & Silverman from 1978 to 1982, where he specialized in the prosecution of class and derivative actions as well as general corporate and commercial litigation. Mr. Elan was associated with the firms of Silverman & DiGiovanna and Dornbush Mensch Mandelstam & Silverman from 1982 to 1986. While continuing to represent clients in a variety of commercial actions, he devoted substantial time to general corporate work including preparation of registration statements, proxy statements and other SEC and related State Law (blue sky) matters.

Mr. Elan has been a sole practitioner since February 1986. He has continued to specialize in corporate and commercial litigation. He has represented numerous clients in the prosecution and defense of complex corporate and commercial cases. For example, Mr. Elan defended the investment banking firm of Norbay Securities and its principals in the securities class action, Brownstein v. Entourage International Inc., 87 Civ. 0953 (S.D.N.Y. 1987). Mr. Elan

-1-

Biography of Kenneth A. Elan

defended the investment banking firm of Sherman Fitzpatrick & Co. and several individuals in the securities class action, <u>Lazzaro v. Manber</u>, 87 Civ. 2153 (E.D.N.Y. 1987). Mr. Elan defended the investment banking firm of Donald & Co. Securities, Inc. in the class action, <u>Walsh v. Donald & Co. Securities, Inc.</u>, 96-1154 (M.D. Fla. 1996). Mr. Elan defended several corporate officers affiliated with Teltran International, Inc., a publicly held company, in an action alleging, *inter alia,* fraud and breach of fiduciary. <u>Revy v. Lerner, et al.</u>, 118854/02 (Supreme Court, New York County).

Mr. Elan defended I.C. System, Inc., one of the largest debt collection companies in the United States, in <u>McStay v. I.C. System, Inc.</u> In a case of first impression, the Court of Appeals held that the validation notice required by Section 1692(g) of the Fair Debt Collection Practices Act does not have to appear on the front side of a debt collection letter provided there is a prominent instruction in the body that warns that there is important information on the reverse side. 308 F.3d 188 (2d Cir. 2002).

Recently, Mr. Elan was counsel to the class in <u>George Apostol v. Guthy-Renker Corporation</u>, 106052/06 (Supreme Court/New York County), an action alleging that the refund policy for the defendant's skin care product was false and misleading since it omitted to tell consumers that the product had to be returned unopened in order to qualify for a refund. As a result of a settlement (approved on February 5, 2007 by the Hon. Helen E. Freedman), class members received a 100% refund of the price paid for the product. Additionally, the defendant agreed to change its policy in order to permit refunds where the product was opened before being returned.

Mr. Elan was counsel to the class in <u>Mary Ann Apostol v. Washington Mutual Bank, FA,</u>

-2-

Biography of Kenneth A. Elan

111549/04 (Supreme Court/New York County), an action alleging that the defendant, a nationwide lender, collected fees from cooperative apartment owners to record satisfactions of lien ("UCC-3s") but did not remit the fees to the proper county authorities. As a result of a settlement (approved in September 2006 by the Hon. Ira Gammerman), class members received the return of approximately 84% of their out of pocket loss. Moreover, the defendant changed its form of payoff letter to notify cooperative apartment owners that they are not required to pay the recording fee.

Mr. Elan was counsel to the class in Youngman v. MBNA Corp., 91 Civ. 1823 (S.D.N.Y. 1991), an action brought under the Federal Truth in Lending Act. As a result of a favorable settlement, the defendant, one of the largest credit card issuers in the United States, substantially modified its credit card agreement with its customers. Mr. Elan was co-lead counsel in Feinberg v. Dean Witter Reynolds Inc., 118682/92 (Supreme Court, New York County), an action brought on behalf of persons with inactive brokerage accounts. The action resulted in a settlement in excess of $2 million. Mr. Elan was co-lead counsel in Shark 3 Audio, Inc. v. Leasecomm Corp., 95-600531 (Supreme Court, New York County), a class action brought on behalf of certain personal property lessees. A favorable settlement was attained following a grant of summary judgment on the issue of liability.

Cases where Mr. Elan was co-counsel or otherwise represented plaintiffs in securities class actions include, In re YES! Entertainment Securities Litigation, 1998 WL 667863 (N.D. Cal. 1998); Baffa v. Donaldson, Lufkin & Jenrette Securities Corp., 999 F. Supp. 725 (S.D.N.Y. 1998) ; In re Norand Corporation Securities Litigation, C95-323-EJM (N.D.Iowa 1995); and In re Cendant Corporation Securities Litigation, 264 F.3d 201 (3d Cir. 2001).

