# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

---

IN RE IBIS TECHNOLOGY    )
SECURITIES LITIGATION    )    **C.A. No. 04 cv 10446 RCL**
    )

---

## MEMORANDUM IN SUPPORT OF
## LEAD PLAINTIFFS' MOTION FOR FINAL DISTRIBUTION OF
## SETTLEMENT FUND, ACCEPTANCE OF
## AUTHORIZED CLAIMS AND APPROVAL OF PAYMENT OF
## TAXES AND ADMINISTRATION EXPENSES AND FEES

Lead Plaintiffs, by their undersigned counsel, submit this memorandum in support of their motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for entry of an order providing for the distribution of the settlement funds created by the settlement of this Action. The proposed order, *inter alia*, (I) approves the administrative determinations made by the Claims Administrator with respect to the proof of claims submitted in this Action; (ii) directs payment of fees and expenses to the Claims Administrator from the Settlement Fund; (iii) directs payment of future taxes and brokerage fees from the Settlement Fund; (iv) directs distribution of the Net Settlement Fund to Class members whose proof of claims have been approved; and (v) provides for the disposition of unclaimed funds, if any, that remain after distribution to members of the Class.

Pursuant to the Court-approved settlement of this action, including the Plan of Distribution of the Net Settlement Fund, and entry of the Order and Final Judgment of Dismissal with Prejudice of Class Action, the Claims Administrator, Valley Forge Administrative Services, Inc., has processed all of the proof of claim forms submitted and has made an administrative determination as to whether each proof of claim is accepted

or rejected.  *See*, Supplemental Affidavit of Michael B. Miller, Vice President of the Claims Administrator, with exhibits, submitted herewith ("the Miller Affidavit").

The Claims Administrator received 232 proof of claim forms.   The Claims Administrator has determined that 123 of the proof of claim forms received are valid and acceptable.   These 123 proof of claim forms have an aggregate Recognized Loss of $2,087,774.80.  Miller Affidavit, ¶ 5.  Included in the 123 approved proof of claim forms are eight proof of claim forms with an aggregate Recognized Loss of $351,621.00, which were received by the Claims Administrator after the submission deadline but before claims processing had been completed and which the Claims Administrator has determined are otherwise valid and acceptable.  Miller Affidavit ¶ 9.  Lead Counsel believes that when the equities are balanced, these claims should be accepted, particularly where claimants must rely on the mails to receive necessary information and the time involved in researching trades for historical time periods.  Accordingly, it is respectfully requested that this Court approve the administrative determination to accept these eight proof of claims and that all123 proof of claim forms be approved for payment.

Exhibits B and D to the Miller Affidavit list the 109 proof of claim forms which the Claims Administrator has administratively determined should be rejected and the reason for the determination, including 31 proof of claim forms that were received after the filing date and were otherwise unacceptable.  Each person who submitted a claim that was being rejected was notified of the rejection and given ample opportunity to correct the deficiency and/or establish the acceptability of the claim.  Miller Affidavit ¶¶ 6, 8.  None of the persons whose proof of claim forms was rejected has contested the determination of the Claims Administrator.   Miller Affidavit ¶ 7.   Lead Plaintiffs respectfully request that the Court

approve the determinations of the Claims Administrator with respect to the rejection of these 109 proof of claim forms, as set forth in Exhibits B and D to the Miller Affidavit.

In order to finalize the claims processing and make distribution, Lead Plaintiffs further request, and the proposed order so provides, that any proof of claim form received after February 5, 2008 be automatically rejected.

The Claims Administrator has incurred fees and costs in connection with the administration of the Settlement in the amount of $55,244.11. Miller Affidavit ¶ 10. Lead Plaintiffs request that the Court authorize payment of that amount from the settlement fund to the Claims Administrator.

The settlement fund has been invested since it was paid pursuant to the Order and Final Judgment. As of February 21, 2008, when the current investment matures, the balance in the settlement fund will be $1,258,385.73. Additional expenses to be deducted from the Settlement Fund before distribution to class members include small amounts for taxes and final fees in connection with the investment of the Settlement Fund. Thus, the 123 approved claimants will receive approximately 57% of their Recognized Losses.

In order to allow the final distribution of the Net Settlement Fund it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.

It is expected that not all of the checks to be distributed to approved class members will be cashed promptly. In order to encourage class members to promptly cash their checks and to avoid or reduce future expenses relating to unpaid checks, we propose that all the distribution checks bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER ISSUE DATE." Lead Plaintiffs respectfully request that Lead Counsel and the Claims Administrator be authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check after this 120 day period, with the out of pocket costs of such services to be payable from any unclaimed/uncashed monies remaining in the Net Settlement Fund.

Lead Plaintiffs further request, and it is provided in the proposed order, that to the extent any unclaimed monies remain after distribution of the settlement funds, due to, *e.g.*, failure to negotiate claim checks, such monies be donated, without further order of the Court, to the Boston Bar Foundation and the Philadelphia Bar Foundation, in equal amounts. This will facilitate the final resolution of the distribution and permit the fling of final tax returns and the closure of all accounts.

Accordingly, it is respectfully submitted that Lead Plaintiffs' motion be granted in all respects and the form of Order attached herewith as Exhibit A be entered.

Dated: February 7, 2008

Respectfully submitted,

s/Thomas G. Shapiro
Thomas G. Shapiro (BBO #454680)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
(617) 439-3939

Liaison Counsel for Lead Plaintiffs

Robert P. Frutkin
**LAW OFFICES BERNARD M.
GROSS, P.C.**
Suite 450, Wanamaker Bldg.
100 Penn Square East
Philadelphia, PA 19102
(215) 561-3600

Lead Counsel for Lead Plaintiffs

### Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as nonregistered participants on the 7th day of February, 2008.

/s/Thomas G. Shapiro
Thomas G. Shapiro