UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **IN RE IBIS TECHNOLOGY**<br>**SECURITIES LITIGATION** ) )<br>) | C.A. No. 04 cv 10446 RCL |

ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**WHEREAS**, on April 26, 2007, this Court entered the Order And Final Judgment Of Dismissal With Prejudice Of Class Action in the above-referenced class action ("the Action"); and

**WHEREAS**, this Court has retained jurisdiction of the Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE**, upon the Memorandum In Support Of Lead Plaintiffs' Motion For Final Distribution Of Settlement Fund, Acceptance Of Authorized Claims And Approval Of Payment Of Taxes And Administration Expenses and Fees, the Supplemental Affidavit of Michael B. Miller on behalf of the Claims Administrator, Valley Forge Administrative Services, Inc. (the "Miller Affidavit") and the Exhibits thereto, and upon all prior proceedings herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the proof of claim forms and calculating the Recognized Loss of each such proof

of claim form, as set forth in Exhibits A and C to the Miller Affidavit are approved and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the proof of claim forms as set forth in Exhibits B and D to the Miller Affidavit are approved and said proof of claim forms are hereby rejected; and it is further

**ORDERED**, that the Claims Administrator shall file all applicable tax returns in connection with the administration or taxation of the Settlement Fund and pay all applicable taxes from the Settlement Fund; and it is further

**ORDERED**, that the Claims Administrator shall be paid the sum of $55,244.11 from the Settlement Fund for fees and in reimbursement of its expenses incurred and to be incurred in connection with the administration and final disbursement of the Net Settlement Fund, as detailed in Exhibit E to the Miller Affidavit; and it is further

**ORDERED**, the balance of the Settlement Fund after deducting the payments previously allowed and authorized herein shall be distributed to the approved claimants listed in Exhibits A and C to the Miller Affidavit in proportion to each approved claimant's Recognized Loss; and it is further

**ORDERED**, that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 120 DAYS AFTER ISSUE DATE." Lead Counsel for Lead Plaintiffs and the Class and the Claims Administrator are authorized to take appropriate action to locate and or contact any approved claimant who has not cashed his, her or its check within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that no claim that may be submitted after February 5, 2008 may be accepted for any reason whatsoever; and it is further

**ORDERED,** that all remaining unclaimed funds shall be contributed to the Boston Bar Foundation and the Philadelphia Bar Foundation, in equal amounts, without further order of the Court; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all class members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order; and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action.


Dated:_____, 2008              **BY THE COURT:**


                                     _____
                                     **Honorable Reginald C. Lindsay**
                                     **United States District Judge**