Biography of Kenneth A. Elan

Mr. Elan was co-counsel and, among other things, assisted in writing the Respondent's brief in <u>Verizon Communications, Inc. v. Trinko</u>, 540 U.S. 398 (2004), where the Supreme Court discussed the applicable standards and interplay between causes of action under the Sherman Act and Telecommunications Act of 1996. Mr. Elan has briefed and/or argued points of law in numerous lower court cases including the existence of an implied cause of action under Section 1701 of the Housing and Urban Development Act, as amended, in <u>Williams v. U.S. Department of Housing and Urban Development</u>, 2006 WL 2546536 (E.D.N.Y. 2006); the standards to vacate a default judgment under Rule 60(b), Fed. R. Civ. P. in <u>New Card, Inc. v. Van Dijke</u>, 137 Fed.Appx. 384 (2d Cir. 2005); the statute of limitations under New York law in an action alleging libel and slander in <u>O'diah v. New York City</u>, 2002 WL 1941179 (S.D.N.Y. 2002); the applicability of an arbitration provision in a credit card agreement where an action is brought on a class-wide basis under the Federal Truth in Lending Act in <u>Sagal v. First USA Bank, N.A.</u>, 69 F. Supp. 2d 627 (D. Del. 1999); and, the parties covered under the Telecommunications Act of 1996 in <u>Chladek v. Verizon N.Y. Inc.</u>, 96 Fed.Appx. 19 (2d Cir. 2004).

Mr. Elan was one of just a small group of attorneys representing the plaintiffs in the <u>Brand Name Prescription Drug Antitrust Litigation</u> and <u>In re Visa Check/Master Money Antitrust Litigation</u>. See, 297 F. Supp.2d 503 (E.D.N.Y. 2005). The latter case resulted in the largest antitrust settlement in history.

Mr. Elan is presently representing plaintiffs in numerous class cases throughout the United States including <u>Franklin v. Sanofi-Aventis</u>, 1:06 CV 295 (S.D. Ohio 2006), an antitrust action seeking damages against certain drug manufacturers for conspiring to keep a generic version of the drug, Plavix, out of the market; <u>Zelman v. JDS Uniphase Corporation</u>, 2005 WL

-4-

Biography of Kenneth A. Elan

2562628 (N.D.Cal. 2005), an action under Section 10(b) of the Securities Exchange Act alleging

that the corporate defendant improperly inflated its financial results; and In re Nortel Networks

Corp. "ERISA" Litgation, MDL No. 3:03-MD-1537 (M.D. Tenn. 2003), an action brought on

behalf of employees of the corporate defendant to recover for losses sustained in their pension

accounts.

# Law Office of Joseph P. Garland

275 Madison Avenue
New York, New York 10016
jpgarlandlaw.com

Telephone: 212/213-1812
Cell: 914/912-7858
JPGarland@Earthlink.net

Joseph Garland's practice before opening his own office was as a litigation associate and partner at several New York firms, including Rabin & Garland. He was admitted to practice in the State of New York in 1982 and to the bars of the Eastern and Southern Districts of New York in 1983 and the United States Courts of Appeals for the Second and Third Circuits in 2001 and 2000. He has argued appeals before the Second and the Third Circuits and the First and Second Departments, as well as motions before federal district courts throughout the United States. He recently tried a contract dispute related to the provision of telephone service in the United States Bankruptcy Court for the Southern District of New York. He was solely responsible for a jury trial in the U.S. District Court for the Middle District of Pennsylvania and for a bench trial in the Northern District of Indiana, and was second-chair for a securities class action jury trial in the Northern District of Illinois. He is a member of the Telecommunications Committee of the New York City Bar Association. He is Of Counsel to Rabin & Peckel, LLP in New York.

In May 1981, Mr. Garland received his J.D. degree from Columbia Law School, in New York, where he was a Harlan Fiske Stone Scholar in each of his three years. He graduated with a B.A. cum laude and highest honors from Manhattanville College in Purchase, New York in May 1978.

In recent years, Mr. Garland has represented clients involved in commercial litigation as well as in the provision of legal advice regarding business practices and contractual documentation, including telecommunications companies, a firm providing peering services for VoIP providers, an employee seeking a commission in excess of $500,000, an advertising and promotional firm in litigation with competitors, and a company alleged to have violated the federal Electronic Communications Privacy Act. He has advised a record store with respect to potential claims by a recording studio and by a movie production company. He represented a company providing information over the telephone in an antitrust and First Amendment claim against an incumbent local exchange carrier and the New York State Public Service Commission as well as an internet service provider in disputes with the provider of access to high-speed lines. He also obtained asylum in the U.S. after a trial on behalf of a Liberian national, which he handled as a pro bono matter.

Mr. Garland has broad experience in federal commercial class actions. These include a series of antitrust & telecommunications cases:

*Law Offices of Curtis V. Trinko v. Bell Atlantic/Verizon v. Law Offices of Curtis V. Trinko* (U.S. Sup. Ct., 2d Cir., S.D.N.Y.): A class case that alleges Bell Atlantic violated the Federal Communications Act and the Sherman Act with respect to the provision by competitors of local telephone service. Mr. Garland successfully argued the appeal of the dismissal of the case to the Second Circuit, which in June 2002 became the first appellate court in the United States to permit antitrust claims to go forward for anti-competitive conduct by a Baby Bell that occurred after the enactment of the Telecommunications Act of 1996 and also ruled that customers of Baby Bell competitors had standing to assert Communications Act and Sherman Act claims, 305 F.3d 89 (2d Cir. 2002). The Supreme Court, however, reversed the decision insofar as it permitted the antitrust claims to go forward. 540 U.S. 398 (2004).

*Todd v. Exxon* (2d Cir./S.D.N.Y./D.N.J.): A putative class action in which the Second Circuit reversed a dismissal of the case in another well-publicized December 2001 decision, 275 F.3d 191 (2d Cir. 2001). The case asserts that the manner in which the major oil companies participate in salary surveys was a violation of the Sherman Act and resulted in employees of Exxon Corp. receiving reduced salaries. Mr. Garland is one of the two lawyers who initiated the case, which is now pending as part of an MDL proceeding in the District of New Jersey.

*In re Westchester County Commercial Solid Waste* (S.D.N.Y.): Mr. Garland had significant responsibility in a case, recently settled for over $13 million, that alleged that the major commercial waste haulers in Westchester County, New York, engaged in a customer allocation scheme in violation of the Sherman Act.

Among Mr. Garland's other antitrust class actions are ones claiming illegal tying arrangements by Visa and MasterCard to merchants (settled for $3 billion plus prospective relief) (E.D.N.Y.), conspiracy among auto manufacturers to restrict the importation of new vehicles into the United States from Canada (D. Me.), price-fixing by the major cigarette manufacturers (N.D. Ga.), and anti-competitive restrictions imposed upon retailers of disposable contact lens (M.D. Fla.). He is also counsel for plaintiffs in a number of antitrust class actions pending throughout the United States against incumbent local exchange carriers.

While at Rabin & Garland, Mr. Garland had responsibility for numerous securities class actions, among them, *Haftel v. Riebman* (AEL Industries Inc.) (Pa. Ct. of Common Pleas), *In re Cobra Industries Inc. Sec. Litig.* (N.D. Ind.), *Malone v. Microdyne* (4th Cir. & E.D. Va.); *Nathan Gordon Trust v. Northgate Exploration Ltd.* (S.D.N.Y.); *Schwartz v. System Software Associates* (7th Cir./N.D. Ill.); and *Bank v. Pitt* (Telematics) (S.D. Fla.).

As to other types of federal class actions, Mr. Garland has had significant responsibility in

*Garb v. Poland* (2d Cir./E.D.N.Y.), which was brought on behalf of Jews whose property was allegedly taken in violation of international law by the Polish Government after World War II. A motion to dismiss, argued for plaintiffs by Mr. Garland and another lawyer, was granted on sovereign immunity grounds. The Second Circuit affirmed the dismissal.

M r. Garland has published three articles. He is the co-author of THE INSTITUTIONAL INVESTOR'S ROLE AS LEAD PLAINTIFF: WATCH YOUR BACK OR YOU MAY PAY DEARLY, WILLAMETTE MANAGEMENT ASSOCIATES INSIGHT (Aug. 2006), which addresses the duties of institutional investors appointed as lead plaintiffs in securities class actions, and of SUBJECT MATTER JURISDICTION UNDER THE FEDERAL SECURITIES LAWS: THE STATE OF AFFAIRS AFTER ITOBA, 20 MARYLAND JOURNAL OF INTERNATIONAL LAW & TRADE 235 (Fall 1996), which discusses the standards applied to determine whether foreign securities transactions are subject to American anti-fraud securities laws. He is the author of ÜBERSICHT ÜBER DAS WETTBEWERBSRECHT DER VEREINIGTEN STAATEN VON AMERIKA (OVERVIEW OF THE ANTITRUST LAWS OF THE UNITED STATES OF AMERICA), 19 Der kaufmännische Geschäftsführer (1986) (translated into German), which appeared in a West German publication and provided general guidance to businessmen and firms concerning the impact of American antitrust law on their activities in the U.S